John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax:  (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
527 Mendocino Avenue Ste. B
Santa Rosa, CA 95401
Tel: (707) 595-4414
Fax: (707) 851-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiff, DANE ZEEN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANE ZEEN<br><br>         Plaintiff,<br>v.<br><br>COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive.<br><br>         Defendants. | Case No:  3:17-cv-02056-LB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:  June 29, 2017<br>Time:  9:30 a.m.<br>Courtroom:  C, 15th Floor |

## I. INTRODUCTION

Plaintiff has not had the benefit of seeing the video of the incident he believes is in the possession of the defendants. However, based on information obtained to date he believes that defendant Michael Yoder was the primary person who caused his injuries. He also believes that defendant Charles Blount was, at the very least, an integral participant in the event.

The issue raised in this motion to dismiss was raised by the defendants in *Wright v. Santa Cruz*, 2014 U.S. Dist. LEXIS 6783 (N.D. Cal. Jan. 17, 2014) Judge Lucy Koh held that a motion to dismiss under these circumstances should be denied.

> . . .**[T]he FAC alleges numerous specific facts to support Plaintiffs' claims that their rights were violated even though Plaintiffs cannot, at this stage, identify which exact individuals were involved in those violations**. As for *Jones* and *Chuman*, neither decision addresses a plaintiff's burden at the pleading stage, as both involved appeals following jury trials. See *Jones*, 297 F.3d at 933-34; *Chuman*, 76 F.3d at 293-94. Moreover, both cases involved the question of whether individual officers may be held liable as a group in the absence of a finding of individual wrongdoing. See *Jones*, 297 F.3d at 935; *Chuman*, 76 F.3d at 294-95. There is no indication that Plaintiffs in the instant case seek to hold any defendant liable absent a showing of individual wrongdoing; rather, **Plaintiffs simply require discovery in order to more precisely identify which defendant allegedly committed which wrongful acts.** The Court therefore DENIES the City's Motion to Dismiss the FAC for failure to identify the specific acts allegedly committed by individual City employees.

Id. at 12-13 (emphasis added).

## II. ARGUMENT

### A. Applicable Law – Rule 8.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has consistently held that the "notice pleading" requirements of Rule 8 apply to most civil actions, particularly complaints brought under § 1983 alleging municipal liability. *Swierkiewicz v. Sorema*, 534 U.S. 506, 513 (2002).

The Supreme Court has also held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The issue is whether the plaintiffs are entitled to offer evidence to support the claims, not whether based on a complaint's allegations the will prevail as a matter of law. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974) (quotations omitted).

To state a cause of action under 42 U.S.C. Section 1983, a plaintiff must allege facts to put defendants on notice of a constitutional violation that was committed under color of state law. *Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012). However, "a plaintiff is not expected to plead evidence or specific factual details not ascertainable in advance of discovery." *See Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986). "Civil rights plaintiffs . . . have never been expected to plead their evidence or specific factual details not ascertainable before discovery has taken place." *San Jose Charter of the Hell's Angels Motorcycle Club v. City of San Jose*, No. 09-20022, 1999 U.S. Dist. LEXIS 21440, 1999 WL 1211672, at *12 (N.D. Cal. Dec. 6, 1999). The Ninth Circuit permits plaintiffs to amend to identify individuals and their roles as they become known through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

To dismiss a complaint without affording a plaintiff the opportunity to discover the identity of unknown defendants in a jail setting who violated constitutional rights is reversible error**.** See *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Slider v. City of Oakland*, No. 08-4847, 2009 U.S. Dist. LEXIS 30318, 2009 WL 799397, at *3 (N.D. Cal. Mar. 24, 2009). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

### B. The Integral Participation Doctrine.

The Ninth Circuit has consistently held that the integral-participation doctrine does *not* require that each officer's conduct individually violate the Constitution to expose that officer to liability, no less to put him *on notice* of a claim. Rather, this doctrine "extends liability to those

- 2 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

actors who were integral participants in the constitutional violation, **even if they did not directly engage in the unconstitutional conduct themselves**." *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009) (emphasis added). This requires "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (citing *Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004). Integral participation may also be based on allegations of joint restraint.

> Green's assertion of excessive force is not premised solely on the pointed weapons but also on the fact that she was held at gunpoint **while she was otherwise restrained**. The only reason Sergeant Kim was not pointing his weapon at Green while she was restrained is that he was the one restraining her. **Even if Sergeant Kim was not one of the officers actually holding Green at gunpoint once she was restrained, he was plainly an active participant in this activity and a jury could find that he was an "integral participant" under Blankenhorn.**

*Green v. City & County of San Francisco*, 751 F.3d 1039, 1051 (9th Cir. 2014) (emphasis added).

### III. CONCLUSION

For these reasons the motion to dismiss should be denied. Alternatively, plaintiff should be given leave to amend.

**SCOTT LAW FIRM**

Dated: May 31, 2017

/s/ John Houston Scott
John Houston Scott
Attorney for Plaintiff