United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DANE ZEEN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 17-cv-02056-LB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 8 |

In his complaint, the plaintiff alleges that two Sonoma County deputy sheriffs used excessive force when they responded to a call to conduct a welfare check on him and injured him, allegedly causing a concussion, a nasal deformity, three fractured teeth requiring surgery and a bone graft, facial lacerations requiring stitches, and other injuries.[1] One of the two deputies — Deputy Charles Blount — moves to dismiss the complaint on the ground that it does not allege facts sufficient to state a claim against him.[2] The court finds that it can decide the matter without oral argument, *see* Civ. L. R. 7-1(b), and denies the motion.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon

---

[1] Complaint – ECF No. 1, ¶¶ 11–15. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Motion – ECF No. 8 at 1–2.

ORDER – No. 17-cv-02056-LB

1  which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 555 (2007). A
2  complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the
3  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic
4  recitation of the elements of a cause of action will not do. Factual allegations must be enough to
5  raise a claim for relief above the speculative level . . . ." *Twombly*, 550 at 555 (internal citations
6  omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that it is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The complaint meets this standard. It describes the events that precipitated the officers' arrival, the context for their engagement with the plaintiff, and his resulting injuries. And it pleads sufficiently that the officers used force that was not objectively reasonable given the circumstances that faced the officers. *See Blankenhorn v. City of Orange,* 485 F.3d 463, 481 n. 12 (9th Cir. 2007).

The defendants' arguments do not change this outcome. They assert that the plaintiff alleges only that Deputy Blount grabbed the plaintiff's arm — a trivial complaint that on its face is not objectively unreasonable — and that the complaint plausibly establishes a constitutional claim only against Deputy Yount, who "took him to the ground," thereby causing the injuries.[3] The court thinks that this parses the complaint too severely. Read as a whole, the complaint plausibly alleges objectively unreasonable force by both deputies, acting together. And as the plaintiff points out, a

---

[3] *Id.* at 2 (citing Complaint ¶ 13).

plaintiff does not have to plead evidence not ascertainable except through discovery.[4]

The court appreciates the defendants' argument but thinks it better to raise it in a summary-judgment motion. This disposes of ECF No. 8.

**IT IS SO ORDERED.**

Dated: June 19, 2017

_____
LAUREL BEELER
United States Magistrate Judge

---

[4] Opposition – ECF No. 11 at 3 (collecting cases).