Bonnie A. Hamilton, Esq. (SB 180502)
BLUESTONE ZUNINO & HAMILTON, LLP
50 Old Courthouse Square, Suite 401
Santa Rosa, CA  95404
Telephone:    707-526-4250
Facsimile:     707-526-0347
bonnie@bzhlegal.com

Attorneys for Defendant Michael Yoder

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE ZEEN,<br><br>                Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive,<br><br>                Defendants.<br>_____/ | No. 3:17-cv-02056 LB<br><br>**Def's Motion No. 1:**<br><br>MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT IDENTIFIED OR DISCLOSED IN INITIAL DISCLOSURES<br><br>Pretrial Date: August 2, 2018<br>Time:         1:00 p.m.<br>Ctrm:         C, 15th Floor<br>Trial:          August 20, 2018 |

Defendant Michael Yoder respectfully submits this motion in limine to exclude evidence derived from any witnesses, evidence, or document not identified by plaintiff in discovery or in initial disclosures as bearing materiality on any of his claims or on the damages being sought by plaintiff through this lawsuit. Plaintiff has proceeded through discovery without identifying with particularity, either in initial disclosures or otherwise, the components of his claim for damages.

## FACTUAL BACKGROUND

In his initial disclosures, Plaintiff was required to provide "a computation of each category of damages claimed by the disclosing party– who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material... bearing on the nature and extent of injuries suffered;..." (FRCP Rule 26(a)(1)(A)(iii). In his disclosures, plaintiff provided only the following: "Dane Zeen provides the below preliminary descriptions of some of his damages and the

basis for calculations where possible: (1) General and compensatory damages according to proof; and (2) Punitive damages according to proof." Plaintiff has never updated his disclosures.

In his deposition, plaintiff testified that he actually did not incur any expenses related to his medical treatment, and that if he did, he would produce the invoices and documentary proof of such to defendant's counsel. No further documents were ever provided.

Plaintiff should not be permitted to introduce evidence through his own testimony, or through documents or witnesses that he has not properly disclosed and for which the defendant was provided no notice.

## LEGAL ARGUMENT

Rule 26(a) requires a plaintiff to provide to the other side, without the need for a request for such, "a copy– or a description by category and location– of all documents, ... and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses...", as well as "a computation of each category of damages claimed by the disclosing party– who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, ... on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" (FRCP Rule 26(a)(1)(A)(ii) and (iii).)  Additionally, a party who has made such disclosures or who has responded to a request for production, must supplement or correct its disclosure or response in "a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (FRCP Rule 26(e).)

1. Documents and Evidence Not Previously Disclosed.

Plaintiff has never supplemented his disclosures or discovery responses. The pretrial order that the parties were operating under for all purposes makes very clear the penalties for failing to disclose information during discovery: if it's not disclosed, it's not coming in. This approach is in conformance with the intent of the rules, as interpreted in case law. As set forth in FRCP Rule 37(c)(1):

If a party fails to provide information or identify a witness as required by Rule 26(a) or

(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Therefore, defendants seek a pretrial order which prohibits the introduction of witnesses, documents, or other evidence that was not disclosed by plaintiff as supporting his liability or damages claims.

DATED: July 3, 2018

BLUESTONE ZUNINO & HAMILTON, LLP

By _____
Bonnie A. Hamilton
Attorneys for Defendant Michael Yoder

PROOF OF SERVICE

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404.

On **July 3, 2018**, I served the following document(s):

**Def's Motion No. 1:** MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT IDENTIFIED OR DISCLOSED IN INITIAL DISCLOSURES

by placing a true copy thereof enclosed is a sealed envelope and/or served in the manner described below and addressed to:

| **Attorneys for Plaintiff Dane Zeen:** | **Attorneys for Plaintiff Dane Zeen:** |
|---|---|
| John Houston Scott, Esq. | Izaak D. Schwaiger, Esq. |
| Lizabeth N. de Vries, Esq. | 130 Petaluma Avenue, Suite 1A |
| Scott Law Firm | Sebastopol, CA 95472 |
| 1388 Sutter Street, Suite 715 | Tele: (707) 595-4414 |
| San Francisco, CA 94109 | Fax: (707) 851-1983 |
| Tel: (415) 561 -9601 | E-mail: izaak@izaakschwaiger.com |
| Fax: (415) 561-9609 | |
| E-mail: john@scottlawfirm.net | |
| liza@scottlawfirm.net | |

XX **BY U.S. MAIL:** I caused such envelope to be deposited in the mail by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. The name and address of each person/firm to whom I mailed the documents is listed above.

