Bonnie A. Hamilton, Esq. (SB 180502)
BLUESTONE ZUNINO & HAMILTON, LLP
50 Old Courthouse Square, Suite 401
Santa Rosa, CA 95404
Telephone: 707-526-4250
Facsimile: 707-526-0347
bonnie@bzhlegal.com

Attorneys for Defendant Michael Yoder

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANE ZEEN,

Plaintiff,

v.

COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive,

Defendants.
_______________________________/

No. 3:17-cv-02056 LB

**Def's Motion No. 2:**

MOTION IN LIMINE TO PRECLUDE TESTIMONY AND EXHIBITS FROM ROGER CLARK

Pretrial Date: August 2, 2018
Time: 1:00 p.m.
Ctrm: C, 15th Floor
Trial: August 20, 2018

Defendant Michael Yoder respectfully submits this motion in limine to prohibit plaintiff from calling his designated expert, Roger Clark, as a witness at trial. Mr. Clark is not qualified to give opinion testimony on the issue of whether excessive force was used by Michael Yoder, which is entirely within the province of the jury. In the event he is called, defendants seek to limit the documents that may be referred to or introduced through his testimony.

**FACTUAL BACKGROUND**

Pursuant to the Court's Case Management Conference Order of September 25, 2017, and its amendment, the parties engaged in expert disclosures on June 7, 2018. Plaintiff identified one retained expert, Roger Clark. With the disclosure, plaintiff attached a report and CV.

Not included in the disclosure were "any exhibits that will be used to summarize or support" the expert's opinions. (FRCP Rule 26(a)(2)(B)(iii) and (iv))

Mr. Clark's disclosure reveals:

1. He last served as a police officer in 1993 (twenty-five years ago), at which time he retired from the Los Angeles Sheriff's Department;

2. He has never been a trainer or policy-maker in the subject of use of force or defensive tactics;

(Hamilton Decl., Ex A) The report that was produced in the disclosure also contains an opinion about the force used which would render entirely unnecessary a jury trial: "In my opinion Deputy Yoder's use of force was clear and extreme example of the excessive force which no responsible agency could condone." (Opinion 1.) He continues: "His response and use of force appears as grossly unjustified, excessive and unnecessary in the totality of the circumstances confronting him..." (Opinion 2) He then goes on to opine that Deputy Yoder should be criminally prosecuted for violation of Penal Code section 149. (Opinion 4.) He separately suggests that Yoder also violated Penal Code section 118.1 (a misdemeanor).

None of these opinions are properly the basis for expert opinion testimony (Opinions 1 and 2) and/or are immaterial to any issue properly before the court in this case and constitute inflammatory and prejudicial materials which will not aid the trier of fact on the sole issue in this case: was unreasonable force used intentionally which violated plaintiff's constitutional right.

**LEGAL ARGUMENT**

The definition of an expert witness is set forth in Fed. Rule Civ. Proc. Rule as one who is retained or specially employed to provide expert testimony in the case, or one whose duties as the party's employee regularly involve giving expert testimony. (FRCP 26(a)(2)(A).) Opinion testimony may be offered by "a witness who is qualified as an expert by knowledge, skill, experience, training or education.... if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." (FRE 702) Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier of fact. "There is no more certain test for determining when experts may be used

than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute [...] When opinions are excluded, it is because they are unhelpful and therefore superfluous and a waste of time." (*Id.*, Advisory Committee Notes [1972] citing Ladd, *Expert Testimony*, 5 Vand.L.Rev. 414, 418 (1952))

A. CLARK IS NOT QUALIFIED TO TESTIFY AS EXPERT ON ISSUE OF USE OF FORCE.

Based upon Mr. Clark's testimony, he has no foundation upon which to offer testimony in this case which goes beyond the common sense inquiry of an untrained layman. It is simply a regurgitation of plaintiff's theory of the case. He has no experience or training in the field in over 25 years which would qualify him to testify about modern police practices in the area of defensive tactics or use of force. Mr. Clark has no relevant special experience or background which would permit his testimony under the cloak of "expert witness." It is requested that he be excluded from testifying as such at trial.

B. OPINIONS THAT THE FORCE USED WAS EXCESSIVE AND UNREASONABLE ARE NOT WITHIN THE PROVINCE OF AN EXPERT.

Clark's opinions are not properly within the province of the jury. Clark did not review, nor has he commented upon, Deputy Yoder's training, experience, or any other foundational facts which permit his conclusion that the 'use of force was a clear and extreme example of the excessive force which no responsible agency could condone." Much as he has done in prior cases, "Clark 'conclusively determined after review of all the evidence available to him that Respondent [officer's] use of force was excessive and unreasonable.' Clark states in his declaration, 'It is my opinion that the force used in this case was excessive and unreasonable. The officers' use of deadly force in firing their weapons was not justified or necessary under the circumstances. Each officer who fired rounds on August 5, 2004, engaged in conduct which amounts to a deliberate indifference to the lives of persons at the strip mall, including Paula Brown and Jonathan Brown.' However, as is true of nearly all of the other statements in the declaration, Clark reaches a conclusion as to the ultimate issues in dispute, i.e., whether Ransweiler acted reasonably or was justified in [acting], without providing any reasoned explanation as to why the underlying facts lead to his ultimate conclusion. ... Clark cites to

no portion of the officer's declarations or other evidence to support these conclusions. ... Without providing some evidentiary basis for his assertions, Clark's opinion constitutes mere conjecture." *Brown v. Ransweiler*, 171 Cal.App.4th 516, 814-815.

C. OPINIONS WHICH PERTAIN TO PENAL CODE VIOLATIONS NOT ALLEGED AND NOT RELEVANT TO THE ISSUE IN THIS CASE SHOULD BE EXCLUDED.

To the extent that Mr. Clark's report contains references to his believe that Deputy Yoder's report writing violates the California Penal Code and/or that his "excessive use of force" constitutes a violation of the California Penal Code are inflammatory statements which are not relevant to any issue in this case. To the extent that the report includes such statements and/or that plaintiff or his counsel intend to reference such conclusions in the trial, such conclusions and/or references should not be permitted.

Because such evidence would have extremely limited (as in none at all) relevance under Rule 401 and its introduction would likely confuse and mislead the jury into considering factors of no consequence to the excessive force claim if introduced at trial. Consequently, the prejudice of introducing such testimony, through the Clark "report" under the auspices of an "expert" in the field or through testimony otherwise, substantially outweighs its probative value, if any. Fed. R. Evid. 403.

D. MATERIALS NOT DISCLOSED WITH EXPERT REPORT SHOULD BE EXCLUDED AT TRIAL.

The entirety of the expert disclosure made by plaintiff was provided with this motion. No other materials were disclosed. Plaintiff should not be permitted to introduce materials that were not properly disclosed through Mr. Clark. (See, FRCP Rule 26(a)(2)(B).) Plaintiff should be precluded from attempting to use any such documents as exhibits at trial.

DATED: July 3, 2018

BLUESTONE ZUNINO & HAMILTON, LLP

By ______________________

Bonnie A. Hamilton
Attorneys for Defendant Michael Yoder

**PROOF OF SERVICE**

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404.

On **July 3, 2018**, I served the following document(s):

**Def's Motion No. 2:** MOTION IN LIMINE TO PRECLUDE TESTIMONY AND EXHIBITS FROM ROGER CLARK

by placing a true copy thereof enclosed is a sealed envelope and/or served in the manner described below and addressed to:

**Attorneys for Plaintiff Dane Zeen:**
John Houston Scott, Esq.
Lizabeth N. de Vries, Esq.
Scott Law Firm
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561 -9601
Fax: (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

**Attorneys for Plaintiff Dane Zeen:**
Izaak D. Schwaiger, Esq.
130 Petaluma Avenue, Suite 1A
Sebastopol, CA 95472
Tele: (707) 595-4414
Fax: (707) 851-1983
E-mail: izaak@izaakschwaiger.com

XX **BY U.S. MAIL:** I caused such envelope to be deposited in the mail by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. The name and address of each person/firm to whom I mailed the documents is listed above.

___ **BY HAND DELIVERY:** I cau sed such envelope to be delivered by hand to the addressee(s) designated above.

___ **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated above.

XX **BY E-MAIL:** I transmitted electronically the listed documents(s) to the e-mail address(es) set forth on the attached list.

XX **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direct this service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **July 3, 2018**, at Santa Rosa, California.

Tracy Kecskemeti

Bonnie A. Hamilton, Esq. (SB 180502)
BLUESTONE ZUNINO & HAMILTON, LLP
50 Old Courthouse Square, Suite 401
Santa Rosa, CA 95404
Telephone: 707-526-4250
Facsimile: 707-526-0347
bonnie@bzhlegal.com

Attorneys for Defendant Michael Yoder

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE ZEEN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive,<br><br>Defendants.<br>_______________________________/ | No. 3:17-cv-02056 LB<br><br>**Def's Motion No. 2:**<br><br>DECLARATION OF BONNIE A. HAMILTON IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE TESTIMONY AND EXHIBITS FROM ROGER CLARK<br><br>Pretrial Date: August 2, 2018<br>Time: 1:00 p.m.<br>Ctrm: C, 15th Floor<br>Trial: August 20, 2018 |

I, Bonnie A. Hamilton, declare:

1. I am an attorney duly licensed to practice in the State of California and admitted to this Court, and counsel of record for Defendant Michael Yoder. I have personal knowledge of the following and am competent to testify to the truth thereof.

2. Pursuant to the Court's Revised Scheduling Order of March 22, 2018, the parties engaged in expert disclosures on June 7, 2018. Plaintiff identified one retained expert, Roger Clark. With the disclosure, plaintiff attached a 20-page report, a six-page curriculum vitae, a 24-page list of sworn testimony and a one-page fee schedule. A true and correct copy of plaintiff's Expert Disclosure is attached hereto as **Exhibit A**. As seen in Exhibit A, plaintiff's expert disclosure did not include information as to any exhibits that will be used to summarize or support Mr. Clark's opinions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true

and correct. Executed this 3rd day of July, 2018, at Santa Rosa, California.

Bonnie A. Hamilton

# EXHIBIT A

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
SCOTT LAW FIRM
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9601
Fax: (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
130 Petaluma Avenue, Suite 1A
Sebastopol, CA 95472
Tel: (707) 595-4414
Fax: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiff, DANE ZEEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANE ZEEN

Plaintiff,

v.

COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive.

Defendants.

Case No: 3:17-cv-02056-LB

**PLAINTIFF'S EXPERT WITNESS DISCLOSURE**

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Dane Zeen hereby provides pursuant to Rule 26 this expert witness disclosure to notify defendants of experts he may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705 as required by Rule 26(a)(2).

**RETAINED EXPERTS:**

1. Roger A. Clark, 10207 Molino Road, Santee, Ca 92071; telephone: (208) 351-2458. Attached hereto as exhibits are Roger A. Clark's report and CV as required by FRCP 26(a)(2)(B), and his listing of testimony and fee schedule.

Plaintiff reserves his right to call rebuttal expert witnesses and to supplement this disclosure.

Dated: June 7, 2018

Respectfully submitted,

SCOTT LAW FIRM

By: /s/John Houston Scott
John Houston Scott
Attorneys for Plaintiff

# EXHIBIT 1

# Roger A. Clark

Police Procedures Consultant, Inc.
10207 Molino Road. Santee, CA 92071
Phone: (208) 351-2458, Fax: (619) 258-0045
rclark9314@aol.com

June 7, 2018

John Houston Scott, Esq.
Scott Law Firm
1388 Sutter Street, Suite 715
San Francisco, California 94109

Izaak D. Schwaiger, Esq.
130 Petaluma Avenue, Suite 1A
Sebastopol, California 95472

***Regarding: Dane Zeen vs. Michael Yoder, Case No.: 3:17-cv-02056 LB.***

Dear Counsel:

Thank you for retaining me to analyze and render opinions regarding the December 15, 2015 welfare check, 5150 hold, handcuffing, and subsequent use of force against Mr. Dane Zeen (Mr. Zeen) by Sonoma County Sheriff's Office (SCSO) Deputies Michael Yoder (Deputy Yoder). Pursuant to the requirements of Rule 26, I have studied the investigative report, incident reports, photographs, video and audio recordings, deposition transcripts, and other material (as listed below) provided to me thus far regarding this case. Please be advised if/when additional information is submitted, a supplemental report, refining my opinions, will be necessary.

It is also necessary to state at the beginning of this report that I do not make credibility determinations in expressing my opinions. That is, where there are differences in the events proffered by the Defendants versus the allegations and statements proffered by Mr. Zeen, and witnesses, I do not opine for the trier of fact regarding who are the more believable witnesses. The resolution of any such conflict is delegated to and is within the purview of a jury.

**Materials Reviewed Thus Far:**

1.    First Amended Complaint for Damages.

2.    Stipulation and Protective Order.

3.    Transcribed Audio Between Deputies Yoder and Blount.

4.    Sonoma County Sheriff's Department Supplemental Report, Deputy
      Yoder's Narrative, Case No.: 151215-003, Pages 2-3.

5.    Audio & Video Recordings:
      a.    Deputy Blount's Body-Worn Audio Recording of
            Incident.
      b.    Deputy Yoder's Body-Worn Video Recording of
            Incident & Hospital Visit.

6.    Photographs:
      a.    Mr. Zeen's Facial Injuries.

7.    California POST Basic Learning Domains as Follows:
      a.    Learning Domain #1: "Leadership, Professionalism &
            Ethics."
      b.    Learning Domain #2: "Criminal Justice System."
      c.    Learning Domain #3: "Policing in the Community."
      d.    Learning Domain #20: "Use of Force."
      e.    Learning Domain #18: "Investigative Report Writing."
      f.    Learning Domain #31: "Custody."
      g.    Learning Domain #33: "Arrest Methods/Defensive
            Tactics."

8.    Internet-Based Google Streetview and Satellite Images of the Scene.


**Brief Overview of Events and Brief Commentary:**

On December 15, 2015, Mr. Zeen resided with his family at 5200 McFarlane, in
Sebastopol, California. Mr. Zeen was not on probation or parole. Mr. Zeen had been

arguing with his mother about his depression and had gone to his pickup truck to be alone. During the early-morning hours he was Snapchatting with a friend, and made a comment to her about that she perceived as a suicidal ideation. Mr. Zeen's phone then ran out of battery, his friend panicked, and police were called to check on Mr. Zeen's welfare.

