Bonnie A. Hamilton, Esq. (SB 180502)
BLUESTONE ZUNINO & HAMILTON, LLP
50 Old Courthouse Square, Suite 401
Santa Rosa, CA  95404
Telephone:     707-526-4250
Facsimile:      707-526-0347
bonnie@bzhlegal.com

Attorneys for Defendant Michael Yoder

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE ZEEN, | No. 3:17-cv-02056 LB |
| Plaintiff, | **Def's Motion No. 3:** |
| v. | MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF MEDICAL INVOICES AS EVIDENCE OF PLAINTIFF'S DAMAGES |
| COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive, | |
| Defendants. | Pretrial Date: August 2, 2018<br>Time:          1:00 p.m.<br>Ctrm:          C, 15th Floor<br>Trial:          August 20, 2018 |

Defendant Michael Yoder respectfully submits this motion in limine to prohibit plaintiff, his counsel and witnesses from referencing during void dire of the jury, opening statements and all other times during the course of the trial, amounts billed to plaintiff's mother, Michelle LaRose, or his step-father, Timothy LaRose, for any purported care and treatment of plaintiff to establish the amount of damages sought in this case.

**FACTUAL BACKGROUND**

Plaintiff testified at deposition that he could not recall having paid any amounts at all in medical expenses arising from his treatment for injuries sustained when he resisted Deputy Yoder's detention.  Plaintiff has never identified in his disclosures or in follow up discovery or supplemental disclosures any amount actually paid for treatment he received after his detention on December 15, 2015.

## LEGAL ARGUMENT

A motion in limine is the proper means to exclude evidence of medical bills that have neither been paid or are owing by plaintiff. The present motion is made on the authority of *Howell v. Hamilton Meats & Provisions, Inc.* 52 Cal.4th 541 (2011). The California Supreme Court held in that case that a personal injury plaintiff can only recover what has actually been paid or is actually owed for healthcare as a result of the claim. It further held that the amount billed is not relevant to the issue of the reasonable medical expenses. *Howell, supra,* 52 Cal. 4th at 567. Plaintiff therefore can only ask the jury for sums actually paid by him or on his behalf which are reasonable and necessary, not what the providers billed for the treatment or what has not been proven to have been paid by him. However, plaintiff is still confined to introduce only those documents and evidence which were properly disclosed during the course of discovery. Since he did not disclose any evidence of payments made by himself or by any others on his behalf, he will not be able to introduce any medical expenses as proof of damages in this case. FRCP Rule 26(a)(1)(E); (e). (See, Defendant's Motion in Limine, No. 1.)

While the Court looks to cases such as *Howell* and *Corenbaum v. Lampkin,* 215 Cal. App. 4th 1308 (2013) as sources of persuasive authority regarding considerations of relevancy and prejudice, ultimately the issue must be decided under Federal Rules of Evidence 401, 402, and 403, which yields the same result. (See, *Hill v. Novartis Pharms. Corp.,* 2013 U.S. Dist. LEXIS 67125 (E.D. Cal. May 10, 2013). In *Corenbaum,* the Court of Appeal for the Second District extended the holding of *Howell* and held evidence of billed-but-written-off amounts irrelevant both to noneconomic damages and future economic damages. In holding that evidence of amounts billed above the amount actually paid were irrelevant to determining future damages or noneconomic damages, the *Corenbaum* court made particular reference to the likelihood that such evidence "would most certainly cause jury confusion and suggest the existence of a collateral source payment, contrary to the evidentiary aspect of the collateral source rule." *Id.* at 1313.

Because evidence of any amounts billed above the amounts plaintiff actually paid are not of consequence in determining plaintiff's damages claim under California law, and because such evidence would be of only modest probative value for other purposes, such evidence would have

extremely limited relevance under Rule 401 and its introduction would likely confuse and mislead the jury into considering collateral payments within their damages calculation if introduced at trial. Consequently, the prejudice of introducing such evidence substantially outweighs its probative value, if any. Fed. R. Evid. 403. For this reason, plaintiff should be prohibited from introducing invoices sent to his mother or step-father (or to plaintiff himself if any exist) as evidence of damages. Additionally, he should be precluded from introducing documentary evidence of damages which was not properly disclosed in discovery.

DATED:	July 3, 2018

BLUESTONE ZUNINO & HAMILTON, LLP

By _____
Bonnie A. Hamilton
Attorneys for Defendant Michael Yoder

PROOF OF SERVICE

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404.

On **July 3, 2018**, I served the following document(s):

**Def's Motion No. 3:** MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF MEDICAL INVOICES AS EVIDENCE OF PLAINTIFF'S DAMAGES

by placing a true copy thereof enclosed is a sealed envelope and/or served in the manner described below and addressed to:

| **Attorneys for Plaintiff Dane Zeen:** | **Attorneys for Plaintiff Dane Zeen:** |
|---|---|
| John Houston Scott, Esq. | Izaak D. Schwaiger, Esq. |
| Lizabeth N. de Vries, Esq. | 130 Petaluma Avenue, Suite 1A |
| Scott Law Firm | Sebastopol, CA 95472 |
| 1388 Sutter Street, Suite 715 | Tele: (707) 595-4414 |
| San Francisco, CA 94109 | Fax: (707) 851-1983 |
| Tel: (415) 561-9601 | E-mail: izaak@izaakschwaiger.com |
| Fax: (415) 561-9609 | |
| E-mail: john@scottlawfirm.net | |
| liza@scottlawfirm.net | |

XX   **BY U.S. MAIL:** I caused such envelope to be deposited in the mail by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. The name and address of each person/firm to whom I mailed the documents is listed above.

___   **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the addressee(s) designated above.

___   **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated above.

XX   **BY E-MAIL:** I transmitted electronically the listed documents(s) to the e-mail address(es) set forth on the attached list.

XX   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direct this service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **July 3, 2018**, at Santa Rosa, California.

_____
Tracy Kecskemeti

PROOF OF SERVICE