Bonnie A. Hamilton, Esq. (SB 180502)
BLUESTONE ZUNINO & HAMILTON, LLP
50 Old Courthouse Square, Suite 401
Santa Rosa, CA 95404
Telephone: 707-526-4250
Facsimile: 707-526-0347
bonnie@bzhlegal.com

Attorneys for Defendant Michael Yoder

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE ZEEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive,<br><br>　　　　Defendants.<br>_____/ | No. 3:17-cv-02056 LB<br><br>**Def's Motion No. 5:**<br><br>MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE OF INSURANCE AND DEFENSE OF THE DEFENDANT<br><br>Pretrial Date: August 2, 2018<br>Time: 1:00 p.m.<br>Ctrm: C, 15th Floor<br>Trial: August 20, 2018 |

　　　　Defendant respectfully submits this motion in limine to exclude from trial any questioning, evidence (from news reports or otherwise) or testimony about the fact that Deputy Michael Yoder's defense in the case is being provided by the County of Sonoma, which is self-insured; or any evidence of the self-insured limits or its existence. Such evidence is irrelevant, prejudicial and will confuse the sole issue to be decided in this trial: were plaintiff's constitutional rights violated through the unreasonable use of excessive force?

### FACTUAL BACKGROUND

　　　　The County of Sonoma, the defendant's employer, is a large public entity and as indicated in its initial disclosures is self-insured up to $1 million. While some judges in the Northern District have a standing order that motions in limine relative to insurance are not necessary as they will be automatically granted, this judge does not. Therefore, in an abundance of caution, defendant seeks an

order precluding any reference to the County's self-insured status, limits, or the fact that Deputy Yoder is being defended by the County, his employer.

## LEGAL ARGUMENT

Only relevant evidence is admissible. Fed.R.Evid. 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence which is not relevant is not admissible. Fed.R.Evid. 402.

Even if "relevant," evidence is properly excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed.R.Evid. 403; *Woods v. Lecureux*, 110 F.3d 1215, 1219 (6th Cir. 1997). The fact that a defense is provided or withheld to a government employee is similar to the fact that an insurance company is or is not providing a defense, a fact which under California law cannot be referenced or commented upon during trial based upon statutory prohibitions. See, Evid. Code §1155. Fed.R.Evid. 411 similarly limits the introduction of such evidence outside of prescribed exceptions, which are not present here. There is nothing probatively relevant to the fact that Deputy Yoder is being provided a defense by his employer, or the limits of liability for purposes of the self-insured pool. References to these issues should not be permitted.

DATED: July 3, 2018

BLUESTONE ZUNINO & HAMILTON, LLP

By _____
Bonnie A. Hamilton
Attorneys for Defendant Michael Yoder

BLUESTONE ZUNINO HAMILTON

NO. 3:17-cv-02056 LB: Def's Motion in Limine No. 5: Insurance     2

PROOF OF SERVICE

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404.

On **July 3, 2018**, I served the following document(s):

**Def's Motion No. 5:** MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE OF INSURANCE AND DEFENSE OF THE DEFENDANT

by placing a true copy thereof enclosed is a sealed envelope and/or served in the manner described below and addressed to:

**Attorneys for Plaintiff Dane Zeen:**
John Houston Scott, Esq.
Lizabeth N. de Vries, Esq.
Scott Law Firm
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9601
Fax: (415) 561-9609
E-mail:    john@scottlawfirm.net
           liza@scottlawfirm.net

**Attorneys for Plaintiff Dane Zeen:**
Izaak D. Schwaiger, Esq.
130 Petaluma Avenue, Suite 1A
Sebastopol, CA 95472
Tele: (707) 595-4414
Fax: (707) 851-1983
E-mail: izaak@izaakschwaiger.com

XX    **BY U.S. MAIL:** I caused such envelope to be deposited in the mail by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. The name and address of each person/firm to whom I mailed the documents is listed above.

___    **BY HAND DELIVERY:** I cau sed such envelope to be delivered by hand to the addressee(s) designated above.

___    **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated above.

XX    **BY E-MAIL:** I transmitted electronically the listed documents(s) to the e-mail address(es) set forth on the attached list.

XX    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direct this service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **July 3, 2018**, at Santa Rosa, California.

_____
Tracy Kecskemeti

PROOF OF SERVICE