John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax:  (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
130 Petaluma Avenue, Suite 1A
Sebastopol, CA  95472
Tel: (707) 595-4414
Fax: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiff, DANE ZEEN

Bonnie A. Hamilton, SBN 180502
**BLUESTONE ZUNINO & HAMILTON, LLP**
50 Old Courthouse Square, Suite 401
Santa Rosa, CA  95402-3729
Tel:  (707) 526-4250
Fax:  (707) 526-0347
E-mail: bonnie@bzhlegal.com

Attorneys for Defendant,
MICHAEL YODER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE ZEEN<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive.<br><br>          Defendants. | Case No:  3:17-cv-02056-LB<br><br>**JOINT PRETRIAL ORDER**<br><br>Date:          August 2, 2018<br>Time:          1:00 p.m.<br>Courtroom:  C, 15th Floor<br>Judge:        The Honorable Laurel Beeler<br><br>Trial:  August 20, 2018 |

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

**a)   Claims and Defenses:**

The plaintiff claims he was subjected to excessive force, in violation of the Fourth Amendment, after being handcuffed and taken into custody for psychiatric evaluation by Deputy Yoder.  Deputy Yoder denies this claim and denies that plaintiff's injuries were caused by a deprivation of plaintiff's constitutional rights.  Deputy Yoder also seeks qualified immunity.

**b)  Relief Sought:**

The plaintiff seeks general, compensatory and punitive damages again Deputy Yoder. Should he prevail the plaintiff also seeks costs and attorneys' fees.

**c)  Undisputed Facts:**

Deputy Yoder was on duty and acting under color of state law at the time of the incident.

**d)  Disputed Factual Issues:**

**1.      Plaintiffs' Position**:

Did Deputy Yoder use excessive force, in violation of the Fourth Amendment, causing injuries to the plaintiff?  If so, did he act with malice or oppression?

**2.      Defendants' Position**: Did Deputy Michael Yoder violate plaintiff's constitutional right by overcoming plaintiff's resistance to effect the lawful detention of Plaintiff?

Was a constitutional deprivation the moving force or substantial factor in causing damages to plaintiff?

Was plaintiff actually damaged by Deputy Yoder's conduct?

**e)  Disputed Legal Issues:**

**1.      Plaintiffs' Position**:

The plaintiff is not aware of any legal issue in dispute.  This is a garden-variety excessive force case and 9th Circuit Model Jury Instructions should apply.

**Defendant's Position:**

1.  Is Deputy Yoder entitled to qualified immunity?

2.  Is plaintiff barred from seeking compensatory damages which he failed to disclose in discovery and through mandatory disclosures?

- 1 -

3.  Does plaintiff's claim and evidence warrant bifurcation of punitive damages until and unless a finding of liability has first been adjudicated favorably for the plaintiff?

**f)  Stipulations:**

Sonoma County Deputy Sheriff Michael Yoder was acting within the course and scope of employment and under color of law at the time of the incident.

**g)  <u>Estimate Of Trial Time</u>**

The parties estimate the jury trial will require three days, exclusive of jury selection and deliberations.

**h)  <u>Settlement Negotiations</u>:**

The parties attended an ENE conference in February 2018 as well as a settlement conference with Magistrate Judge Corley on June 1, 2018.  It is unlikely further negotiations will be productive.

ATTACHMENTS TO PRETRIAL ORDER:

(A) Signed stipulations

(B)  Joint Exhibit List

(C)(1) Plaintiff's Separate Witness List

(C)(2) Defendant's Separate Witness List

(D)  Joint Proposed Verdict Form

(E)  Defendant's Proposed Voir Dire Questions

(F)  Plaintiff's Proposed Jury Questionnaire

Dated:  July 12, 2018                          Respectfully submitted,

**SCOTT LAW FIRM**


By:  /s/ John Houston Scott
      John Houston Scott
      Attorney for Plaintiff

**SCOTT LAW FIRM**
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

Dated: July 12, 2018

**LAW OFFICES OF IZAAK D. SCHWAIGER**

By: /s/ Izaak D. Schwaiger _____
     Izaak D. Schwaiger
     Attorney for Plaintiff

Dated: July 12, 2018

**BLUESTONE ZUNINO & HAMILTON, LLP**

By: /s/ Bonnie A. Hamilton _____
     Bonnie A. Hamilton
     Attorney for Defendant

### ELECTRONIC CASE FILING ATTESTATION

I, John Houston Scott, am the ECF user whose identification and password are being used to file the foregoing documents.  Pursuant to Civil Local Rule 5.1(i), I hereby attest that concurrence in the filing of these documents has been obtained from each of its signatories.

