John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax:  (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
130 Petaluma Avenue, Suite 1A
Sebastopol, CA  95472
Tel: (707) 595-4414
Fax: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

Attorneys for Plaintiff, DANE ZEEN

Bonnie A. Hamilton, SBN 180502
**BLUESTONE ZUNINO & HAMILTON, LLP**
50 Old Courthouse Square, Suite 401
Santa Rosa, CA  95402-3729
Tel:  (707) 526-4250
Fax:  (707) 526-0347
E-mail: bonnie@bzhlegal.com

Attorneys for Defendant,
MICHAEL YODER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

DANE ZEEN

      Plaintiff,

v.

COUNTY OF SONOMA, STEVE FREITAS, MICHAEL YODER, CHARLES BLOUNT, and DOES 1-20, inclusive.

      Defendants.

Case No:  3:17-cv-02056-LB

**AMENDED JOINT JURY INSTRUCTIONS**

Date:      August 2, 2018
Time:      1:00 p.m.
Courtroom:  C, 15th Floor
Judge:    The Honorable Laurel Beeler

Trial:  August 20, 2018

# INDEX OF AMENDED JOINTLY-FILED JURY INSTRUCTIONS

| JI # | Description | Proposed by … | 9th Cir. No. or other source | Prior p. #/ Am'd p. # | Stip. or Disp'd |
|---|---|---|---|---|---|
| | Cover page | All parties | 1.0 | 1/1 | S |
| 1-26 | List of stipulated Ninth Circuit general instructions by # only | All parties | 1.1C-3.5 | 2/2 | S |
| 27 | PL Claims and Defenses | Plaintiff | 1.2 | n/a/3 | D |
| 27 | DEF Claims and Defenses | Defendant | 1.2 | 3/4 | D |
| 27 | MODEL Claims and Defenses | 9th Cir. | 1.2 | n/a/5 | 9th Cir. |
| 28 | 1983 Claim | All parties | 9.1 | 9/6 | S |
| 29 | 1983 Claim Against Defendant in Individual Capacity | All parties | 9.2 | 10/7 | S |
| 30 | PL Particular Rights – Fourth Amendment – Excessive Force | Plaintiff | 9.25 | 16/8 | D |
| 30 | DEF Particular Rights – Fourth Amendment – Excessive Force | Defendant | 9.22 | 12/9 | D |
| 30 | MODEL Fourth Amendment | 9th Cir. | 9.25 & 9.22 | n/a/10-11 | 9th Cir. |
| 31 | Defendants' Special Proposed Instruction #1 re force used | Defendant | *Graham v. Connor* | 13/12 | D |
| 31 | Plaintiff objects to special instructions beyond the Model Ninth Circuit's instructions | Plaintiff | 9.25 | n/a/13 | D |
| 32 | Defendants' Special Proposed Instruction #2 re force used | Defendant | Pen. Code §835 | 14/14 | D |
| 32 | Plaintiff objects to special instructions beyond the Model Ninth Circuit's instructions | Plaintiff | 9.25 | n/a /15 | D |
| 33 | Defendants' Special Proposed Instruction #3 re force used | Defendant | Pen. §835a | 15/16 | D |
| 33 | Plaintiff objects to special instructions beyond the Model Ninth Circuit's instructions | Plaintiff | 9.25 | n/a/17 | D |
| 34 | Causation | All parties | 9.8 | 11/18 | S |
| 35 | PL Damages – Proof | Plaintiff | 5.1 & 5.2 | 18/19 | D |
| 35 | DEF Damages – Proof | Defendant | 5.1 & 5.2 | 4/20 | D |
| 30 | MODEL Damages - Proof | 9th Cir. | 5.1 & 5.2 | n/a/21-22 | 9th Cir. |
| 36 | PL Damages – Punitive | Plaintiff | 5.5 | n/a//23 | D |
| 36 | DEF Damages – Punitive | Defendant | 5.5 | 6/24-25 | D |
| 30 | MODEL Damages - Punitive | 9th Cir. | 5.5 | n/a/26 | 9th Cir. |
| 37 | Damages – Mitigation | Defendant | 5.3 | 5/27 | D |
| 37 | Plaintiff objects for relevance | Plaintiff | | n/a/28 | D |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Dane Zeen, | ) | |
| | ) | No. 3:17 CV 02056 LB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Yoder, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**JURY INSTRUCTIONS**

