UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DANE ZEEN, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SONOMA, et al., <br><br> Defendants. | Case No. 17-cv-02056-LB <br><br> **ORDER (1) DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND (2) GRANTING PLAINTIFF'S MOTION FOR DENIAL OF TAXATION OF COSTS** <br><br> Re: ECF Nos. 107, 108 |

**INTRODUCTION**

Plaintiff Dane Zeen filed this action against the County of Sonoma, Sonoma County Sheriff Steve Freitas, and Sheriff Deputies Michael Yoder and Charles Blount, alleging that Deputies Yoder and Blount used excessive force against him in violation of the Fourth Amendment. Before trial, the court granted summary judgment in favor of the County, Sheriff Freitas, and Deputy Blount, but denied summary judgment as to Deputy Yoder. The court held a four-day jury trial on Mr. Zeen's excessive-force claim against Deputy Yoder. The jury returned a verdict in favor of Deputy Yoder, finding that he did not use excessive force against Mr. Zeen in violation of the Fourth Amendment. Mr. Zeen now moves for (1) a new trial, pursuant to Federal Rule of Civil Procedure 59, and (2) a denial of taxation of costs, pursuant to Federal Rule of Civil Procedure 54. The court can decide the motions without a hearing. N.D. Cal. Civ. L.R. 7-1(b). For the following

reasons, the court (1) denies Mr. Zeen's motion for a new trial and (2) grants his motion for denial of taxation of costs.

**STATEMENT**

In the early hours of December 15, 2015, Sonoma County Sheriff Deputies Michael Yoder and Charles Blount arrived at the home of Dane Zeen. Earlier that night, Mr. Zeen — an eighteen-year-old who had suffered for many years from depressive disorder — had texted a friend that he was thinking of hanging himself. The friend called 911, and the Sonoma County Sheriff's Office dispatched Deputies Yoder and Blount to Mr. Zeen's home to conduct a welfare check.

Deputy Yoder arrived first and spoke with Mr. Zeen's stepfather, Tim LaRose, who told him that Mr. Zeen was out in his truck. Deputy Yoder went out to speak with Mr. Zeen, asked him to step out of the truck and handcuffed him for officer safety, spoke more with Mr. LaRose (after Deputy Blount arrived and stayed with Mr. Zeen), and determined that Mr. Zeen should be put on a 72-hour mental-health hold pursuant to California Welfare & Institutions Code § 5150. Mr. Zeen dug in his heels (literally) and refused to move and go with the deputies. Deputy Yoder held onto Mr. Zeen's arm and tried to get him to walk. Deputy Yoder and Mr. Zeen then fell to the ground. Mr. Zeen, whose hands were handcuffed behind his back, hit the ground face-first, bled heavily, and broke three teeth, which were jammed into their sockets under his nose.

Mr. Zeen brought claims under the Fourth Amendment and 42 U.S.C. § 1983 against the County of Sonoma, Sonoma County Sheriff Steve Freitas, and Deputies Yoder and Blount, alleging that Deputies Yoder and Blount used excessive force against him and that Sheriff Freitas and the County were subject to supervisory and municipal liability, respectively. The defendants denied liability. Among other things, the parties disputed whether Mr. Zeen was resisting and caused Deputy Yoder to fall, whether (conversely) Deputy Yoder pulled or threw Mr. Zeen to the ground, and whether the fall was an accident or not.

In May 2018, the court granted summary judgment in favor of the County, Sheriff Freitas, and Deputy Blount, but denied summary judgment as to Deputy Yoder. *Zeen v. County of Sonoma*, No. 17-cv-02056-LB, 2018 WL 2445518 (N.D. Cal. May 31, 2018).[1] In August 2018, the court held a four-day jury trial on Mr. Zeen's claim against Deputy Yoder. At the conclusion of the trial, the jury returned a verdict in favor of Deputy Yoder, finding that he did not use excessive force against Mr. Zeen in violation of the Fourth Amendment.[2]

## ANALYSIS

### 1. Motion for New Trial

#### 1.1 Governing Law

A district court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a).

Grounds for granting a new trial "include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Dunan*, 311 U.S. 243, 251 (1940)). "'[T]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.'" *Id.* (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)). That said, "the district court, in considering a Rule 59 motion for new trial, is not required to view the trial evidence in the light most favorable to the verdict. Instead, the district court can weigh the evidence and assess the credibility of the witnesses. . . . Ultimately, the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." *Experience Hendrix L.L.C. v. Hendrixlicensing.com*, 762 F.3d 829, 842 (9th Cir. 2014) (citing *Kode v.*

---

[1] Order – ECF No. 68. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Verdict Form – ECF No. 103.