___ **BY HAND DELIVERY:** I cau sed such envelope to be delivered by hand to the addressee(s) designated above.

___ **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated above.

XX **BY E-MAIL:** I transmitted electronically the listed documents(s) to the e-mail address(es) set forth on the attached list.

XX **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direct this service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **July 3, 2018**, at Santa Rosa, California.

_____
Tracy Kecskemeti

**PROOF OF SERVICE**

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:   (415) 561-9601
Fax:  (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
130 Petaluma Avenue, Suite 1A
Sebastopol, CA  95472
Tel: (707) 595-4414
Fax: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiff, DANE ZEEN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE ZEEN<br><br>   Plaintiff,<br>v.<br><br>COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive.<br><br>   Defendants. | Case No: 3:17-cv-02056-LB<br><br>**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE**<br><br>Date:       August 2, 2018<br>Time:      1:00 p.m.<br>Courtroom: C, 15th Floor<br>Judge:     The Honorable Laurel Beeler<br><br>Trial: August 20, 2018 |

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION IN LIMINE

Plaintiff hereby objects to certain of Defendants' Motions In Limine for the reasons set forth below.

### 1. Plaintiff Objects To Defendants' Motion In Limine No. 1: Exclude Evidence Not Identified in Initial Disclosures

The plaintiff opposes this motion to the extent it attempts to exclude evidence and information obtained during discovery and information included in the Defendant's Initial Disclosures. In addition, this should not preclude evidence that would be used for impeachment or rebuttal.

### 2. Plaintiff Objects To Defendants' Motion In Limine No. 2: Preclude testimony and exhibits from Roger Clark

The Defendant's motion seeks to exclude Roger Clark as an expert because "Mr. Clark is not qualified to give opinion testimony on the issue of whether excessive force was used by Michael Yoder, which is entirely within the province of the jury." The motion further seeks to limit the documents that may be referred to or introduced through his testimony.

The Plaintiff is not aware of any police expert who has been qualified by Federal courts to testify as an expert more often than Mr. Clark. At pages 16 to 19 of Mr. Clark's Rule 26 report, attached to the motion as Exhibit 1, is a summary of his experience as an expert witness. He has testified numerous times as an expert in the Northern District of California. He has also been referred to, with approval, in a number of published decisions in the Ninth Circuit. See Exhibit 1, pages 17 and 18.

Mr. Clark is not qualified to testify as to issues of credibility or intent. However, he can testify as to the minimum standards and practices in California regarding the use of force. Those minimum standards are set for in POST Learning Domains that are taught in every police academy in the State of California. In addition, those minimum standards must comply with Constitutional requisites. Mr. Clark can also provide an expert opinion regarding the use of force in relation to POST standards and training.

**3. Defendant's Motion in Limine No. 3: Preclude Medical Invoices**

The Plaintiff does not oppose this motion.

**4. Defendant's Motion in Limine No. 4: Preclude other claims and lawsuits**

The Plaintiff does not intend to introduce such evidence unless for impeachment or rebuttal.

**5. Defendant's Motion in Limine No. 5: Preclude evidence of insurance**

The Plaintiff does not oppose this motion. The jury is not to consider whether there is or is not insurance.

Dated: July 10, 2017                    Respectfully submitted,

                                        SCOTT LAW FIRM


                                        By: /s/John Houston Scott
                                            John Houston Scott
                                            Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

*(Dane Zeen v. County of Sonoma, et al.*, Case No. 3:17-cv-02056-LB)

I, Sherry Alhawwash, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. My business address is 1388 Sutter Street, Suite 715, San Francisco, California 94109. On July 10, 2018 I served the attached:

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE**

on the interested party(ies) named below:

> Bonnie A. Hamilton
> Bluestone Zunino & Hamilton, LLP
> 50 Old Courthouse Square, Suite 401
> Santa Rosa, CA  95402-3729
> E-mail: bonnie@bzhlegal.com;

I served the attached document(s) in the manner indicated below:

☒ **BY MAIL:** I caused true and correct copy(ies) of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) named above and, following ordinary business practices, placed said envelope(s) at 1388 Sutter Street, Suite 715, San Francisco, CA 94109, for collection and mailing with the United States Postal Service and there is delivery by the United States Post Office at said address(es). In the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☒ **BY E-MAIL:** I caused a copy(ies) of such document(s) to be transmitted via e-mail. The e-mail to which the document(s) were transmitted is listed above. The e-mail transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 10, 2018 at San Francisco, California.

_____
Sherry Alhawwash