Deputies Yoder and Blount arrived. They located Mr. Zeen siting in his pickup truck parked on his property in from of his house. After complying with orders to exit the truck and place his hands behind his back, Mr. Zeen was handcuffed and ultimately told that he was being placed on a 72-hour hold. While taking the unwilling Mr. Zeen into custody, Deputy Yoder slammed Mr. Zeen to the ground where he impacted face-first. Mr. Zeen sustained serious injuries to his facial area and upper body. The following pages recount the incident in further detail and comment on the use of force inflicted against Mr. Zeen.

*Incident:*

On December 15, 2015, Mr. Zeen became embroiled in an argument with his mother. After the argument, Mr. Zeen exited the residence, climbed into his pickup truck, and remained there for several hours.

While sitting in his pickup truck, Mr. Zeen began Snapchatting with his former girlfriend. As they chatted, Mr. Zeen made a statement about wanting to hurt himself. Shortly thereafter Mr. Zeen's phone lost battery and the two were disconnected. Concerned for Mr. Zeen's well-being, his former girlfriend (Shannon Deller) called 911 and alerted police regarding the possible suicidal comment that Mr. Zeen made.

Deputies Yoder and Blount were dispatched to his residence. Deputy Yoder arrived first, and his body video captured most of the remainder of the incident. Deputy Yoder walked onto the property and shone his flashlight on vehicles and the residence.

Deputy Yoder knocked on the door to the residence, and Tim LaRose, Mr. Zeen's stepfather (Tim), opened the door and spoke with Deputy Yoder. Tim exited his residence and directed Deputy Yoder to Mr. Zeen's pickup.

After locating Mr. Zeen, Deputy Yoder knocked on the driver's window and instructed Mr. Zeen to open the door. Mr. Zeen complied. After opening the door, Mr. Zeen was

instructed to show his hands. Mr. Zeen again complied, remained quiet, and was non-combative.

Deputy Yoder continued to talk with Mr. Zeen. As Deputy Yoder spoke with Mr. Zeen, Deputy Blount arrived, whose body video was also activated.

Deputy Yoder ordered Mr. Zeen to step out of the vehicle and to submit to a body search. Mr. Zeen turned, as ordered, and placed his hands behind his back. Deputy Yoder searched Mr. Zeen, and confirmed that he was unarmed. Deputy Yoder then placed Mr Zeen in handcuffs. Mr Zeen complied and offered his hands.

After being handcuffed, Deputy Yoder walked over to Tim and spoke with him regarding Mr. Zeen. Deputy Blount remained with Mr. Zeen. Mr. Zeen did not make any threats, was not assaultive or combative, and remained compliant.

Deputy Yoder returned to Mr. Zeen and explained that Mr. Zeen would be taken to the hospital for a 72-hour hold. Mr. Zeen said "No," and Deputy Yoder said that Mr. Zeen did not have a choice. As noted above, Mr. Zeen was handcuffed at this point. Deputy Yoder can be heard telling Mr. Zeen, "You don't need to get hurt too."

Deputy Yoder moved toward Mr. Zeen, and Mr. Zeen remonstrated, stating that he did not want to go to the hospital. Deputy Yoder reached out and attempted to escort Mr. Zeen toward his (Deputy Yoder's) patrol car. It is important to note here that Mr. Zeen (ninety-five pounds) was handcuffed, and Deputy Blount was available to assist Deputy Yoder (two-hundred twenty-five pounds) with Mr. Zeen's escort. This did not occur.

According to Deputy Yoder, as he escorted Mr. Zeen towards his vehicle, Mr. Zeen appeared to briefly attempt to stop and then to jerk away. Deputy Yoder reportedly responded by pulling Mr. Zeen backward, ultimately taking Mr. Zeen to the ground face first. According to Deputy Yoder, Mr. Zeen fell on top of him. However, Mr. Zeen's face made direct contact with the driveway and immediately began bleeding profusely from his injuries.

After impacting the ground, Mr. Zeen can be heard grunting and groaning in pain. Deputy Yoder can be heard saying, "Do not fight me."

Mr. Zeen was taken to the hospital and his injuries were treated. Mr. Zeen, who was compliant, handcuffed, and suffering emotional strain, was injured by Deputy Yoder, who ironically, was there to help Mr. Zeen.

**Deputy Yoder's Narrative:**

Deputy Yoder's Incident Report is as follows:

> "On 12/15/2015 at approximately 0142 hrs., I was dispatched to 5200 Mcfarlane Rd., Sebastopol, regarding IO Dane Zeen having made suicidal statements. When I met with Timothy LaRose, Zeen's stepfather. LaRose told me that Zeen had gotten into an argument with his mother earlier, during which Zeen told her that he wanted to hang himself. LaRose said he made Zeen leave the residence and stay out in his vehicle for the night, and that he planned on taking Zeen to Psych Services in the morning.
>
> "After the argument with his mother, Zeen apparently texted a friend, (RP) Shannon Deller, also telling her that he wanted to hang himself. She, in turn, called the Sheriffs Department requesting we check Zeen's welfare. After speaking with LaRose briefly I contacted Zeen, who was sitting in the driver's seat of his vehicle in the driveway. I spoke to Zeen and asked him what was wrong. He told me that he was depressed and upset that his parents would not help him. When I asked him what kind of help he wanted he said don't even know anymore". I asked him how he was feeling and he said, "I'm all fucked up inside".
>
> "I offered to take Zeen to Psych Emergency Services (PES) on a voluntary basis but he would not consent. As I spoke with Zeen he kept his head down in his hands and would not look at me. Based on what I had learned from LaRose, the RP and my observations of Zeen, I felt that he was a danger to himself. I had him exit his vehicle patted him for weapons and placed handcuffs on him. Deputy Blount, who had arrived to assist stayed with Zeen while I recontacted LaRose.
>
> "LaRose told me that Zeen has made suicidal threats in the past and has

been taken to PES. After speaking with LaRose I returned to Zeen and advised him that he was being placed on a 72 hour hold, Zeen immediately began yelling "No" and "what the fuck", and was yelling that he didn't want to go. He also began violently resisting and attempting to pull away from me. During the struggle I had ahold of his left am. At one point, Zeen jerked his entire body away from me and attempted to start running away from me. I maintained my grip on his arm, however his momentum pulled me off balance and I began falling forward. As I was falling I pulled him back toward me, as he still attempted to run. As I pulled him, our momentum caused us to spin around. As we spun around I fell to the ground hitting my left elbow and left knee on the driveway. During my fall I still had ahold of Zeen's left arm, which caused him to fall over top of me and eventually hitting the ground with his face. When Zeen's face hit the ground a large amount of blood started coming from his mouth.

"From that point on, Zeen cooperated and walked freely. I immediately transported Zeen to Sutter Hospital so that he could receive treatment for his injuries. Once at Sutter I completed the 5150 paperwork and Zeen was released to Sutter Security. I photographed Zeen's injury the best I could and attached a photo to this report. A video of this incident was captured on my department issued body worn camera. I later uploaded the video, per department policy. It should be noted that when I impacted the ground my camera came off of my uniform and hit the ground, causing it to power off. The struggle leading up to us going to the ground was captured.

"Nothing further at this time."

**<u>Transcript of Hospital Conversation Between Deputies Yoder and Blount:</u>**
(Note: **HS** is Hospital Staff, **MY** is Michael Yoder, and **CB** is Charles Blount.)

HS: So, you wanna tell me the story?

MY: ... and saying something about wanting to hang himself. later he called his girlfriend telling her the same thing. She calls us to go talk to him. He gets cuffed up and the fight was on as soon as we walked him out to the car ... both of us . .. he landed face first. No criminal charges. Just a 5150 hold.

MY: Am I fucked up too?
CB: You're dirty.
MY: I hit the ground first.
CB: I know. (Laughing)
MY: I just did what I could, but that's the problem. (Laughs)
CB: Yeah. (Laughs) HS2: You want a copy of that? MY: Yes. It was kinda this weird whirlwind of bodies.
MY: I started going, and he (Laughs)
CB: He spun you around to the ground, and then you spun him around to the ground, and —
MY: If I woulda let go I woulda just looked like a bumbling idiot cause I fell on the ground, but (laughing) he wouldn't have been broken.
CB: Yeah. Yeah. Then I woulda had to chase him.
MY: (Shakes head) We handcuffed him. ...
CB: He could probably outrun me, handcuffed -
MY: He'd a had to get through that fence and that gate though. That would a been hard.
CB: I didn't latch it,
MY: Oh. (Laughs)
CB: He'd just hit it and keep on going. I'm not real fast, believe it or not He might outrun me.
MY: ... my elbow or my knee, or what hit first, but something went down. (Laughs)
CB: I couldn't see when you hit, but I heard the big thud.
MY: I think that was him (quietly, indicating).
CB: You hit pretty hard.
MY: So is he good? Are we good?
HS: Yeah,

**POST Force Options**

Subjects' resistance/actions to an arrest will determine the type of force used by peace officers. The following chart illustrates how a subject's resistance/actions can correlate to the force applied by an officer. (Listed as Subject's Actions, Description of Resistance and Possible Force Option):

*Cooperative* - Subject offers no resistance:

- Mere professional appearance
- Nonverbal actions
- Verbal requests and commands

*Passive non-compliance* - Does not respond to verbal commands but also offers no physical form of resistance:

- Verbal requests and commands
- Officer's strength to take physical control, including lifting/carrying
- Control holds and techniques to direct movement or immobilize a subject

*Active resistance* - Physically evasive movements to defeat an officer's attempt at control, including bracing, tensing, running away, or verbally signaling an intention to avoid or prevent being taken into or retained in custody:

- Control holds and techniques to control the subject and situation
- Use of personal weapons in self-defense and to gain advantage over the subject
- Use of devices to secure compliance and ultimately gain control of the situation

*Assaultive* - Aggressive or combative; attempting or threatening to assault the officer or another person:

- Use of devices and/or techniques to secure compliance and ultimately gain control of the situation
- Use of personal body weapons in self-defense and to gain advantage over the subject

*Life-threatening* - Any action likely to result in serious injury or possibly the death of the officer or another person

- Utilizing firearms or any other available weapon or action in defense of self and others

NOTE: Officers must take into account the *totality of the circumstances* when selecting a reasonable force option. It is not the intent of this chart to imply that an officer's force options are limited based on any single factor.

NOTE: Officers must be aware of and comply with their specific agency policies regarding appropriate force options.

*Constant reevaluation requirement:*

Peace officers must use the force option appropriate for the situation as conditions may change rapidly. Officers must continually reevaluate the subject's action and must be prepared to transition as needed to the appropriate force options. (LD 20: Chapter 2 – Force Options, pages 2-6 & 2-7 )

**Opinions Thus Far:**

1. In my opinion Deputy Yoder's use of force was a clear and extreme example of the excessive force which no responsible agency could condone.

2. Throughout the country, law enforcement officers are trained regarding the methods and means of response when dealing with citizens. Above all, they are required to avoid excessive and unnecessary force. Deputy Yoder failed in his duty to utilize these methods and follow these standards. Rather, his response and use of force appears in this incident as grossly unjustified, excessive and unnecessary in the totality of the circumstances confronting him, and includes his collective failure to abide by POST standards, and law (as taught by POST).

3. There is nothing in the record to indicate that Mr. Zeen posed a credible threat to any of the Deputies present. Mr. Zeen was handcuffed, and facing away from Deputy Yoder when he was taken to the ground. Mr. Zeen had not been threatening, assaultive or combative to any of the Deputies, he had no weapons in his possession, and had not uttered any threats to anyone present. His behavior simply did not justify the use of any physical force. In my opinion all issues were easily resolved by "Officer presence – Verbal Skills" methods (as taught by post). Deputy Yoder failed to use the

required more reasonable (less forceful) methods when dealing with Mr. Zeen, who Deputy Yoder was taking to the hospital due to emotional strain. In my opinion, when Deputy Yoder took Mr. Zeen forward to the ground, causing him to collide with the gravel driveway, he (Deputy Yoder) escalated the incident into unnecessary and excessive violence. As such, Deputy Yoder's use of force in this set of facts was exceptionally reckless and beyond the plaintiff's ability to control or mitigate, especially given his small size and the fact that he was handcuffed behind his back.

4. Taking Mr. Zeen' set of facts as true, Deputy Yoder violated policy and procedure, and the scope and rises to the level of a violation of section 149 PC - Assault Under Color of Authority.

*"Every public officer who, under color of authority, without lawful necessity, assaults or beats any person, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment."*

"**Unreasonable force** occurs when the type, degree and duration of force employed was not necessary or appropriate."

"Malicious assaults and batteries committed by peace officers constitute unlawful conduct. When the force used is unreasonable, the officer can face criminal and civil liability, and agency disciplinary action." (Learning Domain #20, page 6-4.)

5. Deputy Yoder, in his statement and testimony, explained that Mr. Zeen fell atop him and that Mr. Zeen's injury was not the result of Mr. Zeen being thrown to the ground or fallen upon by Deputy Yoder. Taking either account as true, Deputy Yoder had a sworn duty to ensure that Mr. Zeen, while under the aegis of a uniformed Deputy, was safe and secure:

"Peace officers who have responsibility for arrested persons are liable for the safekeeping and standard of care of those persons.

"Failure to uphold the expected level of care under the provisions of state and federal laws or the callous disregard for an arrested person's safety will subject peace officers to:

- departmental discipline (including termination),
- state prosecution for violation of penal code statutes,
- federal prosecution for violation of federal civil rights law, and/or
- civil lawsuits which may include punitive damages levied directly against individual officers." (POST Learning Domain # 31: "Custody," Chapter 1, page 4.)

It is uncontested that Deputy Yoder was aware that Mr. Zeen was handcuffed and in an emotionally and physically vulnerable state.

6. Taking Mr. Zeen' set of facts as true, Deputy Yoder submitted a false police report in violation of policy, POST training and the Law (as taught by POST), when he stated that Mr. Zeen fell on top of Deputy Yoder.

"Any officer who knowingly files a false report will be guilty of a crime. (Penal Code Section 118.1)" (POST Learning Domain #18: "Investigative Report Writing," page 1-4.)