Dated: July 12, 2018

**SCOTT LAW FIRM**

By: /s/ John Houston Scott_____
     John Houston Scott
     Attorneys for Plaintiff

- 3 -

**SCOTT LAW FIRM**
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

# Attachment A- Signed Stipulations (None)

# Attachment B – Joint Exhibit List

1  John Houston Scott, SBN 72578
   Lizabeth N. de Vries, SBN 227215
2  **SCOTT LAW FIRM**
   1388 Sutter Street, Suite 715
3  San Francisco, CA 94109
   Tel:  (415) 561-9601
4  Fax:  (415) 561-9609
   E-mail: john@scottlawfirm.net
5  liza@scottlawfirm.net
   Izaak D. Schwaiger, SBN 267888
6  130 Petaluma Avenue, Suite 1A
   Sebastopol, CA  95472
7  Tel: (707) 595-4414
   Fax: (707) 581-1983
8  E-mail: izaak@izaakschwaiger.com

9  Attorneys for Plaintiff, DANE ZEEN

Bonnie A. Hamilton, SBN 180502
**BLUESTONE ZUNINO & HAMILTON, LLP**
50 Old Courthouse Square, Suite 401
Santa Rosa, CA  95402-3729
Tel: (707) 526-4250
Fax: (707) 526-0347
E-mail: bonnie@bzhlegal.com

Attorneys for Defendant, MICHAEL
YODER

10            **UNITED STATES DISTRICT COURT**

11           **NORTHERN DISTRICT OF CALIFORNIA**

12  DANE ZEEN

13         Plaintiff,

14  v.

15  COUNTY OF SONOMA, STEVE FREITAS,
    MICHAEL YODER, CHARLES BLOUNT,
16  and DOES 1-20, inclusive.

17         Defendants.

18

Case No:  3:17-cv-02056-LB

**JOINT EXHIBIT LIST**

Date:        August 2, 2018
Time:        1:00 p.m.
Courtroom: C, 15th Floor
Judge:       The Honorable Laurel Beeler

Trial:   August 20, 2018

- 1 -
JOINT EXHIBIT LIST

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

| EXHIBIT NUMBER | Date Offered into Evidence | Date Admitted into Evidence | Sponsoring Witness | Limits on use | Description and Bates Range |
|---|---|---|---|---|---|
| 1 | | | Blount | | Deputy Blount's body-worn camera audio/video of the incident (with transcript as proposed jury aid) |
| 2 | | | Yoder | | Deputy Yoder's body-worn camera audio/video of the incident (with transcript as proposed jury aid) |
| 3 | | | Blount | | Deputy Blount's body-worn camera audio-video at the hospital (with transcript as proposed jury aid) |
| 4 | | | Custodian of Record, Dane Zeen | | Sonoma County Department of Health Services Behavioral Health Division Reports |
| 5 | | | Custodian of Record, Dane Zeen | | Annadel Medical Group Report |
| 6 | | | Custodian of Record, Dane Zeen | | St. Joseph Health System medical reports |
| 7 | | | Custodian of Record, Dane Zeen | | Sutter Regional Hospital medical reports |
| 8 | | | Custodian of Record, Dane Zeen | | Dr. Stein medical reports and x-rays |
| 9 | | | Custodian of Record, Dane Zeen | | Dr. Streutker dental records |
| 10 | | | Custodian of Record, Dane Zeen | | Dr. Chavez medical reports and x-rays |
| 11 | | | Dane Zeen | | Photos of plaintiff's injuries |

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

- 2 -

JOINT EXHIBIT LIST

| 12 | | | Yoder | | Photos identified by defendant |
| 13 | | | Yoder, LaRose | | Diagrams to be agreed upon |
| | | | | | |
| | | | | | |
| | | | | | |

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

JOINT EXHIBIT LIST

| EXHIBIT NUMBER | Date Offered into Evidence | Date Admitted into Evidence | Sponsoring Witness | Limits on use | Description and Bates Range |
|---|---|---|---|---|---|
| 101 | | | Yoder | | Sonoma County Sheriff Office Incident Report |
| 102 | | | Blount | | Body Camera Video Blount (Incident only) |
| 103 | | | Yoder | | Body Camera Video Yoder (Incident) |
| 104 | | | Stipulation or Zeen | | PES records of Dane Zeen from 12/15/15-12/17/15 |
| 105 | | | Yoder or Essick | | CAD Incident Report |
| 106 | | | Schott | | Michael Schott Report, declaration and all Attachments A through H |
| 107 | | | Zeen | | Discovery Response: Dane Zeen Request for Admissions |
| 108 | | | Yoder | | Use of Force Policy |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Dated: July 12, 2018

Respectfully submitted,

**SCOTT LAW FIRM**

By: /s/John Houston Scott
John Houston Scott
Attorneys for Plaintiff

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

JOINT EXHIBIT LIST

1   Dated: July 12, 2018

2                                          LAW OFFICES OF IZAAK D. SCHWAIGER

3

4                                          By:  /s/Izaak D. Schwaiger _____
                                                Izaak D. Schwaiger
5                                               Attorneys for Plaintiff

6   Dated: July 12, 2018

7                                          BLUESTONE ZUNINO & HAMILTON, LLP

8                                          By:  /s/ Bonnie A. Hamilton _____
                                                Bonnie A. Hamilton
9                                               Attorney for Defendant

10

11                  **ELECTRONIC CASE FILING ATTESTATION**

12          I, John Houston Scott, am the ECF user whose identification and password are being used

13   to file the foregoing documents.  Pursuant to Civil Local Rule 5.1(i), I hereby attest that

14   concurrence in the filing of these documents has been obtained from each of its signatories.