DATED: _____

_____
UNITED STATES MAGISTRATE JUDGE

Citation: Model Ninth Circuit Jury Instruction No. 1.0

1

**STIPULATED INSTRUCTIONS 1-26**

1.  Model Ninth Circuit Jury Instruction No. 1.1C
2.  Model Ninth Circuit Jury Instruction No. 1.3
3.  Model Ninth Circuit Jury Instruction No. 1.6
4.  Model Ninth Circuit Jury Instruction No. 1.7
5.  Model Ninth Circuit Jury Instruction No. 1.8
6.  Model Ninth Circuit Jury Instruction No. 1.9
7.  Model Ninth Circuit Jury Instruction No. 1.10
8.  Model Ninth Circuit Jury Instruction No. 1.11
9.  Model Ninth Circuit Jury Instruction No. 1.12
10. Model Ninth Circuit Jury Instruction No. 1.13
11. Model Ninth Circuit Jury Instruction No. 1.14
12. Model Ninth Circuit Jury Instruction No. 1.18
13. Model Ninth Circuit Jury Instruction No. 1.19

14. Model Ninth Circuit Jury Instruction No. 2.2
15. Model Ninth Circuit Jury Instruction No. 2.3
16. Model Ninth Circuit Jury Instruction No. 2.5
17. Model Ninth Circuit Jury Instruction No. 2.8
18. Model Ninth Circuit Jury Instruction No. 2.10
19. Model Ninth Circuit Jury Instruction No. 2.11
20. Model Ninth Circuit Jury Instruction No. 2.12
21. Model Ninth Circuit Jury Instruction No. 2.13

22. Model Ninth Circuit Jury Instruction No. 3.1
23. Model Ninth Circuit Jury Instruction No. 3.2
24. Model Ninth Circuit Jury Instruction No. 3.3
25. Model Ninth Circuit Jury Instruction No. 3.4
26. Model Ninth Circuit Jury Instruction No. 3.5

## PLAINTIFF'S PROPOSED INSTRUCTION 27

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff **Dane Zeen** claims that he was subjected to unconstitutionally excessive force while be taken into custody **for a psychiatric evaluation by defendant Deputy Michael Yoder**, which caused him damages.  The plaintiff has the burden of proving these claims.

The defendant denies those claims.

Citation: Model Ninth Circuit Jury Instruction No. 1.2 [**modified**]

3

**DEEFENDANT'S PROPOSED INSTRUCTION 27**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff **Dane Zeen** claims that he was subjected to unconstitutionally excessive force **outside of that related to his lawful detention by defendant Deputy Michael Yoder**, which caused him damages.  The plaintiff has the burden of proving these claims.

The defendant denies those claims.

Citation: Model Ninth Circuit Jury Instruction No. 1.2 [**modified**]

4

## UNMODIFIED MODEL PROPOSED INSTRUCTION 27

1.2 DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Comment

This Instruction may be used as a preliminary instruction if the court decides to provide a written set of preliminary instructions at the beginning of the trial that the jurors are permitted to keep with them. In the final set of instructions, the court should substitute Instruction 1.3.

5

**STIPULATED INSTRUCTION 28**

The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Citation: Model Ninth Circuit Jury Instruction No. 9.1

**STIPULATED INSTRUCTION 29**

In order to prevail on his § 1983 claim against the defendant Deputy Michael Yoder, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of law; and

2.      the act[s] of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved each and all of the elements he is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Citation: Model Ninth Circuit Jury Instruction No. 9.2

## PLAINTIFF'S PROPOSED INSTRUCTION 30

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force **in taking into custody a person for psychiatric evaluation**. Therefore, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the **officer** used excessive force when **taking him into custody for psychiatric evaluation.**

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.   Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)      the nature of the crime or other circumstances known to the **officer** at the time force was applied;

(2)      whether the **plaintiff** posed an immediate threat to the safety of the officer or to others;

**(3)    whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;**

(4)      the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     the type and amount of force used;

**(6)     the availability of alternative methods to take the plaintiff into custody;**

**(7)      the number of lives at risk and the parties' relative culpability;** *i.e.*, **which party created the dangerous situation, and which party is more innocent;**

**(8)     whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given; and,**

**(9)      whether it should have been apparent to the officer that the person he used force against was emotionally disturbed.**

Citation: Ninth Circuit Manual of Model Jury Instruction No. 9.25 [**modified**]

8

## DEEFENDANT'S PROPOSED INSTRUCTION 30

In general, a seizure of a person is unreasonable under the Fourth Amendment if **a police officer uses excessive force in making a lawful detention and/or in defending himself or others.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of evidence that Deputy Michael Yoder used excessive force when he was lawfully detained on December 15, 2015.**

**Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.**

**In determining whether Deputy Michael Yoder used excessive force in this case, consider all of the circumstances known to Deputy Yoder on the scene, including:**

**1.  The severity of the circumstances to which the Deputy was responding;**

**2.  Whether the plaintiff posed an immediate threat to the safety of the Deputy or to others including himself;**

**3.  Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;**

**4.  The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;**

**5.  The type and amount of force used.**

Citation: Model Ninth Circuit Jury Instruction No. 9.22 [**modified**]

9

## UNMODIFIED MODEL PROPOSED INSTRUCTION 30
## Ninth Circuit Model Instructions No.s 9.22 and 9.25

### 9.22 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEARCH—EXCEPTION TO WARRANT REQUIREMENT—TERRY FRISK

In general, a search of a person is unreasonable under the Fourth Amendment if the search is not authorized by a search warrant. [A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing.] Under an exception to this rule, a warrantless search of a person for weapons is permissible when an officer reasonably believes that the person is armed and dangerous.

A search for weapons is permissible if, under all the circumstances known to the officer[s] at the time:

1. the officer[s] had a reasonable suspicion that the person was armed and presently dangerous to the officer[s] or to others; and

2. the scope of the search was strictly limited to that which is necessary for the discovery of weapons.

"Reasonable suspicion" is a particularized and objective basis for suspecting the plaintiff is armed. The officer[s] [is] [are] permitted to draw on [his] [her] [their] own experience and specialized training to make inferences from and deductions about the cumulative information available to [him] [her] [them].

### 9.25 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force [in making a lawful arrest] [and] [or] [in defending [himself] [herself] [others]] [and] [or] [in attempting to stop a fleeing or escaping suspect]. Therefore, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer[s] used excessive force when [insert factual basis of claim].

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(2) whether the [plaintiff] [decedent] posed an immediate threat to the safety of the officer[s] or to others;

[(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;]

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the type and amount of force used;

[(6) the availability of alternative methods [to take the plaintiff into custody] [to subdue the plaintiff;]]

[(7) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e.,which party created the dangerous situation, and which party is more innocent;]

[(8) whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;]

[(9) whether the officer[s] [was] [were] responding to a domestic violence disturbance;]

[(10) whether it should have been apparent to the officer[s] that the person [he] [she] [they] used force against was emotionally disturbed;]

[(11) whether a reasonable officer would have or should have accurately perceived a mistaken fact;]

[(12) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and]

[(13) insert other factors particular to the case.]

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

11

## DEFENDANT'S PROPOSED *SPECIAL* INSTRUCTION 31

Use of reasonable and legitimate force can result in an injury, even a serious injury or death. However, an officer is only liable if he or she uses excessive force.  If an officer uses reasonable force, the officer cannot be liable under any circumstance, even if a serious injury or death results.

Citation: *Graham v. Connor,* 490 U.S. 386, 394-396 (1989)

**PLAINTIFF'S RESPONSE AND OBJECTION TO**

**DEFENDANT'S PROPOSED *SPECIAL* INSTRUCTION 31**


No further instruction beyond the Model Ninth Circuit Jury Instructions on excessive force should be given.

## DEFENDANTS' PROPOSED *SPECIAL* INSTRUCTION NO 32

An arrest or detention is made by actual restraint of the person, or by submission to the custody of an officer.  The person arrested may be subjected to such restraint as is reasonable for her arrest and detention.

Citation: Cal. Penal Code §835

**PLAINTIFF'S RESPONSE AND OBJECTION TO**

**DEFENDANT'S PROPOSED *SPECIAL* INSTRUCTION 32**

No further instruction beyond the Model Ninth Circuit Jury Instructions on excessive force should be given.

## DEFENDANTS' PROPOSED *SPECIAL* INSTRUCTION NO 33

Any peace officer who makes or attempts to make a lawful detention need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being detained; nor shall such officer be deemed an aggressor or lose her right to self-defense by the use of reasonable force to effect the detention or to prevent escape or to overcome resistance.

Citation: Cal. Penal Code Section 835a (second paragraph only; first paragraph deals with arrest.)

**PLAINTIFF'S RESPONSE AND OBJECTION TO**

**DEFENDANT'S PROPOSED *SPECIAL* INSTRUCTION 33**

No further instruction beyond the Model Ninth Circuit Jury Instructions on excessive force should be given.

**STIPULATED INSTRUCTION 34**

In order to establish that the act of the defendant **Deputy Michael Yoder** deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the act was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.