ORDER – No. 17-cv-02056-LB  3

*Carlson*, 596 F.3d 608, 612 (9th Cir. 2010); *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).

**1.2 Application**

Mr. Zeen makes three arguments in support of his motion for a new trial. The court addresses each of them in turn.

First, Mr. Zeen argues that Deputy Yoder testified that the Sheriff's Office conducted an administrative review of the incident and found that Deputy Yoder's conduct was within policy, and that this testimony was prejudicial. The court notes as a preliminary matter that Mr. Zeen did not provide any citations to the trial transcript of Deputy Yoder's testimony. This alone might justify denial of his motion. The court will nonetheless address his motion on the merits. *Cf. Nava v. Seadler*, No. C 08-3066 PSG, 2011 WL 6936341, at *2 n.13 (N.D. Cal. Dec. 30, 2011) ("[Plaintiff] did not provide any citations to the trial transcript in support of her assertions regarding the defense's evidence. Although this failure alone perhaps justifies dismissal of the pending motion, the court will proceed to consider its merits.") (citations omitted). While Deputy Yoder's testimony about the administrative review did at times veer close to the line, as the court previously ruled, when the testimony placed in full context, it "was relatively modest, had no grounding in any actual decisions made by supervisors, and (in the court's view) [wa]s not contextually problematic, given testimony by law-enforcement percipient witnesses."[3] Mr. Zeen argues that he moved to amend his pleadings to include a *Monell* ratification claim against the County. That Mr. Zeen did not have a live *Monell* claim against the County does not warrant granting a new trial as to his claim against Deputy Yoder.[4] Mr. Zeen cites no authorities to support his argument that the would-be presence a *Monell* claim against the County (or Deputy Yoder's testimony about this administrative review generally) requires the jury or the court to draw inferences in his favor or warrants granting him a new trial.

---

[3] Order – ECF No. 99.

[4] The court granted summary judgment in favor of the County on Mr. Zeen's *Monell* claim. If Mr. Zeen wants to pursue that claim, he can appeal the court's summary-judgment decision in favor of the County, but that is a separate issue from his trial against Deputy Yoder.

ORDER – No. 17-cv-02056-LB 4

Second, Mr. Zeen argues that defense counsel improperly suggested and implied during her closing argument that Deputy Yoder would be responsible for any damages award against him. Again, Mr. Zeen does not provide citations to the trial transcript to show how defense counsel's closing argument was prejudicial. Mr. Zeen argues that the jury should have been instructed that the County had an obligation to indemnify Deputy Yoder and pay any damages award against him. The Ninth Circuit has rejected that proposition, holding that a district court errs if it instructs the jury that a municipality will indemnify an individual defendant for a compensatory or punitive damages award. *Larez v. Holcomb*, 16 F.3d 1513, 1520 (9th Cir. 1994).

Third, Mr. Zeen argues that one juror sent an unsolicited message to his counsel after the trial was over to say, "If I had known" "that had we found in favor of Mr. Zeen, the County would have paid Officer Yoder's fees," "I might well have decided differently, no matter what the law said. I really wanted to be able to grant Mr. Zeen, at least, the cost of dental implants."[5] This statement does not warrant granting a new trial. There is no indication that the jury misunderstood the relevant law or misapplied it to the facts. The juror's comments are equally consistent (if not more consistent) with the jury's returning a verdict for Deputy Yoder based on a proper understanding of the law, which it applied in making a finding on the facts. *See generally Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6574785, at *11 (N.D. Cal. Dec. 17, 2012) ("'[T]he law presumes that jurors carefully follow the instructions given to them.'") (quoting *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1023 (9th Cir. 2000)). That this juror might sympathize with Mr. Zeen and have wanted to award him some damages "no matter what the law said" if she had known that the County, and not Deputy Yoder, would have paid a judgment, is the sort of consideration that the Ninth Circuit warned against in *Larez*, 16 F.3d at 1519, and does not provide a basis for granting a new trial.

The court has considered Mr. Zeen's arguments and its own weighing of the evidence. The verdict was not contrary to the clear weight of the evidence, was not based on false or perjurious

---

[5] Zeen Mot. for New Trial Ex. A – ECF No. 115 at 4.

evidence, and does not constitute a miscarriage of justice. The court thus denies Mr. Zeen's motion for a new trial.

**2. Motion for Denial of Taxation of Costs**

**2.1 Governing Law**

"Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

"On its face, 'the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs.'" *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (quoting *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)). "This discretion, however, is not without limits." *Id.* (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591). "A district court must 'specify reasons' for its refusal to award costs." *Id.* (some internal quotation marks omitted) (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591).[6] "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* at 1247–48 (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592–93). "This is not an exhaustive list of 'good reasons' for declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (some internal quotation marks omitted) (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591).