"All reports are to be true, unbiased, and unprejudiced. These are easy words to say, but sometimes hard to live by. It is not always easy to know or find out the truth. Clearly it is the peace officer's moral obligation to seek the truth, lying is wrong. *Truth and public trust cannot be separated."* (POST Learning Domain #18: "Investigative Report Writing," pages 1-5. Emphasis Added.)

"When writing a report, the minimum requirements to accomplish your job ethically and preserve the integrity of the criminal justice system are:

"Never falsify any portion of your report or modify any aspect of the report away from the factual truth.

*"Objectively document every fact (or piece of evidence) known to you that could prove or disprove the event you are reporting. If you are not sure, include the fact or piece of evidence anyway and qualify it as possible evidence or investigative information.*

"Be clear. A well-written report does not raise questions, it answers them.

"Write your report free of speculation or personal opinions. You are there to gather facts.

"You are responsible for the quality of each report you write. Each report is an opportunity to build or destroy your credibility. Always write precisely what happened to the best of your knowledge. A report determined by a court to be compromised or unethical not only topples your credibility, but your agency's as well – plus it opens the door to challenge every past enforcement action you have performed. Compromising your report is just not worth it and it will raise questions about your effectiveness as a peace officer and may ultimately lead to termination of your employment. *It is your obligation to report incidents just as they occurred; anything else is unethical.*" (POST Learning Domain #1: Chapter 2 - "Professionalism and Ethics in Policing." Emphasis Added.)

**My Qualifications To Review This Case:**

My opinions are based in part on my training, professional experience and education. I am a twenty seven year veteran of the Los Angeles County Sheriff's Department (LASD). I was hired on December 1, 1965, and I retired from active service on March 31, 1993. My career included six years at the rank of Deputy Sheriff, six years as a Sergeant, and fifteen years as a Lieutenant. I retired holding a California Peace Officer Standards and Training (POST) Advanced Certificate, and I am a graduate of the POST Command College (class #5, 1988). The POST Command College was a Masters level two-year course of study requiring a thesis, in Police Administration, with the diploma awarded by the California Department of Justice (and not the California University system).

During the course of my service with the department, I had a wide range of duties. Those duties included an 18 month assignment as a staff jail deputy and two years as an Administrator/Lieutenant in the same jail facility (Men's Central Jail). I also served on the department as a patrol officer, field supervisor, jail watch commander and administrator, station watch commander, and commanding officer of investigative units. I was a field training officer while assigned as a patrol deputy, and I trained new officers in POST and department approved patrol procedures, field investigations, apprehension techniques, and emergency procedures.

I was a Station Detective and, as such, reviewed and assessed cases passed on to me by the patrol officers. Those cases included possible complaints relating to both misdemeanor and felony crimes. They frequently required follow up investigations and interviews before the exact nature of the case could be determined. As a field officer and detective, I was trained in interview and interrogation methods and subsequently trained other officers.

Among other assignments as a Sergeant, I supervised field officers and station detectives as they took complaints and conducted preliminary investigations regarding criminal and administrative matters.

As a Sergeant and as a Lieutenant, I served on the training staff of the Los Angeles County Sheriff's Department's Patrol School which taught the POST accepted patrol tactics, and investigation and apprehension methods.

As a Watch Commander and as a Lieutenant, I responded to, investigated, and reported on the use of force and officer-involved shootings. I was also assigned by my Department to sit as a member of Departmental review committees regarding the reasonable or unreasonable use of force and tactics.

As stated above, during my career I was assigned to the Los Angeles County Men's Central Jail (MCJ) for a period of 18 months as a line officer. Upon my subsequent promotion to Lieutenant, I returned to the same facility approximately 10 years later. During that time, I was assigned as a Jail Watch Commander, and as the Facility Training and Logistics Administrator. At the time of my assignment, the MCJ held a daily population in excess of 7,000 inmates, including a hospital, which was serviced by a staff of more than 900 sworn and civilian personnel.

During my assignment as the Administrative Lieutenant of the Department's Reserve Forces Bureau, I worked closely with the State of California Peace Officer Standards and Training in revamping our Reserve Academy to bring it into state compliance. This process gave me an expertise in the POST Basic curriculum. I also supervised the training of cadets at our Reserve Training Academy. They were taught proper investigation, interview, and apprehension procedures. Among other topics, I lectured the Reserve Academy on the POST syllabus: "The Legal and Moral Use of Force and Firearms."

During the 1984 Olympics held in Los Angeles, I was assigned and served as the Department's Intelligence Officer at the Los Angeles Olympics Emergency Operations Center.

During the last five and one half years of my career, I commanded a specialized unit known as the North Regional Surveillance and Apprehension Team (N.O.R.S.A.T.), which was created to investigate, locate, observe and arrest major (career) criminals. I held this position until my retirement from the Department on March 31, 1993.

Criminals investigated and arrested by N.O.R.S.A.T. included suspects involved with homicide, robbery, kidnaping, extortion, burglary, major narcotics violations and police corruption. The majority of our cases were homicide cases, including the murder of police officers. Arrests frequently occurred in dynamic circumstances including crimes in progress.

My unit also conducted major narcotics investigations including undercover narcotics buys, buy busts, and reverse stings. We frequently deployed at the request of investigative units, such as Narcotics, which provided the initial investigative leads for our operations. These narcotics cases usually involved multiple kilogram quantities of drugs and amounts of money ranging from one hundred thousand to more than one million dollars.

Approximately 80% of cases assigned to N.O.R.S.A.T. were active Homicide investigations. In that regard, the unit processed, under my command and supervision, various aspects (depending on the complexity of the cases involved) of approximately 1,000 Homicides ranging from deaths of police officers to serial homicide suspects.

Additionally, the majority of the over 1750 cases for which I have been retained as a consultant (since 1993) have involved injuries or deaths connected with some aspect of force during either apprehension or while in police custody.

During the first three months of my command of N.O.R.S.A.T., the unit had three justifiable shooting incidents. From that time, and over the next five years of my command, N.O.R.S.A.T. established a remarkable record of more than two thousand arrests of career criminals without a single shot fired – either by my officers or by the suspects whom we arrested.

Many of these suspects were armed and considered to be very dangerous. Some were apprehended during the course of their crimes and were very prone to use firearms to escape apprehension. This record of excellence was accomplished through the use of proper tactics, management and supervision of personnel, training in correct apprehension methods, and adherence to the moral and ethical standards endorsed by California POST and my Department. These methods and principles are also embraced by every state training commission of which I am aware, as well as the national standards established by the U.S. Department of Justice.

As a result of my position and record as the commanding officer of N.O.R.S.A.T., I was assigned to author Field Operations Directive 89-3, "Tactical Operations Involving Detective Personnel." This order remained in force 20 years (until September 30, 2009), and included the basic standards and considerations with which investigative officers must comply in the event of a tactical deployment such as the dynamic entry into a building for the purpose of an arrest and/or seizure of evidence.

Since my retirement, I have testified as an expert on use of force, jail procedures and jail administration, investigations, police procedures, police tactics, investigative procedures, shooting scene reconstruction, and police administration in Arizona State Courts, California State Courts, Washington State Courts and Federal Courts in Arizona, California, Colorado, Florida, Illinois, Indiana, Louisiana, Missouri, Nevada, Ohio, Oregon, Pennsylvania, Texas, Utah, Washington, New Mexico, New York and Wisconsin. I have testified before the Los Angeles Police Department Board of Rights and the Los Angeles County Civil Service Commission. I have testified before the Harris County (Texas) Grand Jury and the Cleveland Grand Jury. I have also submitted written opinions in matters before Alaska, Delaware, Idaho, Montana, North Carolina, New York, Oregon, Kentucky, and Wyoming Federal and State Courts. I was selected (January 20, 2007) to present on the topic of: "Police Experts" at the National Police Accountability Project held at Loyola Law School, Los Angeles, California. I was selected (September 23, 2010) to present on the topic of: "Using POST Modules to Establish Police Officer' Standard of Care" at the National Police Accountability Project, National Lawyers Guild Convention, in New Orleans, Louisiana. I was selected (March 30, 2012) to present to the Kern County Public Defenders in Bakersfield, California, on the topics of "Ethics, Police Investigations, the California POST Curriculum, and the M26 and X26 Taser weapons." On August 7, 2013 I was invited and presented to the Texas Civil Rights Project (TCRP) 2013 Annual Legal Summit in Austin, Texas on the topic: "Ethically Working with Experts from the Prospective of a Police Expert." On October 15, 2015 I was the invited presenter at a Community Forum in Victorville, California on the topics of Police Procedures, Community Policing, Use of Force, and features of the M26, X26 and X2 Taser weapons.

I have worked on several projects with the Paso Del Norte (El Paso, Texas) Civil Rights Project and the Texas Civil Rights Project (Austin, Texas). As a result of my expert testimony in *Border Network, et al. v. Otero County, et al.*, Case No. 07-cv-01045 (D.N.M. 2008), a federal court issued a temporary injunction to stop the illegal and widespread immigration raids in Chaparral, New Mexico, implemented pursuant to Operation Stonegarden. The case resulted in the adoption of a model policy for inquiring into a person's immigration status, which has been adopted nationwide and has also been presented to the United States Senate, the Secretary of Homeland Security, and other government officials seeking to reform immigration enforcement.

I have been recognized, and my expert report was quoted by the USDC in *Burns v. City of Redwood City*, 737 F.Supp2nd.1047. I have been recognized, and my expert report was quoted by, the United States Court of Appeals for the Ninth Circuit as an expert in Police Administration and Use of Force in *Blankenhorn v. City of Orange, et al.*, 485 F.3d 463, 485 (9th Cir. 2007). The Ninth Circuit also drew from my expert report in a second published case involving Police Detective Investigations. *Torres, et al. v. City of Los Angeles, et al.*, 540 F.3d 1031, 1042-43 (9th Cir. 2008). The *Torres* case was appealed to the U.S. Supreme Court and returned for trial. I provided the expert opinion in *Chavies Hoskin v. City of Milwaukee, et al.* (USDC Case No. 13-cv-0920), regarding field strip and cavity searches, hiring, training, discipline and supervision, and which resulted in significant policy changes within the MPD. My opinions supported argument in the Ninth Circuit case: *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1102 (9th Cir. 2014). The Ninth Circuit also drew from my expert reports regarding credible threats justifying the use of force, *Hayes v. County of San Diego*, 658 F.3d 867 (9th Cir. 2011), and *Young v. County of Los Angeles*, 655 F.3d 1156 (9th Cir. 2011). The Ninth Circuit also drew from my expert reports regarding Jail Administration and Administrative Responsibilities, *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). The Ninth Circuit also drew from my expert reports regarding an officer's violation of the 14th Amendment if an officer kills a suspect when acting with the purpose to harm, unrelated to a legitimate law enforcement objective, in *AD v. California Highway Patrol*, 712 F. 3d 446 (9th Cir. 2013). The Fifth Circuit drew from my expert report regarding search and seizure, investigations and no-knock requirements in *Bishop et al. v. Arcuri et al.*, 674 F.3d 456 (5th Cir. 2012). The Ninth Circuit also drew from my expert report regarding the use of impact weapons (PepperBall) on civilians in *Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012). I was the expert in the Ninth Circuit opinion regarding the allegations proffered by police officers and their use/display of firearms against civilians in *Green v. City and County of San Francisco*, 751 F. 3d 1039 (9th Cir. 2014). Most recently, I was the expert in an important Ninth Circuit opinion regarding the allegations proffered by police officers and their use of lethal force against unarmed persons in *Jennifer Cruz, et al., v. City of Anaheim, et al.*, 765 F.3d 1076 (9th Cir. 2014). I was the expert at trial in the Ninth Circuit opinion regarding the order of evidence at trial in *Estate of Manuel Diaz, v. City of Anaheim*, et al., No. 14-55644. My opinion is quoted in the Ninth Circuit opinion regarding the use of lethal force in *A.K.H. a minor, et al, v. City of Tustin, et al.*, No. 14-55184. My opinions supported argument in the Ninth Circuit case: *Estate of Angel Lopez, et al., v. Kristopher Michael Walb*, No. 14-57007 (not for publication) wherein the Ninth Circuit Affirmed the Denial of Summary Judgement by the District Court. My opinions

supported argument in the Ninth Circuit case: *Estate of Shakina Ortega, et al., v. City of San Diego, et al.* No. 14-56824 (not for publication) wherein the Ninth Circuit Affirmed the Denial of Summary Judgement by the District Court. My opinions supported argument in the Ninth Circuit case: *Jerry Newmaker, et al., v. City of Fortuna, et al.* No. 14-15098 (for publication). My opinions supported argument in the Ninth Circuit Case: *Tonya E. Shirar, v. Miguel Guerrero, et al.* regarding use of lethal force and "suicide by cop," No. 15-55029 (not for publication). My opinions supported argument in the Ninth Circuit Case *Angel Mendez; Jennifer Lynn Garcia, v County of Los Angeles, et al.*, Nos. 13-56686, and 13-57072 (for publication) and which was settled before the Supreme Court, No. 16-369, regarding the use of lethal force and searches. My opinions supported argument in the Ninth Circuit case: *Chien Van Bui, et al, v City and County of San Francisco, et al*, No. 14-16585 (not for publication), regarding the use of lethal force. My opinions supported argument in the Sixth Circuit opinion, Case No. 16-5322, *Carey Woodcock v. City of Bowling Green, et al,* Originating Case No. 1:13-cv-00124 regarding the use of lethal force. My opinions supported argument in the Ninth Circuit opinion, Case No. No. 14-17388 (for publication), *Johnathan Jones, et al v. Las Vegas Metropolitan Police Department, et al,* Originating Case No. 2:12-cv-01636- regarding the use of lethal force and Taser weapons. My opinions supported argument in the Ninth Circuit opinion, Case No. 16-15606 (for publication), *Christian Longoria, et al v. Pinal County, et al,* Originating Case No. 2:15-cv-00043, PHX SRB, regarding the use of lethal force after a vehicle pursuit. My opinions supported argument in the Ninth Circuit case: *S. B. v. County of San Diego,* 864 F.3rd 1010 (9th Cir. 2017), (for publication) regarding issues of qualified immunity. My opinions supported argument in the Tenth Circuit case: *Russell Tenorio v. Brian Pitzer,* Case No. 2012-CV-01295 (U.S. Supreme Court No. 15-795) regarding issues of qualified immunity and use of deadly force.

The California Court of Appeal (Second Appellate District) drew in part from my expert report regarding search warrant service, *Macias v. County of Los Angeles*, 144 Cal. App.4th 313, 50 Cal. Rptr.3d 364 (2006). The California Supreme Court drew in part from my expert opinion regarding police tactics and the use of deadly force, *Hayes et al. v. County of San Diego et al.*, 57 Cal.4th 622 (2013).

On February 10, 1989, I was personally commended at the Los Angeles County Hall of Administration by United States Attorney General, the Honorable Edwin Meese III, for my work to establish California Penal Code Section 311.11 (forbidding the Possession of Child Pornography). On February 22, 1993 (at the time of my retirement), Mr. Meese

presented a second personal commendation for the success of this critical five-year effort to bring this law into effect. California Penal Code Section 311.11 is required training for all Law Enforcement Officers in California and taught extensively in the POST Basic Learning Domain #9: "Crimes Against Children,"pages 1-18 to pages 1-21.

On December 7, 2015 I was requested by the Cleveland District Attorney to present my opinions to the Cleveland Grand Jury regarding the November 22, 2014 shooting death of Tamir Rice by City of Cleveland police officers. In March, 2016 I was requested by the Delaware Attorney General to review and provide my opinions regarding the shooting death of Jeremy McDole. The AG report was published May 12, 2016.

I have been found competent by both Federal and State Courts to render opinions as to responsibilities as occurred in this case. A number of my cases have involved law enforcement officers as civil plaintiffs and as criminal defendants.

Since my retirement, I have become an expert in the features and the use of TASER International's products, including the Model M26, Model X26 and Model X2 ECDs. I own each, along with the download software. I have reviewed all the TASER training materials and am familiar with the risks and tactics associated with these potentially lethal devices. I have qualified as an expert on TASER products and testified both in deposition and before juries on their usage. Two published examples are *Lee v. Nashville*, 596 F. Supp. 2d 1101, 1121-22 (M.D. Tenn. 2009), and *Heston v. City of Salinas*, 2007 U.S. Dist. LEXIS 98433, *25-*26 (E.D. Cal. 2007). My most recent Federal acceptance/certifications as an expert in the general use and deployment of the TASER weapon (including Taser International product warnings/bulletins sent to every agency using the Taser weapon) occurred in Los Angles, California on November 7, 2017 in *William Mears, et al., v. City of Los Angeles, et al,* USDC Case No.: CV 15-08441 JAK (AJWx) and on February 22, 2018 in *Maria Hernandez; A.J., Jr., et al, v. City of Los Angeles, et al,* USDC Case No. 2:16-c-02689 AB (JEMx), and on May 3, 2018 in Heleine Tchayou, et al. v. City of Los Angeles, et al., Case No. 16-cv-06073-TJH-MRW. There are many others.

Attached as Exhibit A is a statement listing my law enforcement qualifications and experience; Exhibit B is my fee schedule; Exhibit C is a listing of matters in which I have testified in the last four years as an expert.

I reserve the right to modify my opinions to the extent additional information is provided.

I declare under penalty of perjury that the foregoing is true and correct.  Executed June 7, 2018, at Santee, CA.

Roger A. Clark

# EXHIBIT 2

**ROGER A. CLARK**

*10207 Molino Road • Santee CA 92071 • Telephone: (208) 351-2458. Fax: (619) 258-0045.*

## EXPERIENCE

**Police Procedures Consultant (self employed)**
April 1, 1993 to Present........................................................... **25 years**

I have been certified by Federal and State courts as expert in jail and police procedures in Federal and State Courts. I select my cases carefully and have consulted in approximately 1750 cases thus far since my retirement from the Los Angeles County Sheriff's Department.

**Substitute Teacher, Madison School District**
August 1994 to 2003.................................................................. **9 years**

I substitute teach at all levels in the school district (elementary to high school). As a volunteer, I wrote and managed a $85,000.00 federal grant for our Central High School. This grant is in its sixth year and has generated $510,000.00 for the school.

**District Liaison, State of Idaho Department of Juvenile Corrections**
August 1, 1995 to March 1, 1997.........................................**1 year, 7 months**

I represented the new Department of Juvenile Corrections to the ten counties in the Seventh Judicial District. As such, I worked closely with Probation Officers, County Commissioners, Judges, other state agencies, private care providers, etc. in the implementation of the new Idaho Juvenile Corrections Act of 1995. I wrote or participated in the writing of several federal grants for the District. I conducted training - both formal and informal - and developed a series of new therapy programs for juveniles with private care providers. I also served as the Director of the Detention Center and the State Placement Coordinator during this time.

**Los Angeles County Sheriff's Department**
December 1, 1965 to March 31, 1993................................**27 years 4 months**

**Note:** In 1993 the Los Angeles County Sheriff's Department had 7,000 sworn and 3,000 civilian personnel and a daily County Jail inmate population of 23,000.

**Service as a Lieutenant (15 Years, 0 Months):**

**1. Field Operations Region I**
**NORSAT** 11/15/87 to 3/31/93 **64 months**

I commanded a specialized unit created to investigate, locate, observe and arrest major (career) criminal offenders. This unit was designed as a multijurisdictional effort for the cities in the northern region of Los Angeles County. The command consisted of four (4) Sergeants, seventeen (17) Deputies, four (4) Police Officers, twenty five (25) Reserves, and three (3) civilian employees. The 1992 budget set at $1.5 million. The arrest rate averaged 500 career criminal arrests per year with a 97% conviction rate and no shots fired (on either side) for 61 consecutive months.

Significant contributions while assigned at this Bureau were:

- Increase in participating police agencies.
- Direct participation with corporate (private) agencies.
- Formation of a reserve and volunteer unit.
- Establishment of NORSAT Foundation private funding.
- Computerization of the unit.
- Promotion of fourteen personnel.
- Fleet expansion from 13 to 28 vehicles (donated).
- Formation of the DEA Valley Task Force.
- Field Operations Directive 89-3.

**2. Executive Offices**
**Reserve Forces Bureau** 05/01/84 to 11/15/87 **42 months**

I was the administrative officer to a specialized bureau responsible for coordinating the activities of 1,000 sworn reserve personnel, 900 civilian

volunteers, and 450 law enforcement explorer scouts. The Bureau identifies programs for their effective utilization throughout the Department; develops and tracks training programs; sponsors activities designed to promote growth and keep morale at high levels.

Significant contributions while assigned at this bureau are:

- Total restructure of the Academy training process for reserve Deputies.
- Implementation of upgrade programs to move lower level reserves to level I status.
- Departmental Reserve Certification procedures.
- Annual leadership seminar.
- The Reserve News, a nationally recognized police magazine.
- Computerization of the Bureau.

**3. Field Operations Region I**
**Crescenta Valley Station** 04/01/80 to 05/01/84 **49 months**

Crescenta Valley Station is a full service police facility of 100 personnel serving a population of 50,000 (including the Contract City of La Canada-Flintridge) and a total area of 250 square miles. During my four years service at this facility I served in every management role:

- **Nine months** as the Station Commander during an extended absence by the Captain (08/01/83 TO 05/01/84).
- **Sixteen months** as the Operations Lieutenant (03/01/82 TO 08/01/83).
- **Twelve months** as the station Detective Bureau Commander (03/01/81 to 01/01/82).
- **Twelve months** as a Watch Commander (04/01/80 to 03/01/81).

Significant contributions while assigned at this command are:

- Negotiation of an enhanced city contract (at a savings to the City).
- Formation of a volunteer community support group.
- Development and implementation of an integrated community emergency response plan.
- High School undercover narcotics operation.
- Restructure of the Station Detective Bureau.
- The annual station picnic, which was effective in boosting station morale.

4. **Custody Division**
**Central Jail** 04/01/78 to 04/01/80 **24 months**

The Los Angeles County Central Jail is the largest jail facility in the State of California, with a daily inmate population of seven thousand (7,000), an assigned staff of six hundred (600), and two hundred (200) civilian personnel. My service at this command was equally divided into two major assignments:

- Training and Logistics Lieutenant (04/01/79 to 04/01/80).
- Watch Commander (04/01/78 to 04/01/79).

Significant contributions while assigned at this command are:

- "Hot Fire" Training program, which is now a State (POST) mandated training module for all custody personnel throughout California.
- The "Defend in Place" fire safety operational plan for jail facilities.
- New fire safety specifications for jail bedding and mattresses.
- The development of fire safe jail mattress material.
- The development of a facility emergency response plan.
- The computerization of training, timekeeping, and scheduling for the facility (800 sworn and 200 civilian personnel).
- "Spouse day at CJ"--A program for spouses of employees.

**Service as a Sergeant (6 Years, 4 Months):**

5. **Administrative Division**
**Federal Surplus Property** 01/12/76 to 04/01/78 **27 months**

This program was entirely my idea and developed while I was assigned at my previous assignment (Emergency Operations Bureau). The unit provides millions of dollars in free federal excess and surplus food and property from clothing to heavy equipment and aircraft to the department each year. I am very proud of this contribution to the Department.

6. **Patrol Division**
**Emergency Operations** 02/01/74 to 01/12/76 **23 months**

I was among the original personnel that formed this unit which blended the activities of the Department's planning unit with emergency operations planning and preparation. I was assigned as the Personnel and Logistics Sergeant.

Significant contributions while assigned at this command are:

- Formation of a new County Emergency Operations Center.
- Participation in the 1974 Federal earthquake studies of Los Angeles County.
- Development of the Department's specialized Field Command Post equipment.
- Development of the Department's Field Booking Team.

7. **Patrol Division**
**Civil Defense Bureau** 12/01/73 to 02/01/74 **02 months**

I was assigned to this unit to facilitate the orderly transition into the new Emergency Operations Bureau.

8. **Patrol Division**
**San Dimas Station** 12/12/72 to 12/01/73 **12 months**

I performed all the duties of a Watch and Patrol Sergeant. I also frequently served as the Watch Commander.

9. **Technical Serviced Division**
**Communications Bureau** 12/01/71 to 12/12/72 **12 months**

I served as the Watch Commander in The Sheriff's Department's old radio room located at the Hall of Justice, and assisted in the transition to the existing communications facility.

**Service as a Deputy (6 Years, 0 Months):**

10. **Patrol Division**
**San Dimas Station**
**Detective Bureau** 01/01/70 to 12/01/71 **23 months**

I served as a Station Detective assigned to the evening watch. I handled the first response to all crimes requiring investigations. I processed all evening juvenile matters, prepared criminal complaints and juvenile petitions.

11. **Patrol Division**
**San Dimas Station Patrol** 01/29/68 to 01/01/70 **24 months**

I performed all duties assigned to Station Patrol: Jailer, Desk, Watch Deputy, Patrol, and Traffic.

12. **Technical Services Division**
**Transportation Bureau** 11/01/67 to 01/29/68 **02 months**

I was temporarily assigned to the Beverly Hills Municipal Court pending my assignment to a Patrol Station.

13. **Custody Division**
**Central Jail** 05/06/66 to 11/01/67 **18 months**

I returned to my previous assignment at the Central Jail after graduation from the Academy. I performed all aspects of a Custody Deputy i.e. Module Officer, Prowler, Control Booth, High Power, etc.

14. **Administrative Division**
**Academy** 01/17/66 to 05/06/66 **04 months**

I was a Sheriff's trainee assigned to Class #110.

15. **Custody Division**
**Central Jail** 12/01/65 to 01/17/66 **01 month**

I was a pre-academy Custody Deputy assigned to the Central Jail as an "off the street" Deputy Sheriff.

**DEGREES AND CERTIFICATION**

| | | |
|---|---|---|
| P.O.S.T. Command College (Class #5) | POST | 1988 |
| Management Certification | POST | 1980 |
| Advanced Certification | POST | 1975 |
| Associate of Science Degree | Chaffey College | 1971 |

# EXHIBIT 3

# Roger Clark

Police Procedures Consultant, Inc.
10207 Molino Road. Santee, CA 92071
Phone: (208) 351-2458, Fax: (619) 258-0045
rclark9314@aol.com

**UPDATED LIST OF SWORN TESTIMONY FOR RULE 26**

**June 5, 2014 to June 6, 2018**
(Revised June 6, 2018)

**Trial.** June 5, 2014. William F. Howard, et al., v. County of Riverside, et al. USDC Case No. CV 12-00700 VAP (Opx).

**Trial.** June 12, 2014. .Eduardo Enrique Alegrett, v. City and County of San Francisco, et al., USDC Case No. C12-5538 MEJ.

**Trial.** June 18, 2014. Antonio Rendon, et al., v. City of Indio, et al., Case No.: CV 13-00667 VAP (Opx).

**Deposition.** June 30, 2014. Larry and Pamela Olsen et al., v. California Department of Corrections, et al. USDC Case 08 CV 2035 Jah BLM.

**Civil Service Commission Hearing:** July 7, 2014. Regarding Deputy James Mee, Los Angeles County Sheriff's Department, IAB File 2291137.

**Trial:** July 14, 2014. Chelsey Hayes, et al, v. County of San Diego, et al. USDC Case No. 07-CV-1738 DMS (JMA).

**Deposition:** July 15, 2014. Nichole Gochmanosky, Marie Weber and Ashley Wardle, v. City of San Diego, et al. USDC Case No 12-CV-2944 L. NIS., and Kari Helstern, v. City of San Diego, et al. USDC Case No 13-cv-0321 LAB (RRB).

**Trial:** July 17, 2014. 1213. Servando G. Castaneda, et al v. County of Los Angeles, et al. Superior Court, State of California (County of Los Angeles) Case No. BC511592.

**Deposition:** July 23, 2014. Miguel A. Gonzales-Chavez, v. City of Bakersfield, et al., Case No.: 1:12-CV-02053-AWI-JLT

**Deposition:** July 24, 2014. Maria Munoz, et al, v. County of Riverside, et al. Superior Court, State of California (Riverside County), Case No RIC 1207941.

**Deposition:** August 6, 2014. Carmen Ruvalcaba, v. City of Los Angeles, et al. USDC Case No 12-CV-06683 DDP (MAN).

**Trial:** August 14, 2014. Maria Munoz, et al, v. County of Riverside, et al. Superior Court, State of California (Riverside County), Case No RIC 1207941.

**Deposition:** August 15, 2014. Precious Venable v. City of Milwaukee, et al., USDC Case No. 13-cv-1114; Joe Bohannon v. City of Milwaukee, et al., USDC Case No. 13-cv-1224; Angus Wright v. City of Milwaukee, et al., USDC Case No. 13; Chavies Hoskin v. City of Milwaukee, et al. USDC Case No. 13-cv-0920.

**Deposition:** August 24, 2014. Merricks Prudhomme, v. City of Orange, et al. Superior Court (Orange County) Case No. 30-2013 00654570.

**Deposition:** August 27, 2014. Carlos Sierra v. County of Los Angeles, et al. Superior Court Case No. BC 477258.

**Deposition:** August 29, 2014. Robert Tidwell v City of Round Rock, et al., USDC (Texas) Case No.: 1:13.

**Trial:** September 9, 2014. Antione Leron Willis, v. Joseph Wagner, et al. USDC (Illinois) Case No. 08 CV 01964.

**Deposition:** September 12, 2014, Elizabeth Adam & Robert Chester Henning, v. County of Los Angeles, et al. USDC Case No. CV 13-1156 GW (JCGx).

**Deposition:** September 14, 2014. Daniel Johnson, v. County of Los Angeles, et al. USDC Case No. CV14-00368 SVW (Jex).

**Trial:** September 17, 2014. Maxine Sherard v. City of San Diego, et al. USDC Case No. 11cv2854-L (MDD).

**Deposition:** September 26, 2014. Joseph Lozano v. City of Rialto, et al. USDC Case No. EDCV 13-1636 GHK.

**Trial:** October 6, 2014. Scirocco Giles, v. Nicholas Ludwig, et al., USDC (Chicago) Case No. 12 C 6746.

**Deposition:** October 14, 2014. Geoffrey Ernest Johnson, v. County of Los Angeles, et al. USDC Case No. CV-13-4496 MMM (AJWx).

**Deposition:** October 16, 2014. The Estate of Angel Lopez, et al., v. City of San Diego, et al.

Case No.: 13CV2240 GPC BGS.

**Deposition:** October 21, 2014. Shirar et al, v. CHP Officer Miguel Guerrero, et al, USDC Case No. EDCV 13 - 0906 JGB (Opx).

**Deposition:** October 27, 2014. R.Z., a minor (Zermeno), et al., v. County of Riverside, et al., Case No.: EDCV 13-01251 FMO (DTBx).

**Trial:** October 30, 2014. Chandler Todd Barr v. The City of Albuquerque, et al. USDC Case No. CIV 12-1109 GBW-RHS.

**Deposition:** November 7, 2014. Brejanea Burley, et al., v. County of Los Angeles, et al. Superior Court, (Los Angeles County) Case No. TC027341.

**Deposition:** November 12, 2014. Michael Huey, et al, v. City of Vallejo, et al. USDC Case No. 2:13-CV-00916. JAM KJN.

**Trial:** November 13, 2014. Barbara Padilla, et al., v. City of Anaheim, et al., Case No. SACV12-622 JVS (JPRx).

**Deposition:** November 14, 2014. Frank Martinez v. County of Los Angeles et al. USDC Case No. CV 13-3825 CAS (JCGx).

**Deposition:** November 17, 2014. Randy Lynn v. City of Indianapolis, et al., Case No. 1:13-CV-00179-JMS-TAB.

**Deposition:** November 19, 2014. Sandra Blount, aka, Sandra Castro, v. City of Los Angeles, et al., Case No.: CV13-08672DDP.

**Deposition:** November 20, 2014. Harrison Orr, v. California Highway Patrol, el al., Case No. 2:14-cv-00585-WBS-EFB.

**Deposition:** November 25, 2014. James Ligon, v. CHP Officer Joe Lafauci, et al. USDC Case No. Cv 13-02875 (RMW).

**Trial:** December 1, 2014. Brejanea Burley, et al., v. County of Los Angeles, et al. Superior Court, (Los Angeles County) Case No. TC027341.

**Deposition:** December 2, 2014. K.C.R. (Rivera) a minor, et al, v. County of Los Angeles, et al. USDC Case No. CV 13-03806 PSG (Ssx).

**Deposition:** December 4, 2014. Andre Little, an Individual, v. City of Richmond, et al., Case No: CV-1302067-JSC.

**Trial:** December 9, 2014.  Lee Lacy, v. Sergeant Elizabeth Palmer, et al., Case No. 12-CV-00624-MMA-JMS.

**Deposition:** December 12, 2014.  Esperanza Booke, et al, v. City of Stanger, et al., Case No.: 1:13-cv-00586-AWISAB.

**Deposition:** December 17, 2014.  Donald Geary, v. County of Orange, et al.  USDC Case No. SACV09-01386 JVS (Anx).

**Trial:** December 29, 2014.  People v. Lorenzo Gomez, San Bernardino County Case No. FSB 1200922.

**Deposition:** January 7, 2015.  Michael Wann, et al., v County of San Bernardino, et al, Case No.: EDCV13-1422, JGB (DTBx).

**Trial:** January 14, 2015.  People v. Luis Alberto Torres, Superior Court, State of California (San Mateo County), Case No. SM 386562.

**Deposition:** January 16, 2015.  Shawn Tulcey, an Individual, v. County of Los Angeles, et al. Case No. CV13-3773 BRO (FFM).

**Trial:** January 23, 2015.  Patrick Torres, v. City of Los Angeles, et al., Case No. CV-01200-MWF-JCG.

**Deposition:** January 26, 2015.  Bennie Starks, v. City of Waukegan, et al. USDC Case No. 09 CV 348.

**Trial:** January 28, 2015 & January 29, 2015.  Andre Little, an Individual, v. City of Richmond, et al., Case No: CV-1302067-JSC.

**Trial:** February 11, 2015.  Miguel A. Gonzales-Chavez, v. City of Bakersfield, et al., Case No.: 1:12-CV-02053-AWI-JLT.

**Deposition:** February 18, 2015.  Rafael Garcia Miranda and Olga Martha Garcia, v. City of Anaheim, et al.  USDC Case No. SACV 13-01826.

**Deposition:** February 20, 2015.  Jackaline Ann Gaston, et al v. County of San Bernardino et al. Case No.: 5:14-cv-00403-VAP-DTB.

**Trial:** February 26, 2015.  1282. People v. Jordan Hughes.  Superior Court, State of California (Solano County), Case No. FCR285903.

**Deposition:** March 5, 2015.  Guillermo Alarcon, v. City of Los Angeles, et al.  USDC Case CV09-04210 CBM (FFMx).

**Deposition:** March 9, 2015. Eder Herrera v. City of, Brea, et al. USDC Case No. SACV 12-1650, SS.

**Deposition:** March 10, 2015. Christian Payan v. County of Los Angeles, et al. Case No. 2:14 CV-07360-SVW-JEM.

**Trial:** March 11, 2015. Superior Court, State of California, (San Francisco City and County). People v Ray Jones, Case No. SCN 223374, Court No. 14030794.

**Deposition:** March 12, 2015. Sara Valtierra, and Javier Arrazola, v. City of Los Angeles, et al. USDC Case No. CV 13-07562-CAS (Ex).

**Deposition:** March 13, 2015. Nagy Salib v. City of Riverside, et al. USDC Case No. EDCV 13-1682-MWF (Opx).

**Trial:** March 17, 2015. Shawn Tulcey, an Individual, v. County of Los Angeles, et al. Case No. CV13-3773 BRO (FFM).

**Trial:** March 18, 2015. Christian Payan v. County of Los Angeles, et al. Case No. 2:14 CV-07360-SVW-JEM.

**Trial:** March 19, 2015. Anita Doporto v. City of Tulare, et al., USDC Case No. EDCV 1:13-cv-00898 LJO SKO.

**Trial** (retrial): March 26 & 27, 2015. Andre Little, an Individual, v. City of Richmond, et al., Case No: CV-1302067-JSC.

**Deposition:** April 1, 2015. Brian Reed, et al., v. City of Modesto, et al. USDC Case No. 1:11-CV-01083-GSA.

**Deposition.** April 9, 2015. Denise Green, v. City and County of San Francisco, et al. USDC Case No. C10-2649 RS.

**Deposition.** April 10 &11, 2015. Jose Henriquez, e al, v. City of Bell, et al. USDC Case No. 2:14-cv-196 GW (Ssx).

**Deposition.** April 10, 2015. Rafael Gonzalez, et al, v. City of Anaheim, et al. Case No. CV10-4660 USDCPA (Shx).

**Deposition.** April 14, 2015. Jose Gutierrez, v. United States Customs and Border Protection, USDC Case No. 2:13-CV-00585 DGC.

**Trial.** April 16, 2015. Nagy Salib, v. City of Riverside, et al. Case No. EDCV 13-1682 MWF (OPX).

**Trial.** April 15 and 17, 2015. Jim Maxwell et al. v. San Diego County, et al. USDC Case No. 07-cv-2385 JAH (Wmc).

**Trial.** April 20 & 21, 2015. Naji Muhammad (Jackson), et al., v. Frank Pawlowski, et al. USDC (Pennsylvania) Case No. 2:11.

**Deposition.** April 22, 2015. Robert J. Reese, Jr. v. County of Sacramento, et al., Case No. 2:13-cv-00559 JAM DAD.

**Deposition.** April 24, 2015. Guillermo Ramirez, et al. v. City of Oxnard, et al., USDC Case No.: CV 13-01615 MWF AN.

**Deposition.** April 28, 2015. Idalia J. Morgutia-Johnson, v. City of Fresno, et al. USDC Case No. 1:14-CV-000127 LJO-SKO.

**Trial.** April 29, 2015. Sara Valtierra, and Javier Arrazola, v. City of Los Angeles, et al. USDC Case No. CV 13-07562-CAS (Ex).

**Trial.** May 6 & 7, 2015. Brian Reed, et al., v. City of Modesto, et al. USDC Case No. 1:11-CV-01083-GSA.

**Deposition.** May 11, 2015. Carey Woodcock, et al. v. City of Bowling Green, Kentucky, et al. USDC Case No. 1-13-CV-00124-JHM.

**Deposition.** May 18, 2015. Kimberly Deen, et al, v. City of Redding, et al. USDC Case No. 2:13-CV-01569 KJM-CMK.

**Trial.** May 20, 2015. John Warner Stephens, v. County of San Diego, et al. USDC Case No., 11cv2832 AJB (KSC).

**Deposition:** May 26, 2015. Joshua Chavez v. City of Hayward et al., Case No.:C-14-00470 DMR ADR.

**Deposition:** May 27, 2015. Edward Monroe, v. City of Richmond, et al., Case No.: 3:14 CV 00795 WHO.

**Trial:** May 28, 2015. Merricks Prudhomme, v. City of Orange, et al. Superior Court (Orange County) Case No. 30-2013 00654570.

**Deposition:** May 29, 2015. Jonathan Meister, v. City of Hawthorne, et al. USDC C.D. Cal. Case No. CV 14-1096-MWF (SHx).

**Deposition:** June 1, 2015. Cash Jerome Ferguson-Cassidy, v. City of Los Angeles, et al., USDC Case No. CV14-06768 SVW (JPRx).

**Trial**: June 8, 2015 Harrison Orr, v. California Highway Patrol, el al., Case No. 2:14-cv-00585-WBS-EFB.

**Trial:** June 11, 2015. Idalia J. Morgutia-Johnson, v. City of Fresno, et al. USDC Case No. 1:14-CV-000127 LJO-SKO.

**Deposition:** June 15, 2015. Juan Herrera, v. City of Los Angeles, et al. USDC Case No. 2:13-cv-08831-ABC AS.

**Trial:** June 23, 2015. Guillermo Ramirez, et al. v. City of Oxnard, et al., USDC Case No.: CV 13-01615 MWF AN.

**Deposition**: June 26, 2015. C.E.W. a minor, et al., v City of Hayward, et al., Case No.: C 13-04516 LB.

**Trial:** July 1 & 2, 2015. Juan Herrera, v. City of Los Angeles, et al. USDC Case No. 2:13-cv-08831-ABC AS.

**Deposition:** July 10, 2015. Perla Carr, v. Montgomery County, Texas, et al., Case No.: 4:13-cv-2795.

**Deposition:** July 13, 2015. Stephanie Bruno, et al, v. Donald Hubbard, et al., Circuit Court, Jackson County (Missouri), Case No. 1416-CV 18501.

**Deposition:** July 16, 2015. Donna Lancaster, v. Kansas City Board of Police Commissioners, et al., Case No.:4:14-cv-00171-SOW.

**Deposition:** July 23, 2015. Sharam Borjkhani, et al. v. CHP, et al. Superior Court, State of California (Los Angeles County). Case No. BC487580.

**Deposition:** July 27, 2015. Michael Fulton v. Brian Thayer, et al., Case No.: CV10-00137-JCG.

**Deposition:** July 29, 2015. Orly Vered, et al., v County of Los Angeles, et al., Case No.: CV14-9559 MWF (MANx).

**Trial:** August 6, 2015 Oscar Morales v. City of Los Angeles, et al. USDC Case No. CV 11-04757 SVW (Shx).

**Deposition.** August 11, 2015  Kimberly Mitchell, et al, v. Muhlenberg Community Hospital, et al.  Muhlenberg Circuit Court, Commonwealth of Kentucky Case No. 12

**Deposition:** August 12, 2015.  Russell Martinez v. Joseph Salazar, et al., D.N.M. Case No. 14-cv-00534 KG/WPL.

**Deposition.** August 17, 2015.  Dr. Gary D. Frakes, v. Sergeant William R. (Billy) Masden and Captain Dustin Ott. USDC (Texas) Case No. 4:14-cv-1753.

**Deposition.** August 20, 2015.  Emmanuel Bracy, v. City of Los Angeles, et al.  Case No. C13-09350 (JC).

**Deposition.** August 24, 2015.  Porfirio Santos-Lopez, an Individual v. City of Long Beach et al., Case No.: CV14-05781-FMO-AS.

**Deposition:** August 26, 2015.  Aaron Vincent Arde Catacutan, v. City of San Jose, et al. Superior Court, State of California (Santa Clara County) Case No. 113 CV 254501.

**Deposition:** August 31, 2015.  Sammy Sanchez, et al v. City of Tucson, et al.  USDC Case No. 72-1576857.

**Trial:** September 8, 2015.  Cash Jerome Ferguson-Cassidy, v. City of Los Angeles, et al., USDC Case No. CV14-06768 SVW (JPRx).

**Deposition:** September 10, 2015.  Juventino Rodarte, v. Alameda County, et al.  USDC Case No. 4:14-cv-00468-KAW.

**Deposition:** October 2, 2015.  Brennan Colbert, v. County of Kern, et al., Case No.: 1:13-cv-01589-JLT.

**Trial:** October 7, 2015.  Michael Fulton v. Brian Thayer, et al., Case No.: CV10-00137-JCG.

**Trial:** October 16, 2015.  Kristy Beets, et al, v. County of Los Angeles, et al.  Superior Court, State of California (County of Los Angeles) Case No. KC 057667.

**Trial:** October 19, 2015 & October 20, 2015.  Christopher J. Windsor, v. Chris Eaves, et al., Case No. 5:13-CV-00038.

**Deposition:** October 27, 2015.  Francisco Arrieta, et al., v. County of Kern, et al., Case No.:1:14-CV-00401-LJO-JLT.

**Deposition:** October 28, 2015.  Lorenzo Adamson, an individual, v. City of San Francisco, et

al., Case No.: 4:13-cv-05233-DMR.

**Trial.** October 29, 2015. Robert J. Reese, Jr. v. County of Sacramento, et al., Case No. 2:13-cv-00559 JAM DAD.

**Trial.** November 3, 2015. Lance Ricotta, v. City of Imperial, Ca, et al., Case No.: 13CV1454 DMS WVG.

**Deposition.** November 9, 2015. Dorothy Jean Sams, et al, v. City of Los Angeles, et al, Superior Court (Los Angeles County) Case No. BC537879.

**Trial.** November 10 & 11, 2015. People v. Former Webster Police Officer D. Bassett. 339th District Court, Harris County, Texas, Cause No. 1411316.

**Trial.** November 12, 2015. People v. Marcus Stewart, Superior Court (Santa Clara County), State of California Case No. C1370824.

**Trial.** November 13, 2015. Lorenzo Adamson, an individual, v. City of San Francisco, et al., Case No.: 4:13-cv-05233-DMR.

**Deposition:** November 18, 2015. Miguela Nuila, v. City of Los Angeles, e al. USDC Case No. CASE NO. CV 14-9160 DDP (PJWx).

**Deposition:** November 18, 2015. Damion Russell et al., v. City of Los Angeles, et al., Case No.: CV-14-09433-JFW (Ex).

**Deposition:** November 20, 2015. Raymond Newberry et al. v. County of San Bernardino, ED-CV14-02298 JGB (SPx)

**Deposition:** November 23, 2015. Robert Barron, v. City of Redding, et al., USDC Case No.: 2-14-CV-01107 MCE-CMK.

**Deposition:** December 2, 2015. Sukhwinder Kaur, et al, v. City of Lodi, et al. USDC Case No. 2:14-cv-00828 GEB-AC.

**Deposition:** December 3, 2015. Isaiah Salvadore Zepeda, te al, v, County of Los Angeles, et al. Superior Court (Los Angeles County) Case No. BC450200.

**Grand Jury Testimony:** December 7, 2015. People v. Officer Timothy Loehman and Officer Fran Garmback, Cuyahoga County (Ohio) Grand Jury. [Civil Case No: 14 Civ. 02670.]

**Trial:** December 9 & 10, 2015. Superior Court, State of California (Los Angeles County), People v. Ugene Park & Sarah DeLeon, Case No. 5SY03653, DR No. 15-1087.

**Trial:** December 15, 2015. Alejandra Ruiz, et al., v. City of Medford, et al. Circuit Court, State of Oregon (Jackson County), Case No. 13CV07663.

**Trial:** December 17, 2015. Isaiah Salvadore Zepeda, et al, v, County of Los Angeles, et al. Superior Court (Los Angeles County) Case No. BC450200.

**Deposition:** December 22, 2015. Jordan Edward Branscum, v. San Ramon Police Department, et at. Case No. Case No.: C11-04137 LB.

**Deposition:** December 28, 2015. Susan Rush, v. City of Santa Monica, et al. USDC Case No. BC568815.

**Preliminary Hearing & Motion to Suppress:** January 5, 2016. People v. Gregory Williams, Superior Court, State of California (Solano County), Case No. VCR223119.

**Preliminary Hearing & Motion to Suppress:** January 5, 2016. People v. Gregory Williams, Superior Court, State of California (Solano County), Case No. VCR223119.

**Deposition:** January 8, 2016. Doris Ray Knox v. City of Fresno, et al. USDC Case No. 1:14-CV-00799 EPG.

**Deposition:** January 11, 2016. Refugio Nieto, et al., v. City and County of San Francisco, et al., Case No.: C14-03823-NC.

**Deposition:** January 12, 2016. Garry Bradley, v. County of Los Angeles, et al. Superior Court, State of California (Los Angeles County), Case No. BC473200.

**Deposition:** January 13, 2016. Jesse Trevino, v. Bakersfield Police Department, et al., Case No. 1:14-CV-01873 JLT.

**Deposition:** January 21, 2016. Richard A. Collender, et al., v. City of Brea, et al. USDC Case No. SACV 11000530 AIJ-MLGx.

**Deposition:** January 26, 2016. The Estate of Cecil Elkins, Jr., et al., v. California Highway Patrol, et al., Case No.: 1:13-CV-01483-AWI-SAB.

**Trial:** February 2 and 3, 2016. Dorothy Jean Sams, et al, v. City of Los Angeles, et al. Superior Court, State of California (Los Angeles County), Case No. BC537879

**Deposition:** February 4, 2016. Rayven Vinson, et al, v. City of Los Angeles, et al. USDC Case No.: CV 14-4488-PLA.

**Deposition:** February 10, 2016. V.W., a minor, et al., v. Robert Nichelini, et al., Case No.: 2:12-CV-01629-LKK-AC.

**Deposition:** February 12, 2016. Maria Del Carmen Rivas, et al., v. City of Los Angeles, et al., Case No.:2:15-CV-000456-JFW-JEM.

**Trial:** February 19, 2016. Esperanza Booke, et al, v. City of Sanger, et al., Case No.: 1:13-cv-00586-AWISAB.

**Deposition:** February 22, 2016. Fernando Del Castillo, et al., v. City of Tempe, et al., Case No.: CV-214-1945-PHX-DLR.

**Deposition:** February 29, 2016. J.A.L., a Minor, et al, v. Mike Santo, et al. USDC Case No.: CV-15-00355.

**Trial:** March 2, 2016. Richard A. Collender, et al., v. City of Brea, et al. USDC Case No. SACV 11000530 AIJ-MLGx.

**Deposition:** March 3, 2016. Michael A. Storms, v. City of Clarkston, et al., Case No.: 2:14 CV 000254 TOR.

**Trial:** March 7, 2016. Refugio Nieto, et al., v. City and County of San Francisco, et al., Case No.: C14-03823-NC.

**Deposition:** March 15, 2016. J.J.D. v. City of Torrance, et at. USDC Case No. CV14-07463-BRO-MRW.

**Trial:** March 17, 2016, People v. Mark Cappello, Superior Court, State of California (Sonoma County). Case No. SCR-630974.

**Deposition:** March 23, 2016. Ioana Aronovici, v. City of Anaheim, et al., Orange County Superior Court Case No. 30-2014-00762502 CU-PA-CJC.

**Deposition:** March 25, 2016. Reynalda Molina, et al, v. City of Visalia, et al. CASE NO. 1:13-CV-01991-LJO-SAB.

**Deposition:** April 4, 2016. Ayounna McClinton (Estate of Duane Strong), v. City of Tallahassee, et al., Case No.: 4:15-CV-278-RH/CAS.

**Trial:** April 1 & 5, 2016. K.C.R. (Rivera) a minor, et al, v. County of Los Angeles, et al. USDC Case No. CV 13-03806 PSG (SSx).

**Trial:** April 5, 2016. J.J.D. (Dolak) v. City of Torrance, et al. USDC Case No. CV14-07463 BRO-MRW.

**Trial:** April 6, 2016. Garry Bradley, v. County of Los Angeles, et al. Superior Court, State of California (Los Angeles County) Case No. BC473200.

**Trial:** April 12, 2016. Jesse Michael Espinoza, v. City of Mesa, et al. USDC (Arizona) Case No. CV2013-092842.

**Deposition:** April 14, 2016. The Estate of Anthony Agustin Banta, et al. v. City of Walnut Creek, et al. USDC Case No. C13-00342 CRB.

**Deposition:** April 18, 2016. Stephen McCollum et al., v. Texas Department of Criminal Justice, et al. Case No.3:12-CV-02037.

**Deposition:** April 27, 2016. Tan Lam v. City of Los Banos, et al. Case No. 2:15-cv-00531 MCE, KJN

**Deposition:** May 2, 2016. Edsell Ford, et al. v City of Los Angeles, et al. USDC Case No. CV14-7268 JFW - MAN.

**Deposition:** May 4, 2016. Susan Mellen, et al. v. City of Los Angeles, et al., Case No. CV15-03006 GW (AJWx).

**Deposition:** May 10, 2016. Dennis Mitchell Mueller, v. Deputy Manuel Cruz, County of Orange, et al. USDC Case No. CV 13-01274 CJC (JCGx).

**Deposition:** May 13, 2016. Robert Jackson III, v. County of San Bernardino, et al. USDC Case No. EDCV 13-01650-JGB (DTBx).

**Trial:** May 17, 2016. Gordon v. Harris County et al.,USDC Case No. 4:14-cv-03463, S.D. of Texas (Houston).

**Deposition:** May 27, 2016. Oscar Ramirez, Sr. v. County of Los Angeles; Bryan Moreno, et. al.U.S. District Court Case No.: CV 15-03062 AB (PLAx).

**Deposition:** June 6, 2016. Brett Lewis, v. Café Club Fais Do Do, et al., Superior Court, State of California (Los Angeles County), Case No. BC 468234.

**Trial:** June 13, 2016. Rayven Vinson, et al, v. City of Los Angeles, et al. USDC Case No.: CV 14-4488-PLA.

**Deposition:** June 14, 2016. Edin S. Castellanos, v. State of California, et al., Case No.: 4:15-cv-00272-JSW.

**Deposition:** June 20, 2016.  Lance McClain, et al, v. City of Eureka, et al. Case No. 3:15-cv-02070 WHO.

**Deposition:** June 21, 2016.  Moises Palacios, Victoria et al., v. City of Los Angeles, et al., Case No.: 14-cv-09639-MJF (AJWx).

**Trial:** June 24, 2016.  Brett Lewis, v. Café Club Fais Do Do, et al., Superior Court, State of California  (Los Angeles County), Case No. BC 468234.

**Deposition:** June 29, 2016.  Terence Wyatt, v. Gary Colbert, et al., USDC Case No. 5:15-cv-586.

**Deposition:** June 30, 2016.  Sergio Pina v. City of Los Angeles, et al. USDC Case No. 13-CV-04989-FMO-MRW.

**Deposition:** July 8, 2016.  R.R.R., et al. v. City of Banning, et al., USDC Case No. 5:14-cv-01430-CAS-FFM.

**Deposition:** July 13, 2016.  Justin L. Palmer, v. City of Santa Monica, el al., Case No.: 2:15-cv-06183-SJO-JC.

**Trial:** July 14, 2016.  Robert Jackson III, v. County of San Bernardino, et al.  USDC Case No. EDCV 13-01650-JGB (DTBx).

**Trial:** July 18, 2016.  Edin S. Castellanos, v. State of California, et al., Case No.: 4:15-cv-00272-JSW.

**Deposition:** July 21, 2016.  Arthur Scott, v. City of San Diego, et al.  Superior Court, State of California (San Diego County), 37-2015-00001940 CU-OE-CTL.

**Deposition:** July 28, 2016.  1506.  Gladis Herrera, et al. v. City of Ontario, et al.  Case No. 5:15-cv-01370.

**Deposition:** August 1, 2016.  Estate of Andrea Naharro (Barnard), et al., vs. County of Santa Clara, et al., Case No.: 14-04570.

**Trial:** August 3 & 4, 2016.  Dennis Mitchell Mueller, v. Deputy Manuel Cruz, County of Orange, et al.  USDC Case No. CV 13-01274 CJC (JCGx).

**Deposition:** August 5, 2016.  Sarai Urdez Navarro, et al., v. County of Riverside, et al. USDC Case No. ED CV14-01201 GHK (PLAx).

**Trial:** August 11, 2016.  Daniel L. Kloberdanz, v. Joseph M. Arpaio, et al., USDC Case No.: 2:13-cv-02182-PHX-JWS.

**Deposition:** August 17, 2016. Catherine Smith, et al., v. County of Butte, et al. USDC Case No. 2:15-CV-00988 GEB-CMK.

**Deposition:** August 25, 2016. Joshua Osorio, et al. v. State of California (CHP) et al. Superior Court State of California (San Diego County) Case No. 37-2013-0072536 CU-CR-CTL

**Deposition:** August 26, 2016. J.L.D. (Douchet), et al, v. City of Los Angeles, et al. USDC Case No. CV11-03141 SVW - MAN.

**Trial:** August 29, 2016. People v. Gabrielle Lemos. Superior Court, State of California, Sonoma County Case No. SCR-674200.

**Trial:** August 31, 2016. Justin L. Palmer, v. City of Santa Monica, el al., Case No.: 2:15-cv-06183-SJO-JC.

**Deposition:** September 2, 2016. Maria Teresa Abrego, et al, v. City of Los Angeles, et al. Case No. CV15-00039 BRO (JEMx).

**Trial:** September 9, 2016. 1518. J.L.D. (Douchet), et al, v. City of Los Angeles, et al. Superior Court Case No. CV11-03141 SVW - MAN.

**Trial:** September 15, 2016. The Estate of Anthony Agustin Banta, et al. v. City of Walnut Creek, et al. USDC Case No. C13-00342 CRB.

**Deposition:** October 7, 2016. Teresita Garcia, et al, v. County of Los Angeles, et al. State of California, Superior Court (Los Angeles County), Case No. BC553204.

**Deposition:** October 17, 2016. Robert Zambrano, et al, v. Redondo Beach, et al. State of California, Superior Court (Los Angeles County), Case No. BC566142.

**Deposition:** October 18, 2016. Nyla Moujaes v. San Francisco Police Department Officer David Wasserman and Sergeant Gary Buckner, Case No.: 3:15-cv-03129 DMR.
Client Attorney:

**Deposition:** October 19, 2016. Richard Vos, et al, v. City of Newport Beach, et al., Case No.: 8:15-cv-00768-JCG.

**Deposition:** November 1, 2016 Darren Donald Liess, et al. (Darren) v. City of Los Angeles, et al. Superior Court Case No. BC541691.

**Trial:** November 3, 2016. 1506. Gladis Herrera, et al. v. City of Ontario, et al. Case No. 5:15-cv-01370.

**Deposition:** November 7, 2016. Adolfo Garcia, et al v. William Davidson, et al. Superior Court (San Diego County) Case N0. 37-2014-00021070 CU-CR-CTL.

**Deposition:** November 15, 2016. 1546. Keivon Young v. County of San Bernardino, et al. Case No. 5:15-CV-01102 JGB-SP.

**Trial:** November 17, 2016. Lance McClain, et al, v. City of Eureka, et al. Case No. 3:15-cv-02070 WHO.

**Deposition:** November 21, 2016. Mark Covert, v. City of San Diego, et al, USDC Case No.: 15cv2097 AJB (WVG).

**Trial:** November 23, 2016 and November 28, 2016. Emmanuel Bracy, v. City of Los Angeles, et al. Case No. C13-09350 (JC).

**Trial:** December 1, 2016. Keivon Young v. County of San Bernardino, et al. Case No. 5:15-CV-01102 JGB-SP.

**Trial:** December 2, 2016. Terence Wyatt, v. Gary Colbert, et al., USDC Case No. 5:15-cv-586.

**Trial:** December 8, 2016. People v. George Clayton Maurer II. Superior Court, State of California (Los Angeles County) Case No. 5JB09210.

**Trial:** December 9 & 12, 2016. Darren Donald Liess, et al. (Darren) v. City of Los Angeles, et al. Superior Court, State of California (Los Angeles County) Case No. BC541691.

**Trial:** December 16, 2016. Nyla Moujaes v. San Francisco Police Department Officer David Wasserman and Sergeant Gary Buckner, Case No.: 3:15-cv-03129 DMR.

**Deposition:** December 21, 2016. Anthony T. Baker, v. City of Glendale, et al., Case No.: 2:15-cv-02432-DLR.

**Deposition:** January 3, 2017. Wilmer Deckard and Nicol Deckard, v. City of Anaheim, et al., Superior Court, State of California (Los Angeles County), Case No 30-2015-00819021 CU-CR-CJC

**Deposition:** January 4, 2017. The Estate of Julian Ramirez-Galindo, et al., v. Untied States of America, et al., Case No.: 15-CV-1694 W(NLS).

**Deposition:** January 5, 2017. Karen Fusilier, v. County of San Bernardino. Superior Court, State of California (San Bernardino County), Case No. CIVDS1313206.

**Deposition:** January 11, 2017. I.A. and C.S., et al., vs. City of Emeryville, et al., Case No.: 4:15-cv-04973-DMR.

**Deposition:** January 13, 2017. The Estate of Ashley DiPiazza, et al., v. City of Madison, and Justin Bailey, Gary Pihlaja, and Carey Leerek, Case No.: 16cv060.

**Trial:** January 18, 2017. Arthur Scott, v. City of San Diego, et al. Superior Court, State of California, (San Diego County). Case No. 37-2015-00001940 CU-OE-CTL

**Deposition:** January 24, 2017. William Mears, et al., v. City of Los Angeles, Case No.: CV 15-08441 JAK (AJWx).

**Deposition:** January 27, 2017, Sylvia Perkins, as Personal Representative of the Estate of Bobby Moore, III, Deceased, vs. Joshua Hastings, et al., Case No.: 4:14-CV-310-BSM.

**Deposition**: January 31, 2017. Ian Medjes v. City of Los Angeles, et al. Case No. CD Cal. 2:14-cv-5377-DDP-RZ.

**Deposition:** February 3, 2017. S.R. Nehad (Rawshaneehad), et al v. City of San Diego, et al. Case No. 15-cv-1386-WQH-NLS

**Deposition:** February 21, 2017. Osvaldo Ureta, et al. v. County of Los Angeles, et al. Superior Court, State of California (Los Angeles County), Case No. BC501051.

**Trial:** February 22, 2017. Maria Teresa Abrego, et al, v. City of Los Angeles, et al. Case No. CV15-00039 BRO (JEMx).

**Trial:** February 28, 2017. 1428. Alice Smithen, v. United States of America (U.S. Marshall), et al. Case No. CV 09-0414 GW (PJWx).

**Trial:** March 1, 2017. Wilmer Deckard and Nicol Deckard, v. City of Anaheim, et al., Superior Court, State of California (Los Angeles County), Case No 30-2015-00819021 CU-CR-CJC.

**Trial:** March 6, 2017. Regarding: Russell Martinez v. Joseph Salazar, et al., D.N.M. Case No. 14-cv-00534 KG/WPL (Albuquerque, NM.)

**Deposition:** March 9, 2017. Maria Delores Ramirez, v. City of Los Angeles, et. al. USDC Case No: CV 15-02179 MWF (FFMx).

**Deposition:** March 17, 2017. Lisa Lopez, et. al., v. County of Los Angeles, et al., USDC Case No.: CV 16-00098-AB-KS

**Deposition:** March 24, 2017. Monica Ramirez, et al, v. City of Los Angeles, et al. Superior Court State of California (Los Angeles County), Case No. BC597276.

**Deposition:** March 27, 2017. Sheronda A. Byrd-Givens, et al, v. Stephen E. Asch, et al., Case No. 2 :16-cv-00410-MHW-KAJ D.

**Trial:** March 28, 2017. Maria Delores Ramirez, v. City of Los Angeles, et. al. USDC Case No: CV 15-02179 MWF (FFMx).

**Deposition:** April 3, 2017. Walter Deleon, et al., vs. City of Los Angeles, et al., Case No.: 2:16-cv-03721-FMO-RAO. 1595

**Trial:** April 5, 2017. Joshua Osorio, et al. v. State of California (CHP) et al. Superior Court State of California (San Diego County) Case No. 37-2013-0072536 CU-CR-CTL

**Deposition** April 7, 2017. Channel Centeno, et al., v. City of Fresno, et al., Case No.: 1:16-CV-00653-DAD-SAB.

**Deposition:** April 10, 2017. Allen B. Shay v. County of Los Angeles – Case No. 15-CV-4607 CAS (RAO).

**Deposition:** April 14, 2017. Eliel Paulino, v. Marco Cruz, et al., Case No. CV16-02642-NC.

**Trial:** April 20, 2017. Marius Mitchell v. Neal A. Robertson, Case No.: 2:16.

**Deposition:** April 24, 2017. Mercedes Hernandez, v. Department of Motor Vehicles, et al. Superior Court Case No. BC588742.

**Deposition:** April 26, 2017. Daniel Smith v. City of Anaheim, et al. Case No. SACV15-1776 CJC (DFMx).

**Trial:** April 27 &28, 2017. Ray Webb, v. Officer J. Ackerman, (Long Beach) et al., Case No.: CV013-09112.

**Deposition:** May 8, 2017. Ethan Morse vs. County of Merced, et al., Case No.: 1:16-CV-00142-DAD-SKO.

**Deposition:** May 10, 2017. Dyrone Leake, Sr. v. City of Los Angeles, et al. Superior Court Case No. BC 606819.

**Deposition:** May 22, 2017. Isabel Bel Montez, et al., v. City of Stockton, et al., Case No.: 2:10-cv-03149 MCE FEB.

**Deposition:** May 26, 2017. Antonio Ortiz, Luiz Ortiz, vs. City of Fullerton, et al., Case No.: CV-16-01499 DOC (DFMx).

**Deposition:** May 30, 2017. Estate of Derek Williams Jr., et al., vs. City of Milwaukee, et al., Case No.: 2:16-cv-00869.

**Deposition:** June 5, 2017. Lee Darnell Watson, vs. City of San Jose, et al., Case No.: 3:15-cv-04054.

**Deposition:** June 12, 2017. Estate of Gustavo Najera, et al. v. City of Anaheim, et al., Case No. 8:16-CV-01243 JLS (JCG).

**Deposition:** June 15, 2017. Estate of Danny Cecil Jones, et al., vs. City of Spokane, et al., Case No.: 2:16-cv-00325.

**Trial:** June 16 & 19, 2017. People v. Robert Branch, Superior Court, State of California, (San Diego County) Case No. CD264516.

**Deposition:** June 20 &26, 2017. Kierra Williamson, Princeton Williamson, and Michael Williamson, vs. Chicago Police Officer Wilfredo Ortiz, et al., Case No.: 14 CV 6397.

**Deposition:** June 27, 2017. Doyma Vanessa Michel, v. United States of America. Case No. Case No.16-CV-0277 GBC-RBB.

**Trial:** July 12, 2017. The Estate of Ashley DiPiazza, et al., v. City of Madison, and Justin Bailey, Gary Pihlaja, and Carey Leerek, Case No.: 16cv060.

**Deposition:** July 21, 2017. Graciela Lopez Franco, et al, v. United States, et al. Case No. 15-cv-2626 - JM (RBB).

**Trial:** July 24, 2017. Maria Del Carmen Rivas, et al., v. City of Los Angeles, et al., Case No.:2:15-CV-000456-JFW-JEM.

**Trial:** July 31, 2017. People v Amanda Christine Jaramillo. Superior Court, Orange County, Case CHPW 14-1404

**Deposition:** August 1, 2017. Randy Conan v. City of Fontana, et. al. Case No. 15:16-cv-01261.

**Trial:** August 4, 2017. Shirar et al, v. CHP Officer Miguel Guerrero, et al,   USDC Case No. EDCV 13 - 0906 JGB (OPx).

**Deposition:** August 14, 2017. Breanna Cooke, et al., vs. City of Stockton et al, Case No. 2:14-cv-00908-KJM-KJN.

**Deposition:** August 15, 2017. Marcus Vaughn, et al. v. City of Los Angeles, et al.  Case No.

2:16-cv-03086 AB-AJW.

**Deposition:** August 17, 2017. Shawna Brown, et al., vs. City of Stockton, et al., Case No. 2:13-CV-01007-KJM-KJN.

**Deposition:** August 21, 2017. Sandra Salazar, et al., vs. Deputy Shandon Deasey, et al., Case No. 5:16-cv-01103-JFW-KK.

**Deposition:** August 21, 2017. Sufle v. City of Gardena, et al., Case No. CV 16-00384-GW-MRWx

**Deposition:** August 22, 2017. Andrew Jeremy Garcia v. City of Garden Grove, et al. Case No. 8:16-cv-00154 DOC (KESx).

**Trial:** August 28, 2017. The Estate of Angel Lopez, et al., v. City of San Diego, et al. Case No.: 13CV2240 GPC BGS.

**Deposition:** September 7, 2017. Arthur Moore, et al, v. City of Berkeley et al, Case No.: 14-cv-000669 CRB.

**Deposition:** September 8, 2017. Estate of Ruben Nunez, et al v. County of San Diego, et al., Case 3:16-cv-01412-BEN-MDD.

**Trial.** September 11, & 12, 2017. Kierra Williamson, Princeton Williamson, and Michael Williamson, vs. Chicago Police Officer Wilfredo Ortiz, et al., Case No.: 14 CV 6397.

**Trial.** September 15, & 18, 2017. Lee Darnell Watson, vs. City of San Jose, et al., Case No.: 3:15-cv-04054.

**Deposition:** September 20, 2017. Aubrey Williams vs. City of Birmingham, et al., Case No.: 2:16-cv-00650-JEO.

**Deposition:** September 25, 2017, Douglas Cruse and Iveta Cruse, v. Jacob Emory Swigger, and Signal Hill Police Department, et al. Superior Court (Los Angeles County) Case No. BC602211.

**Deposition:** September 27, 2017. Lastenia Marizol Rodriguez, vs. City of Fontana, et al., Case No. 5:16-cv-01903 JGB-KK.

**Deposition:** September 28, 2017. Herbert O. Allen v. City of Santa Monica, et al, USDC Case No. 2:11-cv-10139 R-GJS

**Trial:** October 5, 2017. Graciela Herrera, et. al., v. City of Los Angeles, et al., USDC Case No.:2:16-cv-02719-DSF-SK.

**Deposition:** October 9, 2017.  Dionne Smith-Downs, et al v. City of Stockton, et al.  Case No. 2:10-cv-02495 MCE-GGH.

**Deposition:** October 12, 2017.  Evangelina Gonzalez and Victor Gonzalez vs. County of Los Angeles, Deputies Adrian Dominguez, Steven Velasquez, et al., Case No.: 2:16-cv-07018

**Deposition:** October 13, 2017, & December 15, 2017.  Felipe Navarro, et al., vs. State of New Mexico, et al., Case No.: 2:16-cv-01180 MCA/CG.

**Trial:** October 17, 2017.  Mayumi Donaldson, et al. v. Deputy U.S. Marshal Michael Hall, et al. Case No. 3:15-cv-00908 BAS-KSC.

**Deposition:** October 19, 2017.  Giselle Genesis Lopez, et al v. City of Inglewood, et al. Superior Court (Los Angles County) Case No. Case No. BC563203.

**Trial.** October 25, 2017.Randy Conan v. City of Fontana, et. al. Case No. 15:16-cv-01261.

**Trial.** October 27, 2017.  Estate of Manuel Diaz, Genevieve Huizar, v. City of Anaheim, et al. USDC Case No. 12-01897 JVS (RNBx).

**Trial.** November 7, 2017.  William Mears, et al., v. City of Los Angeles, Case No.: CV 15-08441 JAK (AJWx).

**Trial:** November 15, 2017.  Shellabarger et al, v. Dicharry et al, Case No. 13-cv-00188-TLN-CMK.

**Deposition:** November 21, Heleine Tchayou, et al. v. City of Los Angeles, et al., Case No., 16-cv-06073-TJH-MRW

**Deposition:** November 27, 2017.  Monica Ortiz, et al. v. City of Rialto, et al., Case No. 5:16-cv-01384-JGB. (KSx).

**Deposition:** December 1, 2017.  C.R. Co-Successor-in-Interest to Decedent Rakeem Rucks, et al., vs. City of Antioch, et al., Case No.: C16-03742 JST.

**Trial:** December 8, 2017, Sammy Sanchez, et al v. City of Tucson, et al.  USDC Case No. 72-1576857.

**Deposition:** December 11, 2017.  Estate of Roshad McIntosh, v. City of Chicago, et al. USDC Case No. 1:15-cv-01920

**Deposition:** December 14, 2017.  Taylor Swift vs. David Woo, Vera Hicks, et al.  USDC Case

No.: 3:17-cv-00866-VC.

**Deposition:** December 18, 2017.  Domingo Davis, Jr., vs. City of Santa Clara and Cuong Phan, Case No. 5:15-CV-05603-EJD.

**Deposition:** December 27, 2017.  Estate of Pierre Loury v. City of Chicago, et al.  USDC Case No. 1:16-C-04452.

**Trial:**  January 11, 2018.  Giselle Genesis Lopez, et al v. City of Inglewood, et al. Superior Court (Los Angles County) Case No. Case No. BC563203.

**Deposition:**  January 12, 2018.  Filiberto Valencia, Sr., et al., vs. City of Stockton, et al., Case No.: 2:16-cv-02081-JAM-AC.

**Deposition:**  January 16, 2018.  Edmon Washington v. City of Los Angeles, et al., Case No. 2:17-02829-PA (FFMx)

**Deposition:**  January 22, 2018.  Shainie Lindsey, et al., vs. City of Pasadena, et al., Case No.: CV 16-8602 SJO (RAOx).

**Trial:**  January 24, 2018.  Penelope Armstrong, v. County of Los Angeles, et al., Superior Court Case No.:BC528453

**Deposition:**  January 30, 2018.  Joe Robles and Elvira Robles vs. Aransas County, Texas: Matthew Campbell Individually, Civil Action No.: 2:15.

**Trial:**  February 1, 2018.  S.B. a minor, et al (Brown), v. County of San Diego, et al., Case No. 14CV0072, JAH KSC.

**Deposition:**  February 1, 2018.. Jenny Tucker, et al., v. The County of Riverside, et al., Case No.: 5:16-CV-02275-JGB (DTBx).

**Trial:**  February 7, 2018.  People v. Gilberto Fajardo.  Superior Court, State of California, (Kern County). Case No. BF160536A

**Deposition:**  February 8, 2018.  Archibald et al. v. County of San Bernardino et al. USDC Case No. CV 16-01128 AB (SPx). Mr. Dale K. Galipo

**Deposition:**  February 12, 2018.  Estate of Johnny Martinez, et al. v. County of Los Angeles, et al., Superior Court, State of California, (Los Angeles County), Case No. BC579140 MPL (Dept 34).

**Deposition:** February 14, 2018. Maria Hernandez; A.J., Jr., et al, . City of Los Angeles, et al Case No. 2:16-c-02689 AB (JEMx).

**Deposition:** February 15, 2018. Marc Alan Corbin, v. County of Los Angeles, et al., Superior Court, State of California (Los Angeles County), Case No. BC 512036

**Trial:** February 22, 2018. Maria Hernandez; A.J., Jr., et al, v. City of Los Angeles, et al. Case No. 2:16-c-02689 AB (JEMx).

**Deposition:** February 23, 2018. Robert Ayala, vs. Aransas County, Texas and Anthony Ciarletta, In The United States District Court For The Southern District of Texas Corpus Christi Division, Case No. 1:15

**Hearing:** March 7, 2018. People v. Michael David Suyssman, Superior Court, State of California (Los Angeles County), Case No. M232634DV.

**Trial:** March 13, 2018: April 10, 2014. Chien Van Bui, et al, vs. City and County of San Francisco, et al. USDC Case No. CV 11-04189 LB.

**Deposition:** March 19, 2018. Kevin Foy vs. Pulaski County, Arkansas, Austin Callahan, et al., Case No.: 4:17-cv-358-BSM.

**Deposition:** March 23, 2018. Anthony Wilson, et al., vs. City of Douglasville, GA, et al.., Case No.: 1:17-cv-00634-ELR.

**Trial:** March 26, 2018. Adolfo Garcia, et al v. William Davidson, et al. Superior Court (San Diego County) Case N0. 37-2014-00021070 CU-CR-CTL.

**Deposition:** March 27, 2018. Jane Doe vs. County of Fresno, et al. Superior Court State of California, (Fresno County) Case No. 16CECG03273

**Deposition:** March 28, 2018. Phillip Murry v. North Las Vegas Police Department, etal. Case No.: 2:17-cv-00157-APG-CWH.

**Deposition:** April 5, 2018. Alma Ramirez, et al, v. City of Gilroy, et al. Case No. 5:17-cv-00625 HRL

**Deposition:** April 12, 2018. Melane Jackson v. City of Los Angeles, et al., Superior Court, State of California (Los Angeles County) Case No. BC609513.

**Deposition:** April 17, 2018.1701. Leticia Solis, et al, v. City of City of Los Angeles, et al. Case No. 2:17-cv-02352, AB-PJW

**Deposition:** April 19, 2018. Jesse Sanchez, v. City of Stockton, et al. Superior Court State of

California (San Joaquin County), Case No. CV-2015-0006499.

**Trial:** April 20, 2018. Ethan Morse vs. County of Merced, et al., Case No.: 1:16-CV-00142-DAD-SKO

**Deposition:** April 26, 2018. Marco A. Figueroa vs. City of Casa Grande, et al., Case No: 2: 16-CV-03275-ROS

**Deposition:** April 27, 2018. Tanya A., et al., v. City of San Diego, et al., Case No.: 3:14-cv-01942-L-RBB, and Jane Doe, v. City of San Diego, et al. Case No. 14cv1941-L-AGS.

**Trial:** April 30, 2018. Melane Jackson v. City of Los Angeles, et al., Superior Court, State of California (Los Angeles County) Case No. BC609513.

**Trial:** May 1, 2018. Estate of Gustavo Najera, et al. v. City of Anaheim, et al., Case No. 8:16-CV-01243 JLS (JCG).

**Trial:** May 3, 2018. Heleine Tchayou, et al. v. City of Los Angeles, et al., Case No., 16-cv-06073-TJH-MRW.

**Deposition:** May 8, 2018. Amber Wallisa, v. City of Hesperia, et al., Case No.: 5:16-cv-2638.

**Trial:** May 10, 2018. The People of the State of California v. Michael David Sussman. Case No. M232634DV.

**Deposition:** May 11, 2018. Rosamanda Flores vs. The City of Concord, et al., Case No.: 4:15-cv-05244-PJH, and Rosamanda Flores vs. The City of Concord, et al., Case No.: 4:17-cv-05810-PJH (Combined by the Court).

**Deposition:** May 18, 2018. Estrella Lysandra Zayas vs. State of California, et al., Case No.: 3:17-CV-02739-EMC.

**Deposition:** May 22, 2018. Denise Garcia vs. Harris County, Texas, et al., Case No.: 4:16-cv-2134.

**Trial:** May 24, 2018. Graciela Lopez Franco, et al, v. United States, et al. Case No. 15-cv-2626 - JM (RBB).

**Deposition:** May 29, 2018. Royce Belcher vs. Williamson County, Texas Deputy Jeremy Ellison, individually, and Deputy Gauna, Individually, Case No.: 1:17-cv-00153-SS.

**Deposition:** June 4, 2018. Cynthia Briones, et al., v. City of Ontario et al., Case No.: 5:17-cv-00590-DMG-JPR.

**Deposition:** June 5, 2018. Cynthia Briones, et al., v. City of Ontario et al., Case No.: 5:17-cv-00590-DMG-JPR.

**Deposition:** June 6, 2018. R.J. v. City of Los Angeles, et al., Case No. 2:16-CV-07232 CBM (Skx).

# EXHIBIT 4

# Roger A. Clark

Police Procedures Consultant, Inc.
10207 Molino Road. Santee, CA 92071
Phone: (208) 351-2458, Fax: (619) 258-0045
rclark9314@aol.com

June 7, 2018

John Houston Scott, Esq.
Scott Law Firm
1388 Sutter Street, Suite 715
San Francisco, California 94109

Izaak D. Schwaiger, Esq.
130 Petaluma Avenue, Suite 1A
Sebastopol, California 95472

***Regarding:*** ***Dane Zeen vs. Michael Yoder, Case No.: 3:17-cv-02056 LB.***

Dear Counsel:

My fee schedule is as follows:

- Travel time at the rate of $50.00 per hour.
- (Travel via automobile to and from San Diego to Los Angeles 8 hours $400.00)
- All case review, consulting, and writing of expert opinions (such as Rule 26 reports) at $250.00 per hour.
- All testimony (either at trial or deposition) at $350.00 per hour, with a two hour minimum required.
- A retainer fee of $3,500.00 when initially retained will be used against the above listed fees. Subsequent billings at the rates specified.
- A "rush fee" of $500.00 for work required less than three weeks from notice/retention.
- An invoice will be submitted periodically upon request reflecting the activities and charges associated with the account. Payment is due upon receipt of the invoice.

There is no formal contract required. My Federal Tax ID Number is **72-1576857.**

Sincerely,

Roger A. Clark

**PROOF OF SERVICE**

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404.

On **July 3, 2018**, I served the following document(s):

**Def's Motion No. 2:** DECLARATION OF BONNIE A. HAMILTON IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE TESTIMONY AND EXHIBITS FROM ROGER CLARK

by placing a true copy thereof enclosed is a sealed envelope and/or served in the manner described below and addressed to:

**Attorneys for Plaintiff Dane Zeen:**
John Houston Scott, Esq.
Lizabeth N. de Vries, Esq.
Scott Law Firm
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561 -9601
Fax: (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

**Attorneys for Plaintiff Dane Zeen:**
Izaak D. Schwaiger, Esq.
130 Petaluma Avenue, Suite 1A
Sebastopol, CA 95472
Tele: (707) 595-4414
Fax: (707) 851-1983
E-mail: izaak@izaakschwaiger.com

XX **BY U.S. MAIL:** I caused such envelope to be deposited in the mail by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. The name and address of each person/firm to whom I mailed the documents is listed above.

___ **BY HAND DELIVERY:** I cau sed such envelope to be delivered by hand to the addressee(s) designated above.

___ **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated above.

XX **BY E-MAIL:** I transmitted electronically the listed documents(s) to the e-mail address(es) set forth on the attached list.

XX **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direct this service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **July 3, 2018**, at Santa Rosa, California.

Tracy Kecskemeti

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
SCOTT LAW FIRM
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9601
Fax: (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
130 Petaluma Avenue, Suite 1A
Sebastopol, CA 95472
Tel: (707) 595-4414
Fax: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiff, DANE ZEEN

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DANE ZEEN

Plaintiff,

v.

COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive.

Defendants.

Case No: 3:17-cv-02056-LB

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE**

Date: August 2, 2018
Time: 1:00 p.m.
Courtroom: C, 15th Floor
Judge: The Honorable Laurel Beeler

Trial: August 20, 2018

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

Plaintiff hereby objects to certain of Defendants' Motions In Limine for the reasons set forth below.

**1. Plaintiff Objects To Defendants' Motion In Limine No. 1: Exclude Evidence Not Identified in Initial Disclosures**

The plaintiff opposes this motion to the extent it attempts to exclude evidence and information obtained during discovery and information included in the Defendant's Initial Disclosures. In addition, this should not preclude evidence that would be used for impeachment or rebuttal.

**2. Plaintiff Objects To Defendants' Motion In Limine No. 2: Preclude testimony and exhibits from Roger Clark**

The Defendant's motion seeks to exclude Roger Clark as an expert because "Mr. Clark is not qualified to give opinion testimony on the issue of whether excessive force was used by Michael Yoder, which is entirely within the province of the jury." The motion further seeks to limit the documents that may be referred to or introduced through his testimony.

The Plaintiff is not aware of any police expert who has been qualified by Federal courts to testify as an expert more often than Mr. Clark. At pages 16 to 19 of Mr. Clark's Rule 26 report, attached to the motion as Exhibit 1, is a summary of his experience as an expert witness. He has testified numerous times as an expert in the Northern District of California. He has also been referred to, with approval, in a number of published decisions in the Ninth Circuit. See Exhibit 1, pages 17 and 18.

Mr. Clark is not qualified to testify as to issues of credibility or intent. However, he can testify as to the minimum standards and practices in California regarding the use of force. Those minimum standards are set for in POST Learning Domains that are taught in every police academy in the State of California. In addition, those minimum standards must comply with Constitutional requisites. Mr. Clark can also provide an expert opinion regarding the use of force in relation to POST standards and training.

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

**3. Defendant's Motion in Limine No. 3: Preclude Medical Invoices**

The Plaintiff does not oppose this motion.

**4. Defendant's Motion in Limine No. 4: Preclude other claims and lawsuits**

The Plaintiff does not intend to introduce such evidence unless for impeachment or rebuttal.

**5. Defendant's Motion in Limine No. 5: Preclude evidence of insurance**

The Plaintiff does not oppose this motion. The jury is not to consider whether there is or is not insurance.

Dated: July 10, 2017

Respectfully submitted,

SCOTT LAW FIRM

By: /s/John Houston Scott_
John Houston Scott
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

**(*Dane Zeen v. County of Sonoma, et al.*, Case No. 3:17-cv-02056-LB)**

I, Sherry Alhawwash, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. My business address is 1388 Sutter Street, Suite 715, San Francisco, California 94109. On July 10, 2018 I served the attached:

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE**

on the interested party(ies) named below:

Bonnie A. Hamilton
Bluestone Zunino & Hamilton, LLP
50 Old Courthouse Square, Suite 401
Santa Rosa, CA 95402-3729
E-mail: bonnie@bzhlegal.com;

I served the attached document(s) in the manner indicated below:

☒ **BY MAIL:** I caused true and correct copy(ies) of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) named above and, following ordinary business practices, placed said envelope(s) at 1388 Sutter Street, Suite 715, San Francisco, CA 94109, for collection and mailing with the United States Postal Service and there is delivery by the United States Post Office at said address(es). In the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☒ **BY E-MAIL**: I caused a copy(ies) of such document(s) to be transmitted via e-mail. The e-mail to which the document(s) were transmitted is listed above. The e-mail transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 10, 2018 at San Francisco, California.

Sherry Alhawwash