15   Dated: July 12, 2018                     SCOTT LAW FIRM

16

17                                          By:  /s/ John Houston Scott_____
                                                John Houston Scott
18                                              Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

# Attachment C(1) – Plaintiff's Separate Witness List

1  ohn Houston Scott, SBN 72578
   Lizabeth N. de Vries, SBN 227215
2  **SCOTT LAW FIRM**
   1388 Sutter Street, Suite 715
3  San Francisco, CA 94109
   Tel:  (415) 561-9601
4  Fax:  (415) 561-9609
   E-mail: john@scottlawfirm.net
5  liza@scottlawfirm.net

6  Izaak D. Schwaiger, SBN 267888
   130 Petaluma Avenue, Suite 1A
7  Sebastopol, CA  95472
   Tel: (707) 595-4414
8  Fax: (707) 581-1983
   E-mail: izaak@izaakschwaiger.com

9

10  Attorneys for Plaintiff, DANE ZEEN

11

12                    **UNITED STATES DISTRICT COURT**

13                  **NORTHERN DISTRICT OF CALIFORNIA**

14

15  DANE ZEEN                          Case No:  3:17-cv-02056-LB

16          Plaintiff,
    v.                                 **PLAINTIFF'S WITNESS LIST**

17
    COUNTY OF SONOMA, STEVE FREITAS,
18  MICHAEL YODER, CHARLES BLOUNT,     Date:      August 2, 2018
    and DOES 1-20, inclusive.          Time:      1:00 p.m.
19                                     Courtroom: C, 15th Floor
                                       Judge:     The Honorable Laurel Beeler
20          Defendants.

21                                     Trial:  August 20, 2018

22

23

24

25

26

27

28

*(left margin, vertical text)* SCOTT LAW FIRM  1388 SUTTER STREET, SUITE 715  SAN FRANCISCO, CA 94109

Plaintiff Dane Zeen submits the following witness list for case in chief witnesses:

| Potential Witness | Subject of Testimony | Time estimate |
|---|---|---|
| Michael Yoder | The events of December 15, 2015 | 1 hour |
| Charles Blount | The events of December 15, 2015 | 1 hour |
| Timothy LaRose | The events of December 15, 2015; plaintiff's claims of injury | 1 hour |
| Michelle LaRose | The events of December 15, 2015; plaintiff's claims of injury | 1 hour |
| Dane Zeen | Plaintiff in the action | 2 hours or less |
| Roger Clark | Expert analysis of the use of force event of December 15, 2015 | 1 hour |
| Robert Jarvis, D.D.S. | Dental history, care and observations related to plaintiff's injuries | 30 minutes |
| David Smith, M.D. | Medical history, care and observations related to plaintiff's injuries | 30 minutes |
| Donald Streutker, D.D.S. | Dental history, care and observations related to plaintiff's injuries | 30 minutes |
| Stephen Crane, M.D. | Medical history, care and observations related to plaintiff's injuries | 30 minutes |
| Vicente Chavez, D.D.S. | Dental care and observations related to plaintiff's injuries | 30 minutes |

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

| Potential Witness | Subject of Testimony | Time estimate |
|---|---|---|
| Sue Kessner | Psychological care and observations related to plaintiff's injuries | 30 minutes |
| Custodian of Medical/Dental Records as necessary | N/A | 5 minutes |

Dated:  July 12, 2018                          Respectfully submitted,

**SCOTT LAW FIRM**


By: /s/John Houston Scott_____
    John Houston Scott
    Attorneys for Plaintiff



Dated: July 12, 2018                          **LAW OFFICES OF IZAAK D. SCHWAIGER**


By: /s/Izaak D. Schwaiger _____
    Izaak D. Schwaiger
    Attorneys for Plaintif

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

# Attachment C(2) – Defendant's Separate Witness List

1   Bonnie A. Hamilton, Esq. (SB 180502)
    BLUESTONE ZUNINO & HAMILTON, LLP
2   50 Old Courthouse Square, Suite 401
    Santa Rosa, CA  95404
3   Telephone:    707-526-4250
    Facsimile:     707-526-0347
4   bonnie@bzhlegal.com

5   Attorneys for Defendant Michael Yoder

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  DANE ZEEN,                      No.  3:17-cv-02056 LB

11              Plaintiff,
                                    **DEFENDANT MICHAEL YODER'S**
12     v.                           **WITNESS LIST**

13  COUNTY OF SONOMA, STEVE
    FREITAS, MICHAEL YODER, CHARLES
14  BLOUNT, and DOES 1-20, inclusive,

15
                Defendants.
16  _____/

17

18  Defendant Michael Yoder submits the following witness list for case in chief witnesses:

19

| Potential Witness | Subject of Testimony | Time estimate |
|---|---|---|
| Sonoma County Sheriff's Deputy Charles Blount | The events of December 15, 2015 giving rise to this action | 1 hour or less |
| Dane Zeen | Plaintiff in the action | 2 hours or less |
| Timothy LaRose | The events of December 15, 2015; plaintiff's claims of injury | 1 hour |
| Michael Schott | Expert opinion and exhibits relative to the body worn camera videos and all subjects contained in declaration [Docket 53] and expert report | 1.5 hours |

BLUESTONE
ZUNINO
HAMILTON

NO. 3:17-cv-02056 LB:       Defendant's Witness List                                    1

| Potential Witness | Subject of Testimony | Time estimate |
|---|---|---|
| Sonoma County Sheriff's Deputy Michael Yoder | The events of December 15, 2015 giving rise to this action | 2 hours or less |
| Michelle LaRose | The events of December 15, 2015; plaintiff's claims of injury | .5 hours |
| Mark Essick | Verification of Discovery Responses; department response to claim of use of force | .5 hours |
| Shannon Deller | Statements made to law enforcement and by plaintiff | .5 hours |
|  |  |  |

DATED:     July 12, 2018          BLUESTONE ZUNINO & HAMILTON, LLP

By _____ /s/ Bonnie A. Hamilton _____
Bonnie A. Hamilton
Attorneys for Defendant Michael Yoder

# Attachment D – Joint Proposed Verdict Form

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

Case No.:  3:17-cv-02056 LB

11

**JOINT PROPOSED VERDICT FORM**

12

We, the jury in the above entitled action, find the following special verdict on the questions

13

submitted to us:

14

15

42 USC Section 1983–EXCESSIVE FORCE

16

**Question No. 1:**     Do you find, by a preponderance of the evidence, that defendant Yoder used

17

excessive and unnecessary force against plaintiff Zeen?

18

Yes                                    No

19

_____                          _____

20

If you answered "No" to Question No. 1, then SKIP QUESTIONS 2 through 3 and date and sign

21

this verdict form.

22

23

If you answered "Yes" to Question No. 1, then go to Question No. 2.

24

**Question No. 2:**     Do you find, by a preponderance of the evidence, that the excessive force by

25

defendant Yoder was the cause of injury or damage to plaintiff Zeen?

26

27

Yes                                    No

28

_____                          _____

NO. 3:17-cv-02056 LB:    Joint Proposed Verdict Form

If you answered "No" to Question No. 2, then SKIP QUESTION 3 and date and sign this verdict form.

If you answered "Yes" to Question No. 2, then go to Question No. 3.

**Question No. 3:**     Please state the amount of damages to be awarded to plaintiff Zeen as a result of the damages caused by defendant Yoder.

$_____

\*        \*        \*        \*

Please have the Foreperson date and sign this verdict, and return it to the Bailiff.

Dated: _____     _____
                                          Foreperson

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax:  (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
130 Petaluma Avenue, Suite 1A
Sebastopol, CA  95472
Tel: (707) 595-4414
Fax: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiff, DANE ZEEN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

DANE ZEEN

     Plaintiff,

v.

COUNTY OF SONOMA, STEVE FREITAS,
MICHAEL YODER, CHARLES BLOUNT,
and DOES 1-20, inclusive.

     Defendants.

Case No:  3:17-cv-02056-LB

**PLAINTIFF'S PROPOSED VERDICT
FORM RE: PUNITIVE DAMAGES**

Date:      August 2, 2018
Time:     1:00 p.m.
Courtroom:  C, 15th Floor
Judge:    The Honorable Laurel Beeler

Trial:  August 20, 2018

1.      Do you believe by a preponderance of the evidence that Defendant Yoder's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights?      Yes ___/ No ___

If you answered "yes" then go to Question No. 2.

2.      Please state the amount of punitive damages to be awarded the plaintiff.  $_____.

Dated:  July 12, 2018                    Respectfully submitted,

**SCOTT LAW FIRM**

By:  /s/John Houston Scott_____
        John Houston Scott
        Attorneys for Plaintiff

Dated: July 12, 2018

**LAW OFFICES OF IZAAK D. SCHWAIGER**

By:  /s/Izaak D. Schwaiger _____
        Izaak D. Schwaiger
        Attorneys for Plaintiff

PLAINTIFF'S PROPOSED VERDICT FORM RE: PUNITIVE DAMAGES

1  Bonnie A. Hamilton, Esq. (SB 180502)
   BLUESTONE ZUNINO & HAMILTON, LLP
2  50 Old Courthouse Square, Suite 401
   Santa Rosa, CA  95404
3  Telephone:    707-526-4250
   Facsimile:    707-526-0347
4  bonnie@bzhlegal.com

5  Attorneys for Defendant Michael Yoder

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 DANE ZEEN,                         Case No.:  3:17-cv-02056 LB

11         Plaintiff,                 **DEFENDANT MICHAEL YODER'S**
                                      **PROPOSED PHASE TWO VERDICT**
12      v.                            **FORM**

13 COUNTY OF SONOMA, STEVE            Pretrial Date:  August 2, 2018
   FREITAS, MICHAEL YODER,            Time:           1:00 p.m.
14 CHARLES BLOUNT, and DOES 1-20,     Ctrm:           C, 15th Floor
   inclusive,                         Trial:          August 20, 2018
15
          Defendants.
16

17      Defendant Michael Yoder submits the following proposed verdict form should the Court punitive

18 damages be decided in this case:

19      1.     Do you find by clear and convincing evidence that Defendant Yoder's conduct was

20 malicious, oppressive or in reckless disregard of the Plaintiff's known federal constitutional rights?

21          Yes ___ / No ___

22      If you answered "yes" then go to Question No. 2.

23      2.     Please state the amount of punitive damages to be awarded the plaintiff.  $_____

24

25 DATED:  July 12, 2018            BLUESTONE ZUNINO & HAMILTON, LLP

26

27                                  By ____/s/ Bonnie A. Hamilton_____
                                       Bonnie A. Hamilton
28                                     Attorneys for Defendant Michael Yoder

                                            1

# Attachment E – Defendant's Proposed Voir Dire Questions

1    Bonnie A. Hamilton, Esq. (SB 180502)
     BLUESTONE ZUNINO & HAMILTON, LLP
2    50 Old Courthouse Square, Suite 401
     Santa Rosa, CA  95404
3    Telephone:     707-526-4250
     Facsimile:     707-526-0347
4    bonnie@bzhlegal.com

5    Attorneys for Defendant Michael Yoder

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10   DANE ZEEN,                          No.  3:17-cv-02056 LB

11                   Plaintiff,
                                         **DEFENDANT MICHAEL YODER'S**
12        v.                             **PROPOSED ADDITIONAL VOIR DIRE**

13   COUNTY OF SONOMA, STEVE
     FREITAS, MICHAEL YODER, CHARLES
14   BLOUNT, and DOES 1-20, inclusive,

15
                     Defendants.
16   _____/

17
          Defendant Michael Yoder submits the following additional voir dire questions to be posed to
18
     prospective jurors. Plaintiff is proposing a juror questionnaire, which defendant does not believe is
19
     necessary or expeditious for jury selection in this case, and proposes these questions be asked by the
20
     Judge in addition to the regular court-conducted voir dire.  Plaintiff has not objected to any of these
21
     questions but has indicated he prefers a juror questionnaire.
22
          1.      Have you, any family member, close friends or anyone with whom you have had a
23
     significant personal relationship ever worked for a public or governmental entity?  If yes, what is the
24
     name of the public entity?  When and for how long did you (they) work there?  What were your
25
     (their) job responsibilities?
26
          2.      Have you, any family member, close friends or anyone with whom you have had a
27
     significant personal relationship ever worked in law enforcement?  When?  For what department?
28

BLUESTONE
ZUNINO
HAMILTON       NO. 3:17-cv-02056 LB:      Defendant's Proposed Voir Dire                              1

1    What was your (their) title?  What were your (their)  responsibilities or duties?  How long did you

2    (they) work in the law enforcement field?  Why did you (they) leave the law enforcement field?

3        3.        Have you, any family member, close friends or anyone with whom you have had a

4    significant personal relationship ever worked in the medical or mental health care field?  What was

5    your (their) education and training?  What position did you (they) hold?  What were your

6    responsibilities?  When were you (they) employed?  By whom?

7        4.        Have you, any family member or anyone with whom you have had a significant

8    personal relationship ever served in the military?  What branch?  When did you (they) serve?  What

9    rank did you (they) achieve?

10        5,        Have you, any family member, close friend or anyone with whom you have had a

11    significant personal relationship ever had any interaction or encounter with any law enforcement

12    agency, other than minor traffic infractions?  When?  What agency or department?  Please briefly

13    describe the experience or encounter?  Do you or did they have any negative feelings about the

14    encounter or experience?

15        6.        Have you, any family member, close friends or anyone with whom you have had a

16    significant personal relationship ever had criminal charges filed against you, other than for motor

17    vehicle violations?  If your answer is yes, when and under what circumstances?  Where you (they) in

18    jail at any point in time?  How did you (they) believe they were treated while in jail?  How was the

19    matter resolved, i.e., a plea of guilty or no contest, dismissed, finding of guilt, or a finding of not

20    guilty?   How did you (they) believe they were treated by the criminal justice system?

21        7.        Have you ever witnessed any acts by law enforcement which you considered to be

22    inappropriate or improper?  What were those acts and how did you react?

23        8.        Do you have strong feelings one way or the other about law enforcement?  If so,

24    describe those feelings.

25        9.        What is your immediate reaction when you hear that someone is accusing the police of

26    excessive force?  Do you tend to believe or disbelieve the charges?

27        10.        Have you specifically read or heard any news articles or reports concerning law

28    enforcement or corrections in Sonoma County?  When?  When and under what circumstances?  Did

BIUESTONE
ZUNINO
HAMILTON

NO. 3:17-cv-02056 LB:        Defendant's Proposed Voir Dire                                    2

1   the articles or news reports create any feelings or impressions in your mind?  What were they?

2         11.    Have you, any family member, close friends or anyone with whom you have had a

3   significant personal relationship ever filed a lawsuit, including worker's compensation, or been sued?

4   If yes, who filed the lawsuit and when?  What was the lawsuit about and who was sued?  What was

5   the result of the suit?  Was it disposed of by arbitration? settlement? verdict? or otherwise?  What

6   were your impressions about the legal process?  About the lawyers involved?

7         12.    Have you, any family member, close friends or anyone with whom you have had a

8   significant personal relationship ever been a member of any group or organization whose purpose is

9   to oversee government activities at any level so that citizens' rights are protected?  When were you

10   involved?  As a participant, what did you do?

11         13.    One task of the jury will be to evaluate the credibility of each witness. The witnesses

12   in this case will include both law enforcement officers and civilians. Will you be inclined to treat

13   testimony from law enforcement officers on a different standard than testimony from

14   civilians?

15         14.    If the jury concludes that the defendant is liable, would you feel any reluctance for

16   religious, moral, or other personal reasons to award money damages to compensate plaintiff for any

17   injuries or losses that are proved?

18         15.    If the evidence provides a legal basis for awarding punitive damages, would you feel

19   any reluctance, for religious, moral, or other personal reasons, to award punitive damages in this

20   case?

21

22   DATED:      July 11, 2018      BLUESTONE ZUNINO & HAMILTON, LLP

23         By     */s/ Bonnie A. Hamilton*

24         Bonnie A. Hamilton
      Attorneys for Defendant Michael Yoder

25

26

27

28

BLUESTONE
ZUNINO
HAMILTON

# Attachment F – Plaintiff's Proposed Jury Questionnaire

# JUROR QUESTIONNAIRE
# FOR CIVIL CASES

### Code of Civil Procedure Section 205(c)-(d)

## Sec. 1. Statutory Authority

This Juror Questionnaire has been drafted under the authority of Code of Civil Procedure section 205(c)-(d) and is intended to expedite jury selection. It is not intended to alter statutes or rules governing the authority of the court or the role of counsel during voir dire.

## Sec. 2. Use Notes for Courts

### A. General

This Juror Questionnaire is intended for use in the court's discretion in appropriate civil cases. Its use in cases of brief duration may not be appropriate. Particular kinds of cases may require that this questionnaire be altered or augmented. The Personal Injury Supplement is intended to be used along with the General Questions in personal injury actions. Judges, in their own discretion, must determine what additional kinds of inquiry are appropriate in any given case.

### B. Pre–Voir Dire Conference

The court should confer with counsel about voir dire before a jury panel is called. At this conference, the court may establish (1) guidelines for the use of the Juror Questionnaire, (2) any supplemental questions to be propounded to the panel by questionnaire, (3) the extent of the court's oral inquiry of the panel, and (4) the extent of oral questioning by counsel. Proposed supplemental questions drafted by counsel should be filed and served at least three court days before the pre–voir dire conference. Arrangements for duplication of completed questionnaires should be confirmed. The parties should share the cost of duplication.

### C. Introduction of Questionnaire to Prospective Jurors

It is suggested that the Juror Questionnaire be used after the court has given its customary introductory remarks and any additional instructions that the court deems appropriate. The court also may wish to tell the panel members that a questionnaire will be used, to encourage complete answers, and to remind them that their answers will be given under penalty of perjury. In introducing the questionnaire, the court should instruct prospective jurors how to proceed if they have difficulty reading or filling out the form.

The court could direct that the Juror Questionnaire be given to prospective jurors by the jury commissioner in the jury assembly room. However, this procedure ordinarily will mean that jurors are not given complete instructions about the type of case they will hear or the identity of participants and witnesses. In addition, jurors who fill out the form before appearing in the trial court may not clearly understand that their answers are given under penalty of perjury. For these reasons, and to avoid the need to have jurors fill out supplemental questionnaires once they have been sent to the trial court, it is strongly recommended that the Juror Questionnaire be used in the trial court setting.

# JUROR QUESTIONNAIRE
# FOR CIVIL CASES

## Introduction and Instructions

Thank you for coming to court as a potential juror. Before the case can start, a jury must be selected. The judge and the people involved in the case need to know something about you in order to select jurors who can be fair to both sides.

Everyone has attitudes and opinions that are shaped by their life experiences. Sometimes these experiences can make it difficult to look at a certain issue in an unbiased and unemotional way. As a juror, you must return a verdict based on the law and on the facts proved in court, not on emotion or on other views not supported by the evidence. The judge will give you instructions on the law and on how you should go about deciding the case. You must listen to and follow the judge's instructions.

The questions on this form are designed to help the court and the lawyers learn something about your background and your views on issues that may be related to this case. The questions are asked not to invade your privacy, but to make sure that you can be a fair and impartial juror. If there is any reason why you might not be able to give both sides a fair trial in this case, it is important that you say so.

The judge has decided to use this form to save time and to give you a chance to tell the court and the lawyers about yourself.

In portions of this form, you will see the term "significant personal relationship." That term means a former spouse, domestic partner, life partner, or anyone with whom you have an influential or intimate relationship that you would characterize as important.

If there is anything you do not want to talk about in open court, please circle the question number. After you have finished the questionnaire, let the clerk know that you have circled one or more question numbers.

Do not write on the back of any page. Use an additional sheet of paper.

If you are called to the jury box, your answers to this questionnaire become a matter of public record, just as if you had answered the questions aloud in the courtroom.

If you have trouble reading, understanding, or filling out this form, please let the court clerk know.

PLEASE REMEMBER THAT YOU ARE ANSWERING THESE QUESTIONS UNDER PENALTY OF PERJURY. YOUR ANSWERS MUST BE TRUE AND COMPLETE. THANK YOU FOR YOUR HELP IN SELECTING A FAIR JURY.

# JUROR QUESTIONNAIRE
# FOR CIVIL CASES

## General Questions

### PLEASE PRINT ALL ANSWERS LEGIBLY

**FULL NAME:** _____

1.1 DATE AND PLACE OF BIRTH: _____

1.2 AREA, NEIGHBORHOOD, OR COMMUNITY IN THIS COUNTY WHERE YOU CURRENTLY LIVE
(DO NOT GIVE YOUR ADDRESS):
_____

☐ HOUSE  ☐ APARTMENT  ☐ OWN  ☐ RENT

1.3 AREA, NEIGHBORHOOD, OR COMMUNITY WHERE YOU HAVE LIVED IN THE PAST 10 YEARS (AND DATES):
_____
_____
_____

1.4 WHAT IS THE HIGHEST LEVEL OF EDUCATION YOU COMPLETED?

☐ GRADE SCHOOL OR LESS

☐ SOME HIGH SCHOOL
☐ HIGH SCHOOL GRADUATE

☐ OTHER *(PLEASE EXPLAIN):*
_____
_____

☐ SOME COLLEGE
(MAJOR): _____

☐ COLLEGE GRADUATE
(MAJOR): _____

☐ POSTGRADUATE STUDY
(MAJOR): _____

☐ TECHNICAL, VOCATIONAL, OR BUSINESS SCHOOL
(MAJOR): _____

1.5 IF YOU PLAN TO ATTEND OR ARE CURRENTLY ATTENDING SCHOOL, DESCRIBE:
_____
_____

1.6 IF YOU HAVE TAKEN ANY COURSES OR HAD ANY TRAINING IN MEDICINE OR OTHER HEALTH CARE FIELD,
DESCRIBE:
_____
_____

1.7   IF YOU HAVE TAKEN ANY COURSES OR HAD ANY TRAINING IN LAW OR A RELATED SUBJECT, DESCRIBE:

_____
_____
_____

1.8   EDUCATIONAL BACKGROUND OF ANY OTHER ADULT WHO LIVES IN YOUR HOME, INCLUDING ANY DEGREES OR
      CERTIFICATES EARNED:

_____
_____

1.9   YOUR PRESENT EMPLOYMENT STATUS *(CHECK ALL THAT APPLY)*:

[ ] EMPLOYED FULL-TIME          [ ] RETIRED          [ ] UNEMPLOYED, LOOKING FOR WORK
[ ] EMPLOYED PART-TIME          [ ] STUDENT          [ ] UNEMPLOYED, NOT LOOKING FOR WORK
[ ] HOMEMAKER

1.10  YOUR CURRENT OR MOST RECENT OCCUPATION:

_____

1.11  NAME OF YOUR CURRENT OR MOST RECENT EMPLOYER OR, IF A STUDENT, YOUR SCHOOL:

_____
_____

1.12  WHAT ARE YOUR SPECIFIC DUTIES AND RESPONSIBILITIES ON THE JOB?

_____

1.13  DOES YOUR JOB INVOLVE SUPERVISING OTHER PEOPLE?     [ ] YES     [ ] NO

      IF YES, APPROXIMATELY HOW MANY?     _____

1.14  ARE YOU INVOLVED IN THE HIRING OR FIRING OF OTHER EMPLOYEES?     [ ] YES     [ ] NO

1.15  ARE YOU INVOLVED IN EVALUATING THE JOB PERFORMANCE OF OTHER EMPLOYEES?     [ ] YES     [ ] NO

1.16  ALL OTHER EMPLOYMENT YOU HAVE HAD (AND FOR HOW LONG):

_____
_____
_____

1.17  ALL FULL-TIME EMPLOYMENT OF YOUR SPOUSE OR ANY PERSON WITH WHOM YOU HAVE A SIGNIFICANT
      PERSONAL RELATIONSHIP (AND FOR HOW LONG):

_____
_____
_____

1.18  WHAT ARE/WERE THE OCCUPATIONS OF YOUR PARENTS? (IF RETIRED, WHAT DID THEY DO BEFORE?)

      MOTHER:  _____
      FATHER:  _____

1.19 IF YOU HAVE CHILDREN, PLEASE LIST (INCLUDING ANY CHILDREN WHO DO NOT CURRENTLY LIVE WITH YOU):

| SEX | AGE | DOES CHILD LIVE WITH YOU? | EDUCATION | OCCUPATION |
|-----|-----|--------------------------|-----------|------------|
| | | | | |
| | | | | |
| | | | | |

1.20 IF YOU OR YOUR CURRENT SPOUSE OR PERSON WITH WHOM YOU HAVE A SIGNIFICANT PERSONAL RELATIONSHIP HAS EVER SERVED IN THE MILITARY, PLEASE LIST FOR EACH THE BRANCH OF SERVICE AND DATES OF SERVICE:

1.21 WHAT SOCIAL, CIVIC, PROFESSIONAL, TRADE, OR OTHER ORGANIZATIONS ARE YOU AFFILIATED WITH?

1.22 DESCRIBE ANY OFFICES YOU HAVE HELD IN ORGANIZATIONS LISTED ABOVE:

1.23 DO YOU KNOW ANYONE ON THIS JURY PANEL?

1.24 ON HOW MANY CASES HAVE YOU SERVED ON A JURY?

     WHERE DID YOU SERVE ON A JURY?

     WHAT KINDS OF CASES DID YOU HEAR WHILE SERVING ON A JURY?

     IN HOW MANY OF THOSE CASES DID THE JURY REACH A VERDICT?

     IN HOW MANY OF THOSE CASES DID YOU SERVE AS THE JURY FOREPERSON?

     WAS YOUR JURY SERVICE A POSITIVE OR NEGATIVE EXPERIENCE?

1.25 IF YOU HAVE EVER BEEN TO COURT FOR ANY OTHER REASON (EXCLUDING DIVORCE), EXPLAIN:

1.26   IF YOU PERSONALLY KNOW ANY JUDGES OR ATTORNEYS OR COURT PERSONNEL, WHAT ARE THEIR NAMES AND RELATIONSHIP TO YOU?

_____

_____

1.27   DESCRIBE ANY PROBLEMS (VISION, HEARING, OR OTHER MEDICAL PROBLEMS) THAT MAY AFFECT YOUR JURY SERVICE:

_____

_____

1.28   IF YOU OR ANYONE CLOSE TO YOU HAS EVER MADE ANY TYPE OF CLAIM FOR DAMAGES, EXPLAIN:

_____

_____

_____

_____

1.29   IF A CLAIM FOR MONEY DAMAGES HAS EVER BEEN MADE AGAINST YOU OR ANYONE CLOSE TO YOU, EXPLAIN THE CIRCUMSTANCES:

_____

_____

_____

1.30   IF YOU OR ANYONE CLOSE TO YOU HAS EVER SUED OR BEEN SUED IN ANY TYPE OF LAWSUIT, EXPLAIN:

_____

_____

_____

1.31   DO YOU FEEL THAT MONEY DAMAGES AWARDED IN LAWSUITS ARE *(CHECK ONE):*

☐ EXCESSIVE                 ☐ OCCASIONALLY TOO LOW
☐ OFTEN TOO LARGE           ☐ OFTEN TOO LOW
☐ ABOUT RIGHT               ☐ OTHER *(SPECIFY):* _____

1.32   IF YOU HAVE ANY ETHICAL, RELIGIOUS, POLITICAL, OR OTHER BELIEFS THAT MAY PREVENT YOU FROM SERVING AS A JUROR, EXPLAIN:

_____

_____

_____

1.33   IF THERE IS ANY MATTER NOT COVERED BY THIS QUESTIONNAIRE THAT COULD AFFECT YOUR ABILITY TO BE A FAIR AND IMPARTIAL JUROR, EXPLAIN:

_____

_____

_____

# JUROR QUESTIONNAIRE
# FOR CIVIL CASES

───────────■───────────

## Personal Injury Supplement

### FULL NAME: _____

**2.1** IF YOU OR ANYONE CLOSE TO YOU HAS EVER BEEN INVOLVED IN AN ACCIDENT IN WHICH SOMEONE WAS INJURED, EXPLAIN:

_____

_____

_____

**2.2** PLACE A CHECK MARK ON THE APPROPRIATE LINE(S) IF YOU OR ANYONE CLOSE TO YOU HAS EVER BEEN EMPLOYED IN ANY CAPACITY BY ANY OF THE FOLLOWING TYPES OF BUSINESSES:

| YOURSELF | OTHER PERSON | |
|---|---|---|
| _____ | _____ | ANY COURT IN THE STATE OF CALIFORNIA |
| _____ | _____ | ATTORNEY, LAW FIRM, OR LAW OFFICE |
| _____ | _____ | CLAIMS ADJUSTMENT, EVALUATION, REVIEW, SETTLEMENT, OR INVESTIGATION |
| _____ | _____ | ACCIDENT INVESTIGATION OR LAW ENFORCEMENT |
| _____ | _____ | DISABILITY, HEALTH, LIFE, CASUALTY, OR ACCIDENTAL INJURY BENEFITS OR PROGRAMS |
| _____ | _____ | ECONOMICS, ACTUARIAL, OR INVESTMENTS |
| _____ | _____ | HEALTH CARE DOCTOR, NURSING, HOSPITAL, DENTAL, PHYSICAL THERAPY, PHARMACY, OR ANY RELATED FIELD |

**2.3** IF YOU CHECKED ANY LINE IN THE PREVIOUS QUESTION (2.2), PLEASE STATE THE RELATIONSHIP OF THAT PERSON TO YOU, THE TYPE AND DETAILS OF THAT EMPLOYMENT, AND THE YEARS OF THAT EMPLOYMENT:

_____

_____

_____

**2.4** DO YOU HAVE ANY BELIEFS AGAINST AWARDING DAMAGES FOR PERSONAL INJURY, PAIN, OR SUFFERING?

☐ YES   ☐ NO

IF YES, EXPLAIN:

_____

_____

_____

**2.5** DO YOU OR ANY MEMBERS OF YOUR IMMEDIATE FAMILY OR HOUSEHOLD SEE A DOCTOR OR OTHER MEDICAL PRACTITIONER REGULARLY FOR ANY CONTINUING MEDICAL PROBLEM?   ☐ YES   ☐ NO

IF YES, EXPLAIN:

_____

_____

_____

# JUROR QUESTIONNAIRE
# FOR CIVIL CASES

## Verification

I, _____ , DECLARE UNDER PENALTY OF PERJURY

*(PRINT NAME)*

UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING RESPONSES I HAVE GIVEN ON THIS

JUROR QUESTIONNAIRE, AND ON ANY ATTACHED SHEETS, ARE TRUE AND CORRECT TO THE BEST OF MY

KNOWLEDGE AND BELIEF.

_____
(DATE)

▶ _____
(SIGNATURE)

Form Approved by the
Judicial Council of California
MC-001 [Effective January 1, 2004]
Optional Form