Citation: Ninth Circuit Manual of Model Jury Instruction No. 9.8 [**modified**]

## PLAINTIFF'S PROPOSED INSTRUCTION 35

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

1.  **the nature and extent of the injuries;**
2.  **the disability and disfigurement experienced and with reasonable probability will be experienced in the future;**
3.  **the loss of enjoyment of life experienced and with reasonable probability will be experienced in the future;**
4.  **the mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future; and,**
5.  **the reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future.**

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Citation: Ninth Circuit Manual of Model Jury Instruction No.s 5.1 and 5.2 [**modified**]

## DEFENDANT'S PROPOSED INSTRUCTION 35

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

**The nature and extent of the injuries;**

**The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;**

**The [mental,] [physical,] [emotional] pain and suffering experienced [and which with reasonable probability will be experienced in the future].**

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Citation: Ninth Circuit Manual of Model Jury Instruction No.s 5.1 and 5.2 [**modified**]

**UNMODIFIED MODEL PROPOSED INSTRUCTION 30**
**Ninth Circuit Model Instructions No.s 5.1 and 5.2**

## 5.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [specify type of claim] claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## 5.2 MEASURES OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and that with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and that with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost up to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] that with reasonable probability will be lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] required up to the present time;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] that with reasonable probability will be required in the future;]

[The reasonable value of necessary repairs to any property that was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]

[The lesser of the following:

1. the reasonable cost of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

2. the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

## PLAINTIFF'S PROPOSED INSTRUCTION 36

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a **preponderance of the evidence** that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, **including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case**.

Citation: Ninth Circuit Manual of Model Jury Instruction No. 5.5 [**modified**]. As set forth in the comment section, "… punitive damages claims arising under **state law** are subject to **state law** standards for recovery which should be reflected in a modified jury instruction. *See, e.g., Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1056 (9th Cir. 1997) (emphasis added).

Whether punitive damages need to be proved by a preponderance of the evidence or clear and convincing evidence also depends on the standards applicable to the underlying claim for relief. For example, several states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim. On the other hand, a preponderance of the evidence standard has been upheld for punitive damages in certain federal claims. See, e.g., *In re Exxon Valdez*, 270 F.3d 1215, 1232 (9th Cir. 2001) (holding that preponderance standard applied to punitive damages claim in maritime case, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991)).

Comments to No. 5.5. Here, liability arises out of **federal law**. That standard is set forth clearly by the Ninth Circuit: "The plaintiff has the burden of proving damages by a **preponderance of the evidence**." Model Ninth Cir. Jury Instruction No. 5.1 (emphasis added).

**DEFENDANT'S PROPOSED INSTRUCTION 36**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by **clear and convincing** evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the federally protected rights of the plaintiff. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, [including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

Citation: Ninth Circuit Manual of Model Jury Instruction No. 5.5 [**modified**].

As set forth in the comment section, "whether and under what criterion punitive damages are available depends upon the substantive standards applicable to the underlying claim for relief, and, therefore, *the third paragraph of this instruction should be modified accordingly*." Smith v. Wade (1983) 461 U.S. 30 suggests that the defendant's knowledge that he/she is violating the federal law– not simply disregard of "plaintiff's rights" devoid of their connection to the Fourth Amendment– be considered. The comment continues, "As to § 1983 claims, "[i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the *constitutional rights* of others.'" *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993). ... Whether punitive damages need to be proved by a preponderance of the evidence or clear and convincing evidence also depends on the standards applicable to the underlying claim for relief. For example, several states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim. On the other hand, a preponderance of

24

the evidence standard has been upheld for punitive damages in *certain* federal claims. See, e.g., In re *Exxon Valdez*, 270 F.3d 1215, 1232 (9th Cir. 2001) (holding that preponderance standard applied to punitive damages claim in maritime case, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991))."

Plaintiff has provided no authority that a Section 1983 case is one in which the preponderance standard applies, and defendant has not found one. Defendant believes the appropriate standard is the clear and convincing standard.

**UNMODIFIED MODEL PROPOSED INSTRUCTION 30**
**Ninth Circuit Model Instructions No. 5.5**

## 5.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

[Punitive damages may not be awarded against [specify defendant.] [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

26

## DEFENDANT'S PROPOSED INSTRUCTION 37

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.


Citation: Ninth Circuit Manual of Model Jury Instruction No. 5.3

**PLAINTIFF'S RESPONSE AND OBJECTION TO**

**DEFENDANT'S PROPOSED INSTRUCTION 37**

Plaintiff objects to this instruction unless evidence is admitted at trial to support this instruction.  Plaintiff is unaware of any such evidence.