**2.2 Application**

The court finds that each of the factors listed above weigh in Mr. Zeen's favor, and hence it exercises its discretion to deny costs.

---

[6] A district court need not specify its reasons if it awards costs to the prevailing party; it only need specify its reasons if it denies an award of costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

ORDER – No. 17-cv-02056-LB  6

Substantial public importance: "'[A] case is considered to be of great importance when the claims involved are subject to closer scrutiny or special interest by the court, or the issues raised in the litigation have ramifications beyond the parties and concerns immediately involved in the litigation.'" *Hunter v. City and Cty. of San Francisco*, No. 11-cv-4911 JSC, 2013 WL 6088409, at *4 (N.D. Cal. Nov. 19, 2013) (quoting *Ayala v. Pac. Mar. Ass'n*, No. 08-0119, 2011 WL 6217298, at *3 (N.D. Cal. Dec. 14, 2011)). This case involved the police responding to a 911 call for a mental-health welfare check and questions about the amount of force that was and was not reasonable to use against an individual who was not a criminal suspect, who posed no danger to the police, and who the police knew had possible mental-health issues. While the jury ultimately sided with Deputy Yoder, the case raised important issues about police responses to calls for help in mental-health cases. This factor weighs in favor of denying costs. *Cf. Salinas-Ibarra v. Ellis*, No. 17-cv-01137-BLF, 2018 WL 3659300, at *2 (N.D. Cal. Aug. 2, 2018) (finding that "[a]lthough the jury ultimately sided with [the defendants], [the plaintiff]'s claims raised important issues about police conduct and excessive force while responding to a dangerous situation — namely, a 911-call from a suspect's home in the middle of the night," and that this weighed in favor of denying costs).

Closeness and difficulty of the issues: The issues in this case were close. What exactly happened on the night of December 15, 2015, was unclear and heavily disputed by the parties. The incident was caught on the officers' body cameras, but as the defendants' own forensic-imaging expert attested, the video evidence was inconclusive as to what caused Mr. Zeen and Deputy Yoder to fall.[7] The court denied summary judgment as to Deputy Yoder due to genuine disputes of material fact in the record. While the jury ultimately found in favor of Deputy Yoder, this does not mean that Mr. Zeen's claims lacked merit. This factor weighs in favor of denying costs. *Cf. Salinas-Ibarra*, 2018 WL 3659300, at *2; *Hunter*, 2013 WL 6088409, at *4.

---

[7] Schott Decl. – ECF No. 53 at 6 (¶ 7(B)).

Chilling effect: The defendants submitted a bill of costs for $7,560.71.[8] Courts in this district have held that the imposition of costs of such an amount may have a chilling effect on future civil-rights litigation. This factor weighs in favor of denying costs. *Cf. Salinas-Ibarra*, 2018 WL 3659300, at *2 (finding that costs of $3,215.04 could have a chilling effect on future civil-rights litigation); *Moujaes v. San Francisco City and Cty.*, No. 15-cv-03129-DMR, 2017 WL 1540732, at *3 (N.D. Cal. Apr. 28, 2017) (same re costs of $3,517.25).

The plaintiff's limited financial resources: Mr. Zeen works 40 hours a week for $12 an hour.[9] At that rate, his yearly salary is less than $25,000. He has no savings of any kind.[10] The defendants' bill of costs for $7,560.71 represents more than 30% of his yearly salary. This factor weighs in favor of denying costs. *Cf. Rivera v. NIBCO, Inc.*, 701 F. Supp. 2d 1135, 1145 (E.D. Cal. 2010) ("For a low wage-worker, the threat of a $3,600 cost bill, representing approximately 14% of the annual income of Plaintiffs, is a significant disincentive.").

The economic disparity between the parties: The defendants' costs were borne by the County. While the County is a public entity, it is in a vastly different financial situation than Mr. Zeen. This factor weighs in favor of denying costs. *Cf. Hunter*, 2013 WL 6088409, at *3 (finding that Sheriff's Department was in a "vastly different financial situation" than a low-income individual plaintiff, which "supports a denial of costs").

## CONCLUSION

The court (1) denies Mr. Zeen's motion for a new trial and (2) grants his motion for denial of taxation of costs.

**IT IS SO ORDERED.**

Dated: October 11, 2018

LAUREL BEELER
United States Magistrate Judge

---

[8] Defs. Bill of Costs – ECF No. 105.

[9] Zeen Decl. – ECF No. 107-1 at 2 (¶ 3).

[10] *Id.* (¶